ROME & ASSOCIATES, A.P.C.
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East
Suite 450
Los Angeles CA 90067
Telephone: (310) 282-0690
erome@romeandassociates.com

FENNEMORE CRAIG, P.C.
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: rharris@fclaw.com
Email: mvasta@fclaw.com

Attorneys for Defendants Namecheap, Inc. and WhoisGuard, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram LLC, a Delaware limited liability company; and Whatsapp Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Namecheap Inc., a Delaware corporation; and WhoisGuard Inc., a Republic of Panama corporation,<br><br>Defendants. | No. 2:20 cv 00470 PHX GMS<br><br>**DEFENDANT NAMECHEAP INC'S MOTION TO EXCEED PAGE LIMIT FOR MOTION TO DISMISS AND PROPOSED ORDER** |

Pursuant to the Court's March 23, 2020 Order (Doc.13), Defendants have until April 24, 2020 to respond to the Complaint in this action. Defendant Namecheap Inc (Namecheap) intends to file a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(B)(6). Counsel have drafted the Motion to Dismiss and have conferred with opposing counsel pursuant to LRCiv 12.1 (c). Namecheap respectfully requests the Court's permission to exceed the 17-page limitation applicable to the Memorandum of Points and Authorities supporting Motion to Dismiss under LRCiv 7.2(e)(1). Opposing counsel will oppose the Motion to Dismiss and opposes this Motion to exceed the 17 page limit.

Good cause exists to grant this Motion.  Namecheap's Motion to Dismiss (including supporting memorandum) is currently 26 pages, exclusive of the caption. Namecheap has made several efforts to streamline the arguments and reduced the draft from 32 pages to 26 pages.  Further reduction would adversely impact the clarity of the arguments presented. Consequently, Namecheap needs the 9 additional pages in order to adequately address the various complex factual issues (supported by over 200 pages of exhibits attached to the Complaint) and novel legal theories advanced by Plaintiffs Facebook, Inc., Instagram, LLC, and WhatsApp Inc. (collectively, "Plaintiffs") in their Complaint.

Specifically, the Complaint concerns seventeen (17) claims of complaints (all with their own history) involving forty-five (45) domain names claimed to be infringing Plaintiffs' marks. Plaintiffs reference a number of agreements and Internet Corporation for Assigned Names and Numbers ("ICANN") governance documents which are appended as exhibits to the Complaint.  With exhibits, the Complaint exceeds three hundred (300) pages.

Plaintiffs have brought claims against Namecheap (a domain name registrar) and WhoisGuard Inc. (a privacy service provider) rather than the actual individuals or companies who have registered the offending domains.  Plaintiffs' liability theories are predicated upon the perceived interplay between the various agreements appended to the Complaint as exhibits and certain provisions of the operative agreements imposed upon

registrars such as Namecheap by the Internet Corporation for Assigned Names and Numbers ("ICANN").

To properly advance their legal defenses, Namecheap necessarily has to unwind the factual picture presented by Plaintiffs in their Complaint and attached documents and meaningfully discuss what the contained attachments do and do not state and mean. Moreover, the Complaint seeks to impose liability upon service providers such as Namecheap rather than the actual alleged wrongdoers misusing the domains. Namecheap has to address the extensive statutory schemes that immunize them from claims such as these.

Further, Namecheap is compelled to address the legislative histories and stated policy underlying the statutes under which claims are brought, such as the Anticybersquatting Consumer Protection Act ("ACPA") and the Lanham Act as well as the case law, which restricts the application of these claims to service providers such as Namecheap. The complexity and corresponding length of the intended arguments is further compounded by the need to address other recently enacted legislation which makes the provision of the complained of privacy services mandatory, i.e. the General Data Protection Regulation ("GDPR").

Namecheap has already engaged in several efforts to streamline the Motion. Further excision would hamper Namecheap's ability to adequately present the applicable law and facts in a comprehensive and clear manner. The additional pages are necessary for the Motion to Dismiss to substantially aid the Court in understanding the record and evaluating the issues, which is critical at the pleading stage. For reference, the ruling on a motion to dismiss in a previous domain case that has some similarities to the instant dispute, *SolidHost v. Namecheap, Inc., et al.*, 652 F.Supp.2d 1092 (C.D. Cal 2009), resulted in a 28-page single space opinion by the Court. The issues before the Court on these Defendants' intended Motion to Dismiss are significantly more complex.

Defendants sought Plaintiffs' agreement to file the overlength brief. Plaintiffs objected on the grounds that Plaintiffs viewed their stated claims as very simple, not requiring the briefing Defendants intend to advance in opposition. Defendants respectfully submit that they should be allowed to present their defenses to the Court as they see them rather than as do Plaintiffs.

Namecheap, therefore, requests leave to exceed the page limitation for the Memorandum of Points and Authorities in Support of their Motion to Dismiss by 9 pages, for a total of 26 pages. A proposed form of Order is attached.

Dated: April 16, 2020            **FENNEMORE CRAIG P.C.**

By: */s/ Ray K. Harris*
Ray K. Harris
Mario C. Vasta
Attorneys for Defendants NAMECHEAP, INC.; and WHOISGUARD, INC.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System for filing and for service via transmittal of a Notice of Electronic Filing to counsel of record in this proceeding.

By: */s/ Lela Robertson*
Employee, Fennemore Craig, P.C.