David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC and
WhatsApp Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>Defendants. | Case No. CV-20-470-PHX-GMS<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT NAMECHEAP, INC'S MOTION TO EXCEED PAGE LIMIT FOR MOTION TO DISMISS AND PROPOSED ORDER** |

Plaintiffs Facebook, Inc., Instagram, LLC, and WhatsApp Inc. ("Plaintiffs") oppose Defendant Namecheap, Inc.'s Motion to Exceed Page Limit for Motion to Dismiss and Proposed Order ("Motion") (Doc. 21) and respectfully ask that it be denied.

Counsel for Namecheap, Inc. ("Namecheap") first suggested to Plaintiffs' counsel on March 16, 2020, that they may seek permission to exceed the page limit applicable to their motion to dismiss. However, they waited until April 16, 2020—after receiving a thirty-day extension to respond to the Complaint (Doc. 13) and too late to permit a full briefing schedule—to move the Court for permission. Nothing in Namecheap's Motion suggests good cause exists to exceed the Court's standard page limits.

Namecheap argues, in part, that it requires excess pages to explain the underlying law at issue, including the legislative history and stated policy objectives behind the Anticybersquatting Consumer Protection Act ("ACPA"), which grants certain immunities to domain name registrars for their actions as domain name registrars. But contrary to Namecheap's argument (Motion at 2–3), Plaintiffs are not seeking to impose liability on Namecheap under the ACPA for its actions as a domain name registrar. Rather, Plaintiffs have alleged that, Whoisguard, and Namecheap as its alter ego, registered (as the registrant), trafficked in (as the licensor), and/or used the domain names at issue in this case. (Complaint ¶ 14.) Moreover, under their own contracts, Whoisguard (and thus also Namecheap as its alter ego) have agreed to accept liability on behalf of their customers for failing to disclose their identities. (*See* Complaint ¶¶ 8–9, 15–18.) There is nothing particularly complex about Plaintiffs' causes of action that warrants excess briefing at the motion to dismiss stage.

"Judicial economy and concise argument are purposes of the page limit." *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012) (quoting *Aircraft Technical Publishers v. Avantext, Inc.*, 2009 WL 3833573, at *1 (N.D. Cal. Nov. 16, 2009)). Forcing parties to adhere to neutral page limits encourages concise, disciplined briefs that "explain clearly and succinctly what has happened, the precise legal issue, and just why [the parties] believe the law supports them." *Id.* at 767 (quoting *Electronic*

*Frontier Foundation v. C.I.A.*, 2012 WL 1123529, at *1 (N.D. Cal. April 3, 2012) (quoting *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir.1989))).

Here, Namecheap has not shown good cause for why the parties cannot adequately brief its motion to dismiss within this Court's standard page limits. *See generally Fressadi v. Glover*, No. CV-16-3260-PHX-DJH, 2019 WL 7562345, at *1 (D. Ariz. July 23, 2019) (striking and denying motion because it failed to comply with LRCiv 7.2(e)(1) page limit without good cause). The length of Plaintiffs' Complaint, which contains 20 pages of factual allegations and 7 pages of causes of action and requested relief, does not support Defendants' argument for exceeding the LRCiv 7.2(e)(1) page limit. Simply because the Central District of California issued a twenty-eight page opinion in another case involving Namecheap does not require the parties here to exceed this Court's standard page limit. *See Fressadi*, 2019 WL 7562345, at *2 (rejecting argument that plaintiff required thirty-six pages to object to thirty-six page court order).

Namecheap points to the Complaint's reference to seventeen notices to Whoisguard regarding forty-five infringing domain names. However, Namecheap does not suggest it will present a separate factual basis as to each and, presumably, it will advance the same legal arguments. *See id.* That Namecheap believes the "perceived interplay between the various agreements" creates undue factual complexity, requiring excess briefing to "meaningfully discuss what the contained attachments do and do not state and mean," (Motion at 2–3) does not suggest the parties should be permitted excess pages at the motion to dismiss stage. Nor should Namecheap be permitted excess pages based on the suggestion that it cannot adequately describe the terms of its own contracts within the Court's standard page limit. To the extent Namecheap argues this case involves "various complex factual issues" (Motion at 2), that merely suggests the issues in this case cannot be resolved by a motion to dismiss — not that additional pages beyond the standard page limit are required for briefing.

Accordingly, Plaintiffs respectfully ask that this Court deny Namecheap's Motion. In the alternative, if the Court permits Namecheap to exceed the LRCiv 7.2(e)(1) page

limitation, Plaintiffs request that their response in opposition be subject to the same page limit afforded Namecheap.

DATED: April 20, 2020             SNELL & WILMER L.L.P.


By: *s/Jacob C. Jones*
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

TUCKER ELLIS LLP
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

Attorneys for Plaintiffs,
FACEBOOK, INC., INSTAGRAM, LLC,
and WHATSAPP INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 20, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants of record.


By: *s/Jacob C. Jones*