Rome & Associates, A.P.C.
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:   310-282-0690
Facsimile:    310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road
Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
rharris@fclaw.com
mvasta@fclaw.com

Attorneys for Defendants
Namecheap, Inc. and WhoisGuard, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Namecheap, Inc., a Delaware corporation; and WhoisGuard, Inc., a Republic of Panama corporation,<br><br>Defendants. | CASE NO. 2:20-cv-00470-GMS<br><br>**DEFENDANT NAMECHEAP, INC'S REPLY IN SUPPORT OF MOTION TO EXCEED PAGE LIMIT FOR MOTION TO DISMISS** |

In their response to Defendant Namecheap, Inc.'s ("Namecheap") Motion to Exceed Page Limit for Motion to Dismiss, Plaintiffs Facebook, Inc. Instagram, LLC, and WhatsApp, Inc. (collectively, "Plaintiffs") argue that their theory of liability is very simple – that Namecheap, Inc. ("Namecheap") is Defendant WhoisGuard, Inc.'s ("WhoisGuard") (collectively, "Defendants") alter ego, and that Defendants agreed to accept liability under their agreements with their customers and in their agreement with ICANN. Plaintiffs assert they are not seeking to impose liability under the Anticybersquatting Consumer Protection Act (ACPA) on Defendant Namecheap "for its actions as a domain name registrar." Therefore, Plaintiffs contend the issues are not "particularly complex" and Defendants do not need the extra pages to brief their intended defenses.

Plaintiffs assert a claim against Namecheap under the ACPA. Namecheap has done nothing but act as a registrar, including offering "entirely legal" domain privacy services of WhoisGuard. Plaintiffs assert rights under agreements (attached to the Complaint) to which Plaintiffs are not even parties. Clearly the issues are more complex than Plaintiffs admit and that complexity is due to the causes of action Plaintiffs have asserted. Plaintiffs' characterization of the claims presented in the Complaint is incomplete and Defendants seek to obtain dismissal of the Complaint in its entirety.

This motion is supported by good cause. Defendants assert Plaintiffs' claims cannot survive as a matter of law. The purposes of "judicial economy" will be served by removing unmeritorious claims at the pleading stage.

Despite the claimed simplicity, the length and language of the Complaint itself indicates the complex nature of Plaintiffs' allegations. Defendants should be afforded an opportunity to set out the relevant legal landscape against which Plaintiffs' novel claims should be examined.

In fact, the claims are anything but simple. Defendants require the full length of the proposed 26-page brief to adequately unravel the convoluted leaps of logic and reasoning used by Plaintiffs in support of their theories of liability in order for Namecheap to demonstrate that no claim has been alleged against Namecheap as a matter of law. This

includes explaining the purpose behind the agreements relied upon by Plaintiffs, and quoting and citing to specific sections of the agreements in question that directly contradict Plaintiffs' allegations. There are no shortcuts which Defendants can employ at this juncture to fast-track these arguments. The challenge to Defendants includes the plain unavoidable complexity of detailing through caselaw and ICANN materials why the privacy services offered by WhoisGuard are not only legal but, also, legally mandated. To do so, *inter alia*, Defendants must also address the recent implementation of the General Data Protection Regulation ("GDPR"), its impact on companies such as Namecheap and WhoisGuard, and Defendants' affirmative obligations to protect the private information of their customers under the law. This discussion is not simple. It is, however, absolutely necessary to determine whether Plaintiffs have stated viable claims.

Plaintiffs claim delay on the part of Defendants in seeking additional pages. Rather than delay, Defendants spent their time drafting and refining the arguments in the motion to dismiss. Defendants understand the benefits of clarity and focus; consequently, a serious effort was made to shorten the brief once completed. Not until these efforts were completed did Defendants recognize that the proposed brief simply cannot be fit into the existing page limit. Defendants met and conferred and moved for relief shortly thereafter. There has been no delay.

Plaintiffs' reliance on *Fressadi v. Glover*, No. CV-16-3260-PHX-DJH, 2019 WL 7562345, at *1 (D. Ariz. July 23, 2019) and *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012) is misplaced. In those cases, the moving party filed overlength briefs without first seeking permission from the court. Further, in *Fressadi*, the moving party only challenged parts of the court's order (rather than the entirety of the order), and had raised the same issues before. Here, Namecheap is seeking permission from the Court to exceed the page limit before filing its Motion to Dismiss. In addition, unlike in *Fressadi*, Namecheap is challenging all of Plaintiffs' claims and is bringing its Motion to Dismiss for the first time. As such, *Fressadi* and *Snyder* are inapposite.

Plaintiffs seek (in the alternative) equivalent additional pages – clearly indicating this

1  is not as simple a matter as Plaintiffs suggest.  As already explained to Plaintiffs' counsel on
2  their meet and confer call, Namecheap has no objection to Plaintiffs' request for a
3  commensurate number of additional pages because the merits of the issue are important and
4  complex.

5  Plaintiffs are not prejudiced by the request to file a brief containing excess pages.  On
6  the other hand, the prejudice to Defendants is very concrete and real from the evident effort
7  on Plaintiffs' part to restrict Namecheap's ability to present its defenses.  Simply put, without
8  the opportunity to adequately address all the issues, which together expose the fallacy and
9  inadequacy of Plaintiffs' claims, Namecheap would be prejudiced.

10  Indeed, courts have granted motions to exceed the page limit in situations similar to
11  here.  *See Dennison v. Ryan*, No. CV 04-01330-PHX-SRB, 2016 WL 10821845, at *1 (D.
12  Ariz. Apr. 25, 2016) (granting a motion to exceed page limit by fifteen pages where the
13  requesting party claimed the extension was necessary "due to the number of issues that
14  needed to be addressed"); *Nevada Power Co. v. El Paso Corp.*, No. CVS030875RLHRJJ,
15  2005 WL 8165407, at *4 (D. Nev. Aug. 16, 2005) (granting a motion to exceed page limits
16  where "the issues presented in this litigation are complex and susceptible of lengthy
17  exposition" and where the court found that the "request is not for any improper purpose").
18  Defendants make this request for additional pages in good faith.

19  Namecheap requests that the Court find Namecheap has demonstrated good cause
20  and grant the Motion to Exceed the Page Limit for its Motion to Dismiss.

21  Dated:  April 21, 2020

**FENNEMORE CRAIG, P.C.**

By: *s/ Mario C. Vasta*
      Ray K. Harris
      Mario C. Vasta
      Attorneys for Defendants NAMECHEAP,
      INC.; and WHOISGUARD, INC.

15731560

4