# EXHIBIT A



EUROPEAN COMMISSION
DIRECTORATE-GENERAL FOR COMMUNICATIONS NETWORKS, CONTENT AND TECHNOLOGY

Future Networks
**Next-Generation Internet**

# Comments on the Temporary Specification for gTLD Registration Data Policy Recommendations

Herewith, the European Commission wishes to provide input to the ongoing public comment period of the Expedited Policy Development Process (EPDP) on the Temporary Specification for gTLD Registration Data Policy Recommendations for ICANN Board Consideration.

These comments support and complement recent comments from the ICANN Governmental Advisory Committee (GAC) on the work of the EPDP, and provide for some more specific views taking into account the role of the European Commission regarding the application of European Union legislation.

First of all, the European Commission welcomes the work of the EPDP and recognises that the Final Report is the product of very intense discussions that have taken place in the course of the last months, to which the European Commission has contributed by fielding one of the three GAC delegates to the process.

We appreciate this opportunity to provide constructive comments on a number of aspects and hope these observations, building on all the work that has been done so far by the EPDP, will help develop an appropriate gTLD Registration Data policy that also meets the requirements of GDPR.

### Data protection principles, definition of purposes and related data processing activities

The Report starts by recommending seven ICANN purposes for processing gTLD Registration data (Recommendation #1) and then it associates each of them with all processing activities carried out in the context of WHOIS (Recommendation #20). The European Commission recognises this as a long due and important step forward in the ongoing reform of the WHOIS system.

Having a clear definition of the purposes for the processing of the data in the WHOIS system is an essential pre-requisite for ensuring a GDPR-compliant system.

Commission européenne/Europese Commissie, 1049 Bruxelles/Brussel, BELGIQUE/BELGIË - Tel. +32 22991111
Office: BU31 05/075 -   Tel. direct line +32 229 99923

Georgios.TSELENTIS@ec.europa.eu

Indeed, among the core data protection principles that have been developed since the 1970's and are now widely shared across the world, there is the requirement to process personal data only for specific purposes; the requirement that data should be accurate and relevant for the purposes for which they are processed, that data should be kept for no longer than necessary for the purposes for which they are processed; as well as key principles like "data minimization", "security", "transparency" and "accountability".

These principles reflect sound data management (knowing which data you are processing, for which purposes, and under which safeguards).We therefore welcome the efforts of the EPDP to take on board data protection requirements for the WHOIS system and to integrate considerations provided by EU Data Protection Authorities (DPAs).

While many explanations can be extrapolated by a cross-reading of the detailed analysis provided in the Annexes to the report, the European Commission nevertheless believes that the overall model would benefit from making even more explicit the links between the purposes for processing personal data and the specific processing activity(ies) as well as the specific personal data items. As an example: to activate and allocate a domain name to a registrant (purpose), it is necessary to collect (processing activity) the registrant's contact details (personal data).

Registrants should be informed in a clear and easily understandable manner about these purposes and the related data processing when making, updating or extending registrations in line with the principle of transparency as elaborated in particular, in Article 13 of the GDPR.

### Purpose Two

With regard to the formulation of purpose two, the European Commission acknowledges ICANN's central role and responsibility for ensuring the security, stability and resilience of the Internet Domain Name System and that in doing so it acts in the public interest. We note however that the second part of the definition of Purpose two ("through enabling responses to lawful data disclosure requests…") seems to describe a "means" or a processing activity, rather than a purpose in itself. While it is clear that the EPDP tried to capture in this purpose definition the need for ICANN and contracted parties to serve public interest objectives that are met thanks to the disclosure of registration data to legitimate third parties, the European Commission finds it important to underline that it is nevertheless important to differentiate between the purpose and the related processing activity.

Accordingly, the European Commission considers that the purposes for processing WHOIS personal data by ICANN and/or the contracted parties should not include enabling access by third parties. This is also at the core of the concerns expressed for some time by the DPAs and the European Data Protection Board (EDPB), which have clarified that the purposes of ICANN and contracted parties must not be conflated with the interests of third parties in accessing registration data.

Notwithstanding the above, the European Commission would like to acknowledge that maintaining such a distinction does not per se limit WHOIS data access by/disclosure to third parties, but merely differentiates between ICANN's own purposes (e.g. maintaining the security, stability and resilience of the Domain Name System) which are capable of justifying collection of the data in the first place, and subsequent processing (enabling access to and disclosing WHOIS data) for legitimate purposes pursued by third parties. This has also been recognised by the EDPB which has indeed already expressed the

expectation to see a model that will enable legitimate uses of WHOIS personal data by relevant stakeholders in compliance with the GDPR.

### Legitimate interest as a legal basis for disclosure of data to third parties

In the Report, Article 6(1) (f) of the GDPR is often invoked. The European Commission would like to recall that legitimate interest is one of the six possible legal bases provided under the GDPR[1]. It may for instance serve ICANN and the contracted parties' legitimate interest to disclose personal data to third parties, in certain cases and provided certain conditions are met. Specifically, the legitimate interest needs to outweigh the interest of the individual concerned. Given that there is an interference with the fundamental right to data protection of an individual, a balancing of interests is necessary to properly justify the reasons for such an interference.

The controller is responsible for carrying out the balancing test as part of its accountability under the GDPR. The balancing is thus a responsibility (not a prerogative) of the data controller.

We also note that in some circumstances, contracted parties might instead have to rely on Article (6)(1)(c), for instance if the disclosure is necessary for compliance with a legal obligation to which the contracted parties are subject (e.g. an order from law enforcement authorities in the same country as the contracted party).

Third parties seeking access also need a legal basis for processing the data. For instance, an IPR rightholder might have a legitimate interest to gain access to WHOIS personal data in order to ensure his/her IP right is protected and not abused. The existence of such a right needs to be substantiated and the necessity/proportionality of accessing that data ascertained. This IPR rightholder might rely on Art. 6(1) (f).

It is also worth recalling that under the GDPR legitimate interest cannot be used as a legal basis for data processing by public authorities (including law enforcement authorities) in the performance of their tasks. Accordingly, public authorities should instead have their own separate legal basis to allow them to process personal data. For public authorities, this legal basis is typically provided for in national law.

### Legal ground for International transfers

With regard to the various processing activities involved in the WHOIS system, the issue of whether they involve an international data transfer under the GDPR should be considered. When this occurs, then, in addition to a legal basis for the processing, it is also necessary to identify an appropriate legal ground for the international transfer.

This is a necessary requirement to ensure appropriate safeguards with respect to jurisdictions which do not ensure a level of protection which is "essentially equivalent" to that provided by the GDPR.

The Commission would like to recall that Chapter V of the GDPR provides for a number of different tools, which can be used as a ground for transfer in the WHOIS context.

---

[1] Together with consent (Art. 6(1)a); performance of a contract(Art. 6(1)b); compliance with a legal obligation(Art. 6(1)c); protection of vital interest (Art. 6(1)d); and public interest (Art. 6(1)e).

### Controllership

In addition to clearly identifying and describing the data processing activities involving WHOIS personal data in relation to specific purposes, it is also essential to have a proper understanding of the roles of the different stakeholders involved. In principle, as acknowledged by the EDPB, ICANN and the contracted parties are to be considered joint-controllers. This is in line with Recommendation #19 of the EPDP Report, suggesting the negotiation of a Joint Controllership Agreement between ICANN and the contracted parties.

A relationship of controller-processor seems instead to reflect the situation for data transmission for escrow purposes.

Controllers have a certain degree of flexibility in implementing the appropriate technical and organisational measures to ensure, and to be able to demonstrate, that processing is performed in accordance to applicable legislation.

### Next steps

The European Commission would like to suggest that the ICANN Board and other stakeholders take note of the above mentioned observations. It may be useful to consider seeking legal counsel in order to ensure these observations can be taken into account consistently, including for the further work to develop an appropriate and comprehensive gTLD Registration Data policy.

The European Commission would also like to reconfirm its support for the on-going dialogue between ICANN and the EU data protection authorities to ensure that data processing activities in the context of WHOIS are in line with the EU data protection rules. We also acknowledge the efforts made so far by ICANN and the stakeholder's community.

At the same time, we stress that the current situation is affecting EU Member State authorities' ability to obtain legitimate access to this data, necessary to enforce the law online, including in relation to the fight against cybercrime. Efforts at European Union level, and in the context of the GAC Public Safety Working Group (PSWG) have already provided for examples where the current arrangements provided for by contracted parties have affected law enforcement authorities' ability to investigate crimes. In addition, the lack of a stable, transparent and predictable system may also affect the rights of individuals.

Finding a timely and workable solution for access to non-public WHOIS data should thus be treated as a matter of priority, as also highlighted in the recent GAC Communique from Kobe.

Although the EPDP concluded its main work on phase one with the production of its Report, the Commission considers that the development of an appropriate gTLD Registration Data policy should involve more work on a number of fronts, which, in our view include:

a) The swift implementation of the recommendations included in the Report, and the new recommendations stemming from issues deferred from Phase One as they are developed and agreed.

b) Phase two of the EDPD should speedily proceed and focus on the necessary policies underpinning a comprehensive gTLD registration data system, also addressing access to non-public registration data in line with the GDPR.

c) Work on the technical model for access to non-public registration data should inform and complement the work of the EPDP and be able to incorporate the agreed policies. On this front, we encourage to further focus on the potentiality offered by privacy-friendly techniques like pseudonymisation.

For each of these work tracks, the Commission considers the definition of a clear path forward with defined milestones and timelines could be useful to better involve stakeholders and could contribute to a positive outcome.

Electronically signed on 17/04/2019 16:42 (UTC+02) in accordance with article 4.2 (Validity of electronic documents) of Commission Decision 2004/563