Jason M. Venditti (#022073)
**VENDITTI LAW GROUP, PLC**
20860 N. Tatum Blvd. Suite 300
Phoenix, Arizona 85050
Ph: (480) 771-3986
Fax: (480) 771-7101
Email: jason@vendittilaw.com

Attorneys for *Amicus Curiae* NOYB – European Center for Digital Rights

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp, Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>Defendants. | No. 2:20-cv-00470-GMS<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*** |

NOYB – European Center for Digital Rights ("NOYB") hereby moves this Court for leave to file a brief as *amicus curiae* in support of Defendants in the above captioned matter. A copy of NOYB's proposed brief has been lodged with the Court simultaneously herewith.

**I.   STANDARD OF REVIEW.**

The decision to grant, or deny, *amicus* briefing lies solely within a district court's

jurisdiction, *Center for Biological Diversity v. United States Bureau of Land Management*, No. 09-CV -8011-PCT-PGR, 2010 WL 145 2863, at *2 (D. Ariz. Apr. 12, 2010), but "[a]n *amicus* brief should normally be allowed when … the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy,* 54 F. Supp. 2d 974, 975 (E.D. Wash 1999). An *amicus curiae* "serves only for the benefit of the court, assisting the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison,* N.J., 940 F.2d 792, 808 (3d Cir. 1991); *see also Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986) (amici fulfill the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration") (citing *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir.1982)).

II. **IDENTITY AND INTEREST OF PROPOSED *AMICUS CURIAE*.**

NOYB is a non-profit association established under the laws of Austria with its registered offices at Goldschlagstraße 172/4/3/2, 1140 Vienna, Austria, and the association number ("*ZVR-Zahl"*) 1354838270. NOYB's aim is to promote public awareness in the areas

of freedom, democracy and consumer protection in the digital sphere with a focus on enforcing consumer rights, the fundamental rights to privacy and self-determination, data protection, freedom of expression, freedom of information, human rights and the fundamental right to an effective legal remedy. NOYB also aims to promote relevant adult education (popular education), research and science. NOYB pursues these purposes objectively, independently, and directly for the public benefit.  The primary method NOYB uses to pursue these purposes is through preparation and implementation of litigation (in particular, pursuant to Article 80 of the EU General Data Protection Regulation, Regulation (EU) 2016/697 (the "GDPR," attached as **Exhibit A** to the proposed brief), which grants NOYB the right to represent individuals before courts and supervisory authorities).

NOYB works towards a harmonized application, enforcement and interpretation of the GDPR by the various instances applying it (namely the data protection authorities and the courts in the EU).

The instant case rests, in part, on the question of whether the GDPR requires WhoisGuard to turn over its customer information to Plaintiffs upon demand, subject to the Plaintiffs' "legitimate interest" in such customer information. "Legitimate interest" is a legal term of art under the GDPR that triggers a strict balancing test.  It is one of the six exhaustive legal bases that may be relied upon for the processing of personal data. As such, its proper

understanding is central to the correct application of the GDPR to a wide range of processing activities.

In the proposed brief, NOYB seeks to aid this Court's consideration of the parties' submissions in two ways: first, by discussing the European understanding of "legitimate interest" under the GDPR and the application of the triggered balancing test; and, second, by discussing the wider implications of how the proposed brief could be relied upon by other U.S. courts seeking to understand this central element of the GDPR in other disputes.

Pursuant to Fed. R. App. P. 29(4), counsel hereby avers:

1. The proposed brief has not been authored in whole or in part by any party to the case or their counsel;

2. No party or party's counsel has contributed money to fund preparing or submitting the brief; and

3. No one other than NOYB, its members or its counsel, has provided the financial resources for the preparation and submission of the brief.

### III. CONCLUSION.

NOYB's interest in the matter follows from the non-profit's purpose of promoting and enforcing the rights to data protection, privacy, and an effective legal remedy. As such, it seeks to share its longstanding understanding of the GDPR with the Court, and respectfully requests that the Court accept its brief for filing and consideration.

RESPECTFULLY SUBMITTED this 11th day of September, 2020.

**VENDITTI LAW GROUP, PLC**

By:
    */s/ Jason M. Venditti*

Jason M. Venditti
20860 N. Tatum Blvd., Suite 300
Phoenix, Arizona 85050
Attorneys for *Amicus Curiae* NOYB

## CERTIFICATE OF SERVICE

I hereby certify that on September 11th, 2020, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

A courtesy copy of the Notice of Electronic Filing was also mailed on this same date to the following addresses:

David G. Barker
Jacob C. Jones
Snell & Wilmer, LLP
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004
Attorneys for Plaintiff
dbarker@swlaw.com
jcjones@swlaw.com

David J. Steele
Howard A. Krioll
Steven E. Lauridsen
Tucker Ellis, LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Attorneys for Plaintiff
David.steele@tuckerellis.com
Howard.kroll@tuckerellis.com
Steven.lauridsen@tuckerellis.com

Eugene Rome
Sridavi Ganesan
Brianna Dahlberg
Rome & Associates, A.P.C.
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Attorneys for Defendants
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

Ray K. Harris
Mario Vasta
Fennemore Craig, PC
2394 East Camelback Road, Suite 600
Phoenix, Arizona 85016
Attorneys for Defendants
rharris@fclaw.com
mvasta@fclaw.com

By:    */s/ Jason M. Venditti*
     Jason M. Venditti, Esq.