David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 383-6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellils.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC and
WhatsApp Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp, Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Namecheap, Inc., a Delaware corporation, and WhoisGuard, Inc., a Republic of Panama corporation,<br><br>Defendants. | Case No. CV-20-00470-PHX-GMS<br><br>**PLAINTIFFS' OPPOSITION TO NOYB – EUROPEAN CENTER FOR DIGITAL RIGHTS' – MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*** |

Only now, almost 5 months since Defendant Namecheap, Inc. ("Namecheap") filed its motion to dismiss, does NOYB—European Center for Digital Rights ("NOYB")—seek leave to file an *amicus curiae* brief to support Namecheap's motion to dismiss. Although NOYB acknowledges the authority of Fed. R. App. P. 29 and the need to comply with that

rule when resolving motions for leave to file an *amicus* brief, it fails to acknowledge or follow that rule's time limits. Pursuant to Fed. R. App. 29(a)(6), NOYB's motion for leave was due by *May 4*, making its request for leave filed on September 11 woefully untimely. With the motion to dismiss ripe for ruling by this Court, Plaintiffs Facebook, Inc., Instagram, LLC, and WhatsApp, Inc. respectfully request that this Court deny NOYB's motion for leave as untimely.

### I. NOYB's request for leave is untimely under Fed. R. App. P. 29(a)(6).

NOYB relies on incomplete or inapposite case law to support its position that a court's decision to allow "*amicus* briefing" is a matter "solely" within the court's discretion. Mot. for Leave, at 1-2. Courts in this district, acknowledging the absence of a rule or statute providing standards as to when a party should be granted leave to appear as *amicus curiae*, look to Rule 29 of the Federal Rules of Appellate Procedure. *Dible v. City of Chandler*, No. CV 03-00249-PHX-JAT, 2004 WL 73368, at *1 (D. Ariz. Dec. 23, 2004). Relevant here is subsection (a)(6):

> **Time for filing.** An amicus curiae *must* file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed. A court may grant leave for later filing, specifying the time within which an opposing party may answer.

Fed. R. App. P. 29(a)(6) (emphasis added).

NOYB does not cite this provision nor does it offer any justification for why its motion is untimely. While the rule provides some degree of discretion for determining when and how an *amicus curiae* may participate in a case, other aspects of the rule are mandatory. Because the time for filing an *amicus curiae* brief and motion includes the mandatory term "must," a district court is afforded no discretion except to grant an extension of time for seeking leave and for the opposing party to answer.

The cases relied upon by NOYB are therefore inapposite. None involves an untimely request to file an *amicus* brief to support a party that has already briefed an issue.

2

The movants requesting leave in *Center for Biological Diversity v. United States Bureau of Land Management*, for example, sought leave to participate as *amicus curiae* shortly after the complaint was filed in that case and before any briefing had taken place or deadlines imposed. It was in that prophylactic context that the movant sought to participate in the case—*anticipating* it would file some responsive legal briefs at some future point in time. No. 09-CV-8011-PCT-PGR, 2010 WL 1452863, at *1-2 (D.Ariz. Apr. 12, 2010). Timeliness was therefore not an issue because the request for leave was far in advance and anticipatory of future briefing, unlike NOYB's almost five-month delay here.

NOYB's reliance on *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792 (3d Cir. 1991), and *Funbus Systems, Inc. v. State or California Public Utilities Commission*, 801 F.2d 1120 (9th Cir. 1986), is likewise misplaced. These cases do not address timeliness and are not binding on this Court. The general discretionary nature of a district court's resolution of requests for *amicus* to participate in a case are well understood—but they must nonetheless be timely requested under Fed. R. App. P. 29 as followed in this district.

Under Fed. R. App. P. 29(a)(6), NOYB had seven days from the time Namecheap's principal brief was filed on April 27 to file its motion requesting leave—*i.e.*, no later than May 4. NOYB, however, did not file its motion for leave until September 11, 2020—well after the May 4 deadline and months after the parties' briefing had concluded.

Because Arizona district courts follow Fed. R. App. P. 29 when resolving motions for leave to file an *amicus* brief and that rule is written in mandatory terms for the time for filing—"[a]n amicus curiae *must* file its brief . . . no later than 7 days after the principal brief of the party being supported is filed"—NOYB's motion for leave is untimely and should be denied. Fed. R. App. P. 29(a)(6) (emphasis added); *see also Dible*, No. CV 03-00249-PHX-JAT, 2004 WL 73368, at *1.

### II.     Allowing NOYB to file an *amicus* brief would prejudice Plaintiffs.

Namecheap's motion to dismiss has been fully briefed since June 10, 2020. Indeed, Namecheap sought leave to exceed the page lengths of both its principal brief and reply brief (Doc. 21, 34), and the Court granted both (Doc. 26, 40). Plaintiffs in turn responded to Namecheap's overlength motion-to-dismiss briefing (Doc. 32). Namecheap's arguments have been thoroughly addressed by the parties and submitted.

NOYB seeks to file additional briefing and exhibits that total over 300 pages—all of which will take Plaintiffs additional time and resources to review, analyze, and respond after briefing has already concluded.[1] With Namecheap's motion to dismiss fully briefed since June 10, 2020 and ripe for ruling now, NOYB's untimely attempt to file an *amicus* brief at this late stage will cause undue prejudice to Plaintiffs. NOYB had ample time to submit its request for leave to file an *amicus* brief and should not be permitted to do so now almost five months later.

### III.    Alternatively, if leave is granted to NOYB, Plaintiffs seek an extension of time to file a response to NOYB's *amicus curiae* brief.

Rule 29's timing requirements make clear that a district court may specify "the time within which an opposing party may answer" an *amicus* brief. Fed. R. App. P. 29(a)(6). In the event the court grants NOYB's untimely request for leave, Plaintiffs respectfully request that they be granted at least 21 days after the Court enters any such order to respond to NOYB's *amicus* brief.

### IV.    Conclusion

NOYB's request for leave to file an *amicus* brief is untimely and should be denied. Courts in this district follow Fed. R. App. P. 29 when resolving requests for leave to file

---

[1] On September 10, 2020, the Court set oral argument on a limited issue related to personal jurisdiction over defendant WhoisGuard, Inc. as to the Amended Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 31). The hearing was held on September 18, 2020 and the matter has been submitted. The Court did not seek argument on the concurrently pending motion to dismiss related to NOYB's proposed *amicus* brief.

4

an *amicus* brief and that rule is clear that the request must be made within seven days of the filing of the principal brief being supported. Since Namecheap's motion to dismiss was filed on April 27, NOYB had to file its request no later than May 4. It did not. Instead, it waited until almost five months later and filed that request on September 11. The motion should be denied as untimely.

      Alternatively, if the Court decides nonetheless to grant leave, Plaintiffs request that they be permitted to file a response to NOYB's brief within 21 days of any order granting leave.

DATED: September 24, 2020                  SNELL & WILMER L.L.P.


                                                            By: *s/ David G. Barker*
                                                            David G. Barker
                                                            Jacob C. Jones
                                                            One Arizona Center
                                                            400 E. Van Buren, Suite 1900
                                                            Phoenix, Arizona 85004-2202

                                                           TUCKER ELLIS LLP
                                                           David J. Steele
                                                           Howard A. Kroll
                                                           Steven E. Lauridsen
                                                           515 South Flower Street
                                                           Forty-Second Floor
                                                           Los Angeles, CA 90071-2223

                                                           Attorneys for Plaintiffs,
                                                           FACEBOOK, INC., INSTAGRAM, LLC,
                                                           and WHATSAPP INC.

# CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants of record.

By: *s/David G. Barker*