**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:   310-282-0690
Facsimile:    310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road
Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
rharris@fennemorelaw.com
mvasta@fennemorelaw.com

Attorneys for Defendants
Namecheap, Inc. and WhoisGuard, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>Defendants. | CASE NO. 2:20-cv-00470-GMS<br><br>**DEFENDANT WHOISGUARD, INC.'S MOTION TO AMEND AND CERTIFY ORDER DENYING FED. R. CIV. P. 12(B)(2) MOTION FOR INTERLOCUTORY APPEAL**<br><br>(Oral Argument Requested) |

Pursuant to Fed. R. App. P. 5(a)(3) and U.S.C. § 1292(b), Defendant WhoisGuard, Inc. ("WhoisGuard") moves to amend and certify the Court's Order issued on November 10, 2020 denying WhoisGuard's Motion to Dismiss the Complaint filed by Plaintiffs Facebook Inc., Instagram LLC, and WhatsApp Inc. (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(2) ("Order") (Doc. 52). This motion is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On November 10, 2020, the Court issued its Order denying WhoisGuard's Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for lack of personal jurisdiction ("Motion") (Doc. 31). In denying WhoisGuard's Motion, the Court held that it may assert personal jurisdiction over WhoisGuard based on the Arizona forum selection clause in Namecheap, Inc.'s ("Namecheap") Registration Agreement ("Registration Agreement"), even though WhoisGuard is not a signatory to the Registration Agreement. The Court held that WhoisGuard is bound to the Registration Agreement's forum selection clause regardless of whether it is a signatory pursuant to *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) and *Holland America. Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) because the disputed conduct is "closely related" to the Registration Agreement. Order at 5.

This ruling is appropriate for interlocutory review pursuant to Rule 5(a)(3) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1292(b) because it concerns a "controlling question of law" for which an immediate appeal "may materially advance the ultimate determination of the litigation"—namely, whether a contractual forum selection clause permits a *plaintiff*, consistent with due process, to haul a non-signatory *defendant* into a particular court solely because its conduct is closely related to the contractual relationship at issue.

Furthermore, there is a "substantial ground for difference of opinion" as no appellate circuit has addressed this issue. While Ninth Circuit precedent in *Manetti-Farrow* and

1

*Holland America* provides that a non-signatory defendant can enforce a forum selection clause against a signatory plaintiff if the defendant's alleged conduct is "closely related to the contractual relationship" at issue in the context of motions to dismiss for improper venue, the lower courts within the Ninth Circuit are split as to whether the rule from *Manetti-Farrow* and *Holland America* can be extended to confer personal jurisdiction over a non-signatory defendant. A reversal of the Court's ruling on this issue will likely result in WhoisGuard's dismissal as a defendant.

Accordingly, WhoisGuard respectfully requests that this Court amend its Order to certify for interlocutory appeal to the Ninth Circuit the question of whether the Registration Agreement's forum selection clause confers personal jurisdiction over WhoisGuard.

## II. THE COURT'S ORDER OF NOVEMBER 10, 2020 SHOULD BE CERTIFIED FOR AN INTERLOCUTORY APPEAL

The Court's approval is necessary before WhoisGuard may appeal the Order because the Order is neither a "final decision" under 28 U.S.C. § 1291,[1] nor an order for which Congress has specifically authorized an interlocutory appeal, such as an order granting, denying, or modifying an injunction, under 28 U.S.C. § 1292(a). Under Rule 5(a)(3) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1292(b) ("Section 1292(b)"), a party may petition a district court to amend an order and certify such order for immediate appeal if three conditions are met: the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The

---

[1] "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (interpreting the predecessor to § 1291); *see also Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (applying *Catlin* in § 1291 case); *cf. Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ("We have long held that an order resolving liability without addressing a plaintiff's requests for relief is not final." (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976))).

decision to permit an interlocutory appeal under Section 1292(b) is within the district court's discretion. *See Swint v. Chambergs Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

For the reasons below, the Court's Order satisfies all three criteria set forth in Section 1292(b).

### A. The Court's Order Involves a Controlling Issue of Law

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. A question of law may be controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).

The "controlling question of law" factor is most easily satisfied by a "pure legal question" involving no factual issues. *Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1089 (E.D. Cal. 2008) ("[A] question of law under Section 1292(b) is a 'question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' that 'the court of appeals could decide quickly and cleanly without having to study the record'") (citation omitted); *Helman v. Alcoa Global Fasteners Inc.*, No. CV 09-1353 SVW (FFMx) 2009 WL 2058541, at *5 (C.D. Cal. June 16, 2009) (interlocutory appeal is "especially appropriate" for pure questions of law), *aff'd*, 637 F.3d 986 (9th Cir. 2011).

The question of the Court's assertion of personal jurisdiction over WhoisGuard based upon *Manetti-Farrow* and *Holland America* is a controlling issue of law. The basis for the Court's personal jurisdiction ruling is that WhoisGuard is subject to the Registration Agreement's forum selection clause regardless of whether it is a signatory because its disputed conduct is closely related to the contractual relationship at issue. Order at 4-5. This is a pure a question of law because there is a split in authority within district courts of this Circuit whether a forum selection clause may confer personal jurisdiction over a non-signatory defendant simply because its conduct is closely related to the contractual

relationship. *See*, *e.g.*, *FTC – Forward Threat Control, LLC v. Dominion Harbor Enters., LLC*, No. 5:19-cv-06590-EJD, 2020 WL 5545156, at *5 (N.D. Cal. Sep. 16, 2020) (rejecting argument that *Manetti-Farrow* extends personal jurisdiction over non-signatory defendants); *Wescott v. Reisner*, No. 17-cv-06271-EMC, 2018 WL 2463614, at *3 (N.D. Cal. Jun. 1, 2018) (same). There are no factual issues at play here, given that the Court expressly concluded that it was not necessary to resolve whether WhoisGuard consented to the Registration Agreement. *See* Order at 4. As such, the issue presented here is purely legal in nature.

Further, as discussed below, a ruling from the Ninth Circuit on the issue "could materially affect the outcome of the litigation" by resulting in the dismissal of WhoisGuard for lack of personal jurisdiction, leaving only Plaintiffs' claims against Namecheap to litigate. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026. Thus, the issue of law is a "controlling" one and the Order meets Section 1292(b)'s first criteria.

### B.  There Is Substantial Ground for Difference of Opinion

An interlocutory appeal under Section 1292(b) is also warranted because a "substantial ground for difference of opinion" exists with respect to the issue. A "substantial ground for difference of opinion" exists when a court's decision "involves an issue over which reasonable judges might differ and such uncertainty provides a credible basis for a difference of opinion." *Reese v. BP Exploration (Alaska), Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (internal quotations and citation omitted). "'[C]ourts traditionally will find that a substantial ground for difference of opinion exists where . . . novel and difficult questions of first impression are presented.'" *Id.* (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)); *see also Environmental World Watch, Inc. v. Walt Disney Co.*, Case No. CV 09-04045DMG (PLAx), 2014 WL 10979864, at *3 (C.D. Cal. Apr. 2, 2014) ("In general, a substantial ground for difference of opinion exists where (1) the circuits are in dispute on the question and the Ninth Circuit has not spoken on the point; (2) complicated questions arise under foreign law; or (3) the order at issue addresses novel and difficult questions of first impression.").

A substantial ground for difference of opinion exists here because the Court's Order addresses a difficult question on which district courts in the Ninth Circuit are split. Currently, neither the Ninth Circuit nor any other circuit has addressed whether personal jurisdiction may be exercised in such a fashion.

Pursuant to existing law, defendants may move to dismiss an action pursuant to a forum selection clause regardless of whether they are signatories to the agreement containing the clause if their alleged conduct is "closely related to the contractual relationship" at issue. *Manetti-Farrow*, 858 F.2d at 514, n.5 (affirming lower court's decision granting motion to dismiss for improper venue where non-signatory defendants sought to enforce forum selection clause requiring disputes to be adjudicated in foreign jurisdiction); *Holland Am. Line*, 485 F.3d at 456 (same); *AMA Multimedia, LLC v. Sagan Ltd.*, 807 F. App'x. 677, 679 (affirming that *Manetti-Farrow* inquiry applied to non-signatory defendant's forum non conveniens motion based on forum selection clause specifying foreign jurisdiction).

Significantly, each of these cases address motions to dismiss for improper venue or forum non conveniens based upon mandatory forum selection clauses specifying foreign forums, *not* the issue of whether a forum selection clause may confer personal jurisdiction over non-signatory that is not otherwise subject to jurisdiction in the forum at issue. Further, the forum selection clauses at issue in each of those cases were invoked by defendants seeking to have the cases dismissed and adjudicated in other forums. "*Manetti-Farrow* addresses where the forum selection clause required the plaintiff to bring her own claims, not whether the clause permitted the plaintiff consistent with due process to haul non-parties into a particular court." *Wescott*, 2018 WL 2463614 at *3; *see Pestmaster Franchise Network, Inc. v. Mata*, Case No. 16-cv-07268-EMC, 2017 WL 1956927, at *5 (N.D. Cal. May 11, 2017) ("Moreover, in both *Manetti-Farrow* and *Holland America*, nonsignatory *defendants* sought to enforce a forum selection clause against a signatory *plaintiff*.") (emphasis in original).

District courts in this Circuit have disagreed on whether *Manetti–Farrow* may be extended to personal jurisdiction analysis; that is to say, whether a forum selection clause

confers personal jurisdiction over a non-signatory defendant if the defendant's conduct is "closely related to the contractual relationship." *Compare FTC - Forward Threat Control*, 2020 WL 5545156, at *5 (finding *Manetti-Farrow* inapplicable to personal jurisdiction), *Wescott*, 2018 WL 2463614, at *3 (same), *Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*, Case No. 1:17-cv-00432-DCN, 2018 WL 1053529, at *7 (D. Idaho Feb. 26, 2018) (same), *and Pestmaster Franchise Network*, 2017 WL 1956927, at *5 (same), *with Mazal Grp., LLC v. Barak*, No. CV 18-4983-DMG (FFMx), 2019 WL 4316244, at *2 (C.D. Cal. June 17, 2019) (applying *Manetti-Farrow* to find personal jurisdiction over corporate executive who signed agreement containing forum selection clause on behalf of his company).

The distinction between applying the *Manetti-Farrow* rule to personal jurisdiction as opposed to other contexts is a significant one with respect to due process. A defendant may waive challenges to personal jurisdiction by entering into a contractual forum selection clause, and a court may enforce such a clause without offending due process so long as it was obtained through a "freely negotiated" agreement and is not "unreasonable and unjust." *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994). While a signatory to a contract consents to that contract's forum selection clause and therefore to personal jurisdiction of the forum set forth therein (*see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, n. 14 (1985)), a non-signatory defendant, like WhoisGuard here, has made no such consent. "The personal jurisdiction inquiry requires much more than the *Manetti-Farrow* inquiry for determining whether non-signatories should be bound by a forum-selection clause." *Green Tech. Lighting Corp.*, 2018 WL 1053529 at *7; *but see Mazal*, 2019 WL 4316244 at *2 (finding personal jurisdiction based on *Manetti-Farrow* without conducting further personal jurisdiction inquiry).

The district court opinions cited above not only show that there is the potential for reasonable judges to differ on this issue, but are evidence of an actual disagreement about whether, as a matter of law, the rule of *Manetti-Farrow* may be extended to personal jurisdiction. Accordingly, the Order meets Section 1292(b)'s second criteria.

### C. An Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

"Whether an appeal may materially advance the termination of the litigation is linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal by the Ninth Circuit on the management of the case." *In re California Title Ins. Antitrust Litig.*, No. 08-01341 JSW, 2010 WL 785798, at *2 (N.D. Cal. March 3, 2010) (internal quotation and citations omitted). When determining whether a case satisfies the first and third criteria of Section 1292(b), courts consider whether immediate appellate review could "avoid protracted and expensive litigation" and "materially affect the eventual outcome of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026–27; *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1025 (C.D. Cal. 2000).

Significantly, "the Ninth Circuit has not limited 1292(b) motions to actions where the question is dispositive of the entire action." *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1093. Thus, the controlling question of law "does not need to dispose of the litigation, only advance its ultimate termination." *Id.* at 1092; *see Reese*, 643 F.3d at 688 (certification permissible where reversal "may" take certain claims or parties out of case); *see also Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so.").

A determination by the Ninth Circuit that the Court may not exert personal jurisdiction over WhoisGuard pursuant to forum selection clause will likely result in the termination of the action with respect to WhoisGuard, as this was the only basis upon which the Court denied WhoisGuard's Motion. Thus, resolution of the issue could avoid "protracted and expensive litigation" involving a Panamanian company governed by Panamanian corporate law principles and determine the "eventual outcome of the litigation" for WhoisGuard, which is alleged to be the primary wrongdoer in this litigation.[2] *See In re Cement Antitrust Litig.*, 673 F.2d at 1026–27. While a reversal would not terminate

---

[2] Namecheap's liability is based upon allegations of *alter ego* rather than direct action.

Plaintiffs' claims against Namecheap, the interlocutory appeal does not need to dispose of the entire case to meet the third criteria. *See Reese*, 643 F.3d at 688.

Because a reversal of the Order may result in WhoisGuard's dismissal, the Order meets Section 1292(b)'s third criteria.

## III.     CONCLUSION

For the reasons stated herein, WhoisGuard respectfully requests that the Court amend its Order of November 10, 2020, to state that the Order involves a controlling question of law regarding the Court's personal jurisdiction as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

DATED:  December 4, 2020

**ROME & ASSOCIATES, A.P.C.**

By:   *s/ Eugene Rome*
        Eugene Rome
        Sridavi Ganesan
        Brianna Dahlberg

FENNEMORE CRAIG, P.C.

By:   *s/ Mario C. Vasta*
        Ray K. Harris
        Mario C. Vasta

Attorneys for Defendants
Namecheap, Inc. and Whoisguard, Inc.