**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>　　　　　　　　Defendants. | CASE NO. 2:20-cv-00470-GMS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT WHOISGUARD, INC.'S MOTION TO AMEND AND CERTIFY ORDER DENYING FED. R. CIV. P. 12(B)(2) MOTION FOR INTERLOCUTORY APPEAL** |

Before the Court is Defendant WhoisGuard, Inc.'s ("WhoisGuard") Motion to Amend and Certify Court's Order Denying Fed. R. Civ. P. 12(b)(2) Motion for Interlocutory Appeal ("Motion"). For the following reasons, the Court grants WhoisGuard's Motion and certifies its Order of November 10, 2020 (Doc. 52) for interlocutory review as to the following question: whether the Registration Agreement's forum selection clause confers personal jurisdiction over WhoisGuard regardless of whether it is a signatory to the Registration Agreement, because its disputed conduct is "closely related" to the Registration Agreement pursuant to *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) and *Holland America. Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 456 (9th Cir. 2007).

The statutory text of 28 U.S.C. § 1292(b) provides, *inter alia*:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Court finds that the statutory criteria are met here. The question of whether a forum selection clause may confer personal jurisdiction over a defendant based upon *Manetti-Farrow* and *Holland America* is a pure issue of law suitable for interlocutory review. *Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993); *Helman v. Alcoa Global Fasteners Inc.*, No. CV 09-1353 SVW (FFMx) 2009 WL 2058541, at *5 (C.D. Cal. June 16, 2009) (interlocutory appeal is "especially appropriate" for pure questions of law), *aff'd*, 637 F.3d 986 (9th Cir. 2011). The question of law is "controlling" because it "could materially affect the outcome of the litigation" by resulting in the dismissal of WhoisGuard for lack of personal jurisdiction, leaving only Plaintiffs' claims against Namecheap to litigate. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

The question is one on which a "substantial ground for difference of opinion exists." Neither the Ninth Circuit nor any other circuit has addressed whether personal jurisdiction may be exercised in such a fashion, and district courts within the Ninth Circuit have

1 disagreed on whether *Manetti-Farrow* may be extended to personal jurisdiction analysis. 2 *Compare FTC - Forward Threat Control*, 2020 WL 5545156, at *5 (finding *Manetti-Farrow* 3 inapplicable to personal jurisdiction), *Wescott*, 2018 WL 2463614, at *3 (same), *Green Tech.* 4 *Lighting Corp. v. Liberty Surplus Ins. Corp.*, Case No. 1:17-cv-00432-DCN, 2018 WL 5 1053529, at *7 (D. Idaho Feb. 26, 2018) (same), *and Pestmaster Franchise Network*, 2017 6 WL 1956927, at *5 (same), *with Mazal Grp., LLC v. Barak*, No. CV 18-4983-DMG (FFMx), 7 2019 WL 4316244, at *2 (C.D. Cal. June 17, 2019) (applying *Manetti-Farrow* to find 8 personal jurisdiction over corporate executive who signed agreement containing forum 9 selection clause on behalf of his company).

10 Resolution of the question of law "may materially advance the ultimate termination 11 of the litigation" because if WhoisGuard prevails on this issue, it will likely result in the 12 termination of the action with respect to WhoisGuard for lack of personal jurisdiction. Thus, 13 resolution of the issue could avoid "protracted and expensive litigation" involving a 14 Panamanian company governed by Panamanian corporate law principles and determine the 15 "eventual outcome of the litigation" for WhoisGuard, which is alleged to be the primary 16 wrongdoer in this litigation. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026.

17 For the foregoing reasons, the Court grants WhoisGuard's Motion and certifies its 18 Order of November 10, 2020 for interlocutory review.