David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC and
WhatsApp Inc.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Facebook, Inc.; Instagram, LLC; and WhatsApp Inc.,

Plaintiffs,

v.

Namecheap, Inc.; and Whoisguard, Inc.,

Defendants.

Whoisguard, Inc.,

Counterclaimant,

v.

Facebook, Inc.,

Counterclaim Defendant.

Case No. CV-20-470-PHX-GMS

**PLAINTIFFS' OPPOSITION TO DEFENDANT WHOISGUARD, INC.'S MOTION TO AMEND AND CERTIFY ORDER DENYING FED. R. CIV. P. 12(B)(2) MOTION FOR INTERLOCUTORY APPEAL**

(Oral Argument Requested)

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

## I. INTRODUCTION

Defendant Whoisguard, Inc.'s ("Whoisguard") motion under 28 U.S.C. § 1292(b) ("1292(b) Motion") should be denied. The party seeking interlocutory appeal "bears the burden of showing that exceptional circumstances exist sufficient to depart from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" *Olmos v. Ryan*, No. CV-10-2564-PHX-GMS, 2012 WL 3548068, at *2 (D. Ariz. Aug. 13, 2012) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). No exceptional circumstances exist here to warrant certification of the Court's November 10, 2020, Order ("Nov. 10, 2020 Order") finding personal jurisdiction over Whoisguard for interlocutory appellate review.

The Nov. 10, 2020 Order addressed only one of two alternative theories supporting one of three independent grounds for exercising personal jurisdiction over Whoisguard. (*See generally* Doc. 33, Pls.' 12(b)(2) Opp. (arguing that Whoisguard (1) consented to personal jurisdiction in Arizona, (2) is subject to specific jurisdiction because this lawsuit arises out of its Arizona-related conduct, and (3) is subject to general jurisdiction as an alter ego of Arizona-based Defendant Namecheap, Inc. ("Namecheap"))).[1] This Court's Nov. 10, 2020 Order thus presents no controlling question of law, making interlocutory appellate review inappropriate. *See Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 2:12-CV-01361-SLG, 2013 WL 12109890, at *3 & n.30 (D. Ariz. Dec. 12, 2013) (citing *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 864–67 (2d Cir. 1996)) (holding that where court found at motion to dismiss stage that both articulations of stream of commerce theory supported personal jurisdiction, no controlling question of law existed that created an "exceptional situation" warranting interlocutory review under § 1292(b)).

---

[1] Although the Court held the alter ego allegations were insufficient to state a claim against Namecheap (Nov. 10, 2020 Order 10–11), the Court granted leave to amend (*id.* 11–12), and Plaintiffs have now filed their First Amended Complaint (Doc. 56, "FAC"), including substantial, new alter ego allegations against Namecheap and Whoisguard (*e.g.*, *id.* at ¶¶ 182–242).

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Interlocutory review also is inappropriate because an immediate appeal would not materially advance the ultimate termination of this litigation. The Nov. 10, 2020 Order found personal jurisdiction over Whoisguard on narrow grounds to avoid delving into a central merits issue at the motion to dismiss stage. (*Id.* at 4 n.1.) What is more, Plaintiffs had asked for jurisdictional discovery if the Court found the current record insufficient to establish personal jurisdiction. As a result, and at best for Whoisguard, its appeal would result in a remand and potential discovery on its contacts with Arizona and relationship with Namecheap followed by more briefing on personal jurisdiction. *See Koehler*, 101 F.3d at 865–67 (citing *Coopers & Lybrand*) (declining to reach merits of order denying motion to dismiss for lack of personal jurisdiction and explaining that "[r]ather than advancing the cause of saving court time, this premature certification expanded it").

Any prospective (and unlikely) appellate victory by Whoisguard at this stage thus would not lead to prompt resolution of this Court's jurisdiction over Whoisguard or this case, but would only increase the time and resources spent by the parties and the Court on personal jurisdiction. The Court should deny Whoisguard's 1292(b) Motion.

## II. PROCEDURAL HISTORY

Plaintiffs Facebook, Inc., Instagram, LLC, and WhatsApp Inc. ("Plaintiffs") sued Namecheap and Whoisguard in March, asserting claims for cybersquatting, trademark infringement, false designation of origin, and dilution. (Doc. 1.) Whoisguard registered (as the registrant) and trafficked in (as the licensor) infringing domain names that its licensees use for malicious and infringing conduct. As a party to Namecheap's Registration Agreement that refused to disclose the identities of those licensees, Whoisguard is responsible for this conduct. *Id.* at ¶¶ 1–19, 51–56, 69–79, 86–90, 121–22, 131–32, 141–42, 151–52. Plaintiffs also alleged that Whoisguard is Namecheap's alter ego, making Namecheap responsible for Whoisguard's actions. *Id.* at ¶¶ 57–68.

Whoisguard moved to dismiss under Fed. R. Civ. P. 12(b)(2) & (6) and included self-serving and conclusory declarations to deny alter ego liability and Whoisguard's status as a party to the Registration Agreement, arguing that Plaintiffs could not establish personal

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

jurisdiction over it. (Docs. 28, 31, 36.)[2]

Plaintiffs opposed the motion, making three independent arguments on personal jurisdiction:

1. By registering the subject domain names, Whoisguard is a party to the Registration Agreement and thus consented to personal jurisdiction in Arizona under the forum selection clause in that agreement. (Pls.' 12(b)(2) Opp. at 4–8.)
2. This Court has general personal jurisdiction over Whoisguard as the alter ego of Arizona-based Namecheap. *Id.* at 8–13.
3. This Court has specific personal jurisdiction over Whoisguard because it purposefully engaged in Arizona-based transactions and provided services in connection with Arizona-based contracts that form the basis of this lawsuit. *Id.* at 13–17.

Plaintiffs also argued that, if the Court could not find personal jurisdiction on the current record, it should allow Plaintiffs to conduct jurisdictional discovery. *Id.* at 17.

The Court held oral argument on another way of establishing personal jurisdiction under the first of the three grounds mentioned above. Specifically, the Court asked the parties to address whether Whoisguard is bound by the forum selection clause under *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007), and *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988), even if it were not a party to the Registration Agreement. (Doc. 42.)

The Court subsequently denied Whoisguard's motion to dismiss for lack of personal jurisdiction. (Doc. 52.) The Court held that under *Holland* and *Manetti-Farrow*, Whoisguard is subject to the Registration Agreement's forum selection clause, thereby establishing personal jurisdiction over it. (*Id.* at 4–5.) Whoisguard's (disputed) conduct is

---

[2] Namecheap and Whoisguard both moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and Plaintiffs opposed dismissal. (Docs. 27, 30, 32, 39.)

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

"closely related" to the Registration Agreement because, when a Namecheap customer uses its proxy service, Whoisguard becomes the domain name registrant and falls "directly under the definition of 'you' and 'your' in the Registration Agreement." *Id.* at 5. As a result, Whoisguard is bound by the forum selection clause under *Holland* and *Manetti-Farrow*. *Id.*

Finding personal jurisdiction on this alternative ground allowed the Court to avoid resolving an issue central to the merits—namely, whether Whoisguard is a party to the Registration Agreement—at the jurisdictional stage. *Id.* at 4 n.1. The Court also did not address whether Whoisguard is subject to general or specific personal jurisdiction in Arizona. *Id.* at 4–5. Nor did it need to address Plaintiffs' alternative request for jurisdictional discovery. *Id.*

Whoisguard's 1292(b) Motion seeking certification of the Court's Nov. 10, 2020 Order for interlocutory appeal followed.

## III. ARGUMENT

The Court should deny the 1292(b) Motion. Congress enacted Section 1292(b) for "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, MDL No. 296, 673 F.2d 1020, 1026 (9th Cir. 1982); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (explaining proponent of § 1292(b) appeal "has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment"). Whoisguard cannot meet this burden; the denial of its motion to dismiss is neither exceptional nor otherwise appropriate for immediate appellate review.

Whoisguard argues that there is a "substantial ground for difference of opinion" on whether its close relationship to the Registration Agreement subjects it to personal jurisdiction under *Holland* and *Manetti-Farrow*. (1292(b) Mot. 1, 3.) But even if that were true, the Court should not certify its Nov. 10, 2020 Order for interlocutory appellate review because Whoisguard cannot satisfy the remaining Section 1292(b) prerequisites.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Whoisguard concedes those prerequisites require that there is a controlling question of law and a finding that an immediate appeal may materially advance the ultimate termination of this litigation. (*See* 1292(b) Mot. 2); 28 U.S.C. § 1292(b); *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011). The Court's denial of Whoisguard's motion to dismiss presents no controlling issue of law; it addressed only one of many grounds for exercising personal jurisdiction over Whoisguard. Nor would immediate review help resolve this case; at most, it would lead to a remand to address other grounds for jurisdiction and potential discovery.

**A. The Court's Nov. 10, 2020 Order involves no controlling question of law.**

The Court's Nov. 10, 2020 Order does not implicate a controlling question of law. A question of law is controlling if, and only if, its resolution "on appeal could materially affect the outcome of the litigation in the district court." *In re Cement*, 673 F.2d at 1026; *id.* at 1027 ("The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the 'controlling question of law' requirement be interpreted in such a way to implement this policy."). Whoisguard does not dispute this. (*See* 1292(b) Mot. 3.) Nor has it shown that appealing now could materially affect whether it is entitled to dismissal, let alone the litigation as a whole.

Whoisguard argues that this Court's application of *Holland* and *Manetti-Farrow* is a controlling question of law because "[t]here are no factual issues at play here, given that the Court expressly concluded that it was not necessary to resolve whether Whoisguard consented to the Registration Agreement." (1292(b) Mot. 4.) While Plaintiffs agree the Court found it unnecessary to resolve whether Whoisguard was a party to the Registration Agreement (*see* Nov. 10, 2020 Order at 4 n. 1), Whoisguard draws the wrong conclusion from the lack of a finding on this issue.

An alternative ground for reaching the same result means the path taken by the court does not involve a "controlling question of law" under Section 1292(b). *See, e.g., California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d

Cir. 2004) ("Because at least one alternative basis for . . . jurisdiction may exist . . . we are not convinced that the Bondholders have raised a 'controlling question' that should be reviewed on an interlocutory basis") (citing *Int'l Soc. for Krishna Consciousness, Inc. v. Air Canada*, 727 F.2d 253, 256 (2d Cir. 1984) (holding interlocutory appeal inappropriate where "there is a multiplicity of factual possibilities which generates a kaleidoscope of hypothetical legal issues")); *Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 2:12-CV-01361-SLG, 2013 WL 12109890, at *3 (D. Ariz. Dec. 12, 2013) ("This Court's jurisdictional determination at the motion to dismiss stage is not an 'exceptional situation' warranting interlocutory review of the stream of commerce doctrine under 28 U.S.C. § 1292(b).").

Here, at least three other grounds exist for exercising personal jurisdiction over Whoisguard. First, the Court could address the issue left open in its Nov. 10, 2020 Order by holding that Whoisguard is a party to the Registration Agreement and thus consented to personal jurisdiction here. (*See* Pls.' 12(b)(2) Opp. 4–8; Nov. 10, 2020 Order at 4–5 & n.1.) Indeed, the Court has already found that "Plaintiffs plausibly allege that Whoisguard is a party to the Registration Agreement." (Nov. 10, 2020 Order at 6.)

The Court could also find specific jurisdiction because Whoisguard is being sued for forum-related activities, including providing proxy services for infringing domain names registered under the Registration Agreement—conduct the Court has held is "closely related" to the Registration Agreement. (*See* Nov. 10, 2020 Order 5; Pls.' 12(b)(2) Opp. 13–15.) Finally, the FAC elaborates on the alter ego relationship of Namecheap and Whoisguard, making Whoisguard subject to general jurisdiction in Arizona as Namecheap's alter ego.[3]

With these other bases for personal jurisdiction, the sole issue resolved by this Court's Nov. 10, 2020 Order simply does not present a controlling question of law under

---

[3] As explained above at n.1, the recently-filed FAC contains substantial, new alter ego allegations. (*E.g.*, *id.* at ¶¶ 182–242.)



TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Section 1292(b). *See Isola*, 2013 WL 12109890, at *3 (holding no controlling question of law present when both articulations of legal standard supported personal jurisdiction); *see also WorldCom*, 368 F.3d at 95 (holding no controlling question of law present when at least one alternative basis for jurisdiction existed). A ruling from the Ninth Circuit on the scope of *Holland* and *Manetti-Farrow* would not "result in the dismissal of Whoisguard for lack of personal jurisdiction" (1292(b) Mot. 4), but rather—at most—lead to a remand for consideration of the alternative grounds for jurisdiction and potential jurisdictional discovery. Whoisguard's motion should be denied for this reason alone.

**B. An immediate appeal will not materially advance the ultimate termination of this litigation.**

It follows that Whoisguard also cannot establish the other statutory prerequisite for interlocutory appellate review—that an interlocutory appeal may materially advance the ultimate termination of this litigation.

Whether an interlocutory appeal may do so "is closely linked to the question of whether an issue of law is 'controlling,' because the district court should consider the effect of a reversal on the management of the case." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1071 (D. Ariz. 2015). Even Whoisguard concedes that an appeal "may" materially advance the ultimate termination of the litigation only if it "may" remove parties or claims from the case.[4] (*See* 1292(b) Mot. 7.) Because Whoisguard's contemplated interlocutory appeal would not result in removal of any claim or party, certification under Section 1292(b) is improper. *See Koehler*, 101 F.3d at 866–67 (dismissing interlocutory appeal as improvidently granted because personal jurisdiction question raised at initial stage of proceedings was decided on incomplete record from which court of appeals could not make definitive ruling).

---

[4] Whoisguard is wrong to suggest that an interlocutory appeal will materially advance the termination of the litigation as a whole because Whoisguard is the primary wrongdoer; the FAC contains significant new allegations on Namecheap's direct liability for registering, trafficking in, and using infringing domain names. (*See, e.g.*, FAC ¶¶ 97–118.)



TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Whoisguard's argument on this front suffers from the same flaw as its argument on whether the Nov. 10, 2020 Order presents a controlling question of law: it mistakes the Court's not addressing alternative grounds for exercising jurisdiction for a rejection of those grounds. (*See* 1292(b) Mot. 7 (assuming that a ruling in its favor on the scope of *Holland* and *Manetti-Farrow* "will likely result in the termination of the action with respect to Whoisguard, as this was the only basis upon which the Court denied Whoisguard's motion").) But a court order that fails to address alternative grounds for jurisdiction does not resolve them, meaning they would have to be resolved on remand if the order were reversed. *See WorldCom*, 368 F.3d at 95. And an appeal that addresses only one of many grounds for exercising jurisdiction cannot materially advance the ultimate termination of a litigation.

The Second Circuit's decision in *Koehler* illustrates this point. In *Koehler*, the district court certified for interlocutory review an order denying a motion to dismiss for lack of personal jurisdiction filed by a foreign corporation. The Second Circuit declined to reach the merits of the appeal, explaining that "[w]hat seemed at first like a good idea turns out . . . not to meet the criteria for certification because allowing the appeal will not materially advance the ultimate termination of the underlying litigation." 101 F.3d. at 863. The district court had found a *prima facie showing* of jurisdiction, *id.* at 865, meaning a remand for discovery would be needed if that finding were reversed. *Id.* at 866 ("If we reverse, Koehler insists we must remand to the district court to permit him discovery. When the question of discovery was raised in the trial court, the court declined to rule on it."). In sum, the Second Circuit observed, "either way we rule, a remand will be required." *Id.* As a result, interlocutory appellate review was improper. *Id.* at 867.

Here, as in *Koehler*, interlocutory review is improper because no matter how the Ninth Circuit rules on this Court's application of *Holland* and *Manetti-Farrow*, remand would be required. Again, Plaintiffs raise three other grounds for exercising personal jurisdiction over Whoisguard that the Court has yet to address. (*Compare* Nov. 10, 2020 Order 4–5, *with* Pls.' 12(b)(2) Opp. 4–17.) In addition, Plaintiffs requested jurisdictional

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

discovery in their 12(b)(2) Opposition, if the current record were insufficient to establish personal jurisdiction. (Pls.' 12(b)(2) Opp. 17.) Therefore, allowing an appeal from the Nov. 10, 2020 Order would not materially advance termination of the litigation. *Koehler*, 101 F.3d. at 866 ("[W]e are reluctant to rely on what may turn out to be an incomplete record to clarify legal doctrine for the district court's guidance.").

## IV. CONCLUSION

This Court's Nov. 10, 2020, Order presents no controlling question of law, and interlocutory appellate review of the only theory of personal jurisdiction addressed by the order would not materially advance the ultimate termination of this litigation. Accordingly, this Court should decline Whoisguard's invitation to certify the Nov. 10, 2020, Order for interlocutory appeal and deny the motion.

DATED: December 18, 2020

TUCKER ELLIS LLP
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

SNELL & WILMER L.L.P.

By: s/ David G. Barker
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Attorneys for Plaintiffs,
FACEBOOK, INC., INSTAGRAM, LLC,
and WHATSAPP INC.