**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:    310-282-0690
Facsimile:     310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road
Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
rharris@fennemorelaw.com
mvasta@fennemorelaw.com

Attorneys for Defendants
Namecheap, Inc. and WhoisGuard, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>Defendants. | CASE NO. 2:20-cv-00470-GMS<br><br>**DEFENDANT WHOISGUARD, INC.'S REPLY IN SUPPORT OF MOTION TO AMEND AND CERTIFY ORDER DENYING FED. R. CIV. P. 12(B)(2) MOTION FOR INTERLOCUTORY APPEAL**<br><br>(Oral Argument Requested) |

Defendant WhoisGuard, Inc. ("WhoisGuard") hereby submits its Reply in support of its Motion to Amend and Certify the Court's Order Denying Fed. R. Civ. P. 12(b)(2) Motion ("Order") (Doc. 52) for Interlocutory Appeal.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Facebook Inc., Instagram LLC, and WhatsApp Inc. (collectively, "Plaintiffs") have failed to rebut WhoisGuard's showing that the Court's Order declining to dismiss WhoisGuard for lack of personal jurisdiction is appropriate for interlocutory review. As demonstrated in WhoisGuard's motion, all three statutory requirements are met: the Order (1) "involves a controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) for which an immediate appeal "may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Plaintiffs effectively concede that the question at issue—namely, whether the rule from *Manetti-Farrow* and *Holland America* can be extended to confer personal jurisdiction over WhoisGuard—is one as to which substantial ground for difference of opinion exists.

As for the other two factors, Plaintiffs' arguments are unavailing. Plaintiffs argue that the existence of possible alternative grounds for personal jurisdiction mean that the question of law presented is not a "controlling" one, but in contrast to the District of Arizona case on which Plaintiffs rely, the Court did not issue any ruling that personal jurisdiction would be proper under any of those alternative arguments. Plaintiffs also argue that an immediate appeal would not "materially advance" the case because, at best, the Ninth Circuit would need to remand back to this Court for more briefing on Plaintiffs' alternative arguments or to conduct jurisdictional discovery, but this argument is also flawed. If the Ninth Circuit accepts the interlocutory appeal, it would review the Order de novo and could definitively resolve the issue of personal jurisdiction. There would be no need to remand the case back to this Court to address arguments by Plaintiffs that could have been, but were not, addressed in the Court's Order. The existing factual record is sufficient for the Ninth Circuit to make a ruling on whether personal jurisdiction is proper as a matter of law.

Accordingly, WhoisGuard respectfully requests that this Court amend its Order to certify for interlocutory appeal to the Ninth Circuit the question of whether the Registration Agreement's forum selection clause confers personal jurisdiction over WhoisGuard.

## II.  ARGUMENT

### A.  Plaintiffs Do Not Dispute, and Therefore Concede, That A Substantial Ground for Difference of Opinion Exists

Plaintiffs fail to address one of the three statutory requirements for certification: that the Order involves "substantial ground for difference of opinion." 28 U.S.C. § 1292(b) ("Section 1292(b)"). By failing to dispute WhoisGuard's arguments, Plaintiffs effectively concede that this requirement has been met—and, indeed, the Court's Order clearly meets this requirement. The Court's finding of personal jurisdiction over WhoisGuard based on *Manetti-Farrow* and *Holland America* creates a divergent application of the law. WhoisGuard respectfully submits that the Court's assertion of personal jurisdiction over it based on *Manetti-Farrow* and *Holland America* is in conflict with the decisions of other courts. *See FTC – Forward Threat Control, LLC v. Dominion Harbor Enters., LLC*, No. 5:19-cv-06590-EJD, 2020 WL 5545156, at *5 (N.D. Cal. Sep. 16, 2020) (finding *Manetti-Farrow* inapplicable to personal jurisdiction); *Wescott v. Reisner*, Case No. 17-cv-06271-EMC, 2018 WL 2463614, at *3 (N.D. Cal. June 1, 2018) (same); *Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*, Case No. 1:17-cv-00432-DCN, 2018 WL 1053529, at *7 (D. Idaho Feb. 26, 2018) (same); *Pestmaster Franchise Network v. Mata*, Case No. 16-cv-07268-EMC, 2017 WL 1956927, at *5 (N. D. Cal. May 11, 2017) (same); *but see Mazal Grp., LLC v. Barak*, No. CV 18-4983-DMG (FFMx), 2019 WL 4316244, at *2 (C.D. Cal. June 17, 2019) (applying *Manetti-Farrow* to find personal jurisdiction over executive who signed agreement on behalf of company).

The presence of conflicting legal authority demonstrates a substantial ground for difference of opinion on the issue of whether the rule of *Manetti-Farrow* may be extended to personal jurisdiction. Accordingly, it is undisputed that the Order meets this requirement under Section 1292(b).

### B. The Court's Order Involves a Controlling Question of Law

Plaintiffs argue that the Order involves no controlling question of law, but contrary to Plaintiffs' argument, the Court's finding that the Complaint's allegations are sufficient to confer personal jurisdiction over WhoisGuard is a controlling question of law. As WhoisGuard noted in its moving papers, the question at issue is a purely legal one involving no factual issues. Contrary to Plaintiffs' insinuation that WhoisGuard is incorrect on this point (Opp. at 5:19-25), "[t]he question of whether personal jurisdiction can be exercised is a pure question of law." *Wellons, Inc. v. Sia Energoremonts Riga, Ltd.*, No. 3:13-cv-05654, 2013 WL 5913266, at *1 (W.D. Wash Nov. 4, 2013) (citing *Panavision Int'l., L.P. v. Toeppen*, 141 F.3d 1316, 1319-20 (9th Cir. 1998) and *Fed. Deposit Ins. Corp. v. British-American Ins. Co., Ltd.*, 828 F.2d 1439, 1441 (9th Cir. 1987)). Thus, the Court's Order involves a question of law.

The parties agree on the applicable standard for whether a question of law is a "controlling" one: "[A]ll that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see* Opp. at 5:11-12. Plaintiffs misapply this standard, however.

Plaintiffs contend that WhoisGuard has not shown that appealing now could materially affect whether it is entitled to dismissal of the litigation as a whole, but reversal of the Court's Order declining to dismiss WhoisGuard for lack of personal jurisdiction would terminate the action as to WhoisGuard, thus materially affecting the litigation's outcome. Notably, other courts have granted certification of personal jurisdiction issues for interlocutory appeal in similar circumstances. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006) (considering immediate appeal from district court's decision to deny motion to dismiss for lack of personal jurisdiction); *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1407 (9th Cir. 1989) (same); *Ins. Co. of N. America v. Marina Salina Cruz*, 649 F.2d 1266, 1269 (9th Cir. 1981) (same); *Wellons*, 2013 WL 5913266 at *1 (granting certification to appeal district court's order declining to dismiss for lack of personal

jurisdiction); *Twentieth Century Fox Int'l Corp. v. Gemini Film Int'l*, Case No. CV 08-01109-GW(FMOx), 2012 WL 12882707, at *2 (C.D. Cal. March 28, 2012) (same).

Plaintiffs argue that the question is not "controlling" because alternative grounds for establishing personal jurisdiction over WhoisGuard court might exist, but the Court's Order did not hold that personal jurisdiction properly exists over WhoisGuard under any theory other than the *Manetti-Farrow* and *Holland America* analysis.

In the sole in-jurisdiction case cited by Plaintiffs, *Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 2:12-CV- 01361-SLG, 2013 WL 12109890, at *3 (D. Ariz. Dec. 12, 2013), the district court held that the "controlling" requirement was not met because it had found that the record supported the exercise of personal jurisdiction under either of two competing articulations of the stream of commerce theory. Thus, while there remained an unresolved legal question as to which articulation was correct, the legal issue in that case was not a controlling one. *Id.*

By contrast, here, the Court did not make any findings that personal jurisdiction could be properly exercised over WhoisGuard based on any alternative theory. *See* Order at 4-5. While Plaintiffs argue that the Court could have found that personal jurisdiction exists under other grounds, the Court did not make any such rulings in its Order.

The other out-of-jurisdiction cases cited by Plaintiffs are also distinguishable. *California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004), involved a challenge to the district court's "largely factual determinations" in finding that claims against a Chapter 11 debtor's directors were "related to" the bankruptcy estate. In that case, the Second Circuit declined to consider interlocutory review of that issue (although it did review the purely legal question of whether the district court had erred by exercising bankruptcy jurisdiction over generally nonremovable claims under Securities Act). Similarly, in the other case cited by Plaintiffs, *International Society for Krishna Consciousness, Inc. v. Air Canada*, 727 F.2d 253, 256 (2d Cir. 1984), the Second Circuit declined to consider an interlocutory appeal on the issue of whether airports' prohibition of

1  solicitation activities constituted "state action" under a federal civil rights statute, where
2  critical factual gaps existed in the record.

3   By contrast, the question of whether personal jurisdiction can be exercised over
4  WhoisGuard is a pure question of law that can be reviewed de novo. *See Tuazon*, 433 F.3d at
5  1168. No factual gaps exist in the record that would preclude an appeal.

6   Thus, the question of law at issue here is a "controlling" one, and the second
7  requirement of Section 1292(b) has been met.

8    **C.  An Immediate Appeal May Materially Advance the Ultimate**
9      **Termination of the Litigation**

10   Plaintiffs fail to rebut WhoisGuard's arguments demonstrating that an immediate
11  appeal of the Court's Order "may materially advance the litigation." *See* 28 U.S.C. § 1292(b).
12  To show that the Order meets this requirement, WhoisGuard is not required to demonstrate
13  that an immediate appeal would be certain to result in removal of any claim or party, as
14  Plaintiffs inaccurately suggest. *See* Opp. at 7. "[N]either § 1292(b)'s literal text nor
15  controlling precedent requires that the interlocutory appeal have a final, dispositive effect on
16  the litigation, only that it 'may materially advance' the litigation." *Reese v. BP Exploration*
17  *(Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

18   Plaintiffs argue that the existence of possible alternative grounds for personal
19  jurisdiction not addressed in the Order means that the Ninth Circuit would inevitably be
20  required to remand the case for consideration of those arguments, even if it ruled on the
21  *Manetti-Farrow* and *Holland America* question in WhoisGuard's favor, but Plaintiffs
22  misunderstand the scope of interlocutory review. If the Order declining to dismiss
23  WhoisGuard for lack of personal jurisdiction is certified, the Ninth Circuit's review will be
24  de novo. *See Tuazon*, 433 F.3d at 1168. Contrary to Plaintiffs' assumption that an
25  interlocutory appeal would address only one of many grounds for exercising personal
26  jurisdiction, *see* Opp. at 9-11, the Ninth Circuit would not be limited to addressing only the
27  rationale for personal jurisdiction involved in the controlling question. *See Yamaha Motor*
28  *Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) ("[T]he appellate court may address any

issue fairly included within the certified order because it is the *order* that is appealable, and not the controlling question identified by the district court.") (internal quotation marks and citation omitted). Thus, the Ninth Circuit could completely and definitively resolve the question of personal jurisdiction over WhoisGuard through an interlocutory appeal. If the Ninth Circuit reversed the Court's Order finding personal jurisdiction over WhoisGuard, it would not need to remand the case back to this Court to address other possible arguments for personal jurisdiction made by Plaintiffs.

Plaintiffs also argue that remand would be required because they requested jurisdictional discovery in their Opposition to WhoisGuard's Rule 12(b)(2) Motion, relying upon Second Circuit caselaw, but there is no absolute right to jurisdictional discovery upon request. "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995). WhoisGuard respectfully submits that the existing record is sufficient to allow the Ninth Circuit to determine whether Plaintiffs have met their burden to make *prima facie* showing of facts that would support jurisdiction.

Additionally, resolution of the threshold issue of whether personal jurisdiction exists over WhoisGuard would save costs to the litigants and promote judicial efficiency. While Plaintiffs contend that their First Amended Complaint ("FAC") (Doc. 56) has added "significant new allegations on Namecheap's direct liability for registering, trafficking in, and using infringing domain names," Opp. at n4, WhoisGuard remains the primary alleged wrongdoer. *See* FAC ¶¶ 87 & 97 (alleging that WhoisGuard "registered at least 914" infringing domain names, compared to the "at least 229" domains which Namecheap allegedly "trafficked in and used"). Plaintiffs' theory that Defendants assumed liability for the infringing actions of their licensees pursuant to ICANN's Registrar Accreditation Agreement remains premised on WhoisGuard's alleged actions—namely, "registering" domains in its role of providing a proxy service and failing to disclose the contact information of customers upon request. *Id*. at ¶¶ 82-91, 119-125. If WhoisGuard is dismissed

from the action for lack of personal jurisdiction, the action will be simplified which would advance its ultimate termination. And finally, even if all of Plaintiffs' claims against Namecheap would not be terminated, is it not necessary for the interlocutory appeal to dispose of the entire case. *See Reese*, 643 F.3d at 688.

Accordingly, the Order meets the third requirement of Section 1292(b).

### III. CONCLUSION

For all of the foregoing reasons, the Court should grant WhoisGuard's Motion.

DATED:  December 28, 2020

                                                 **ROME & ASSOCIATES, A.P.C.**

                                                 By:   *s/ Eugene Rome*
                                                        Eugene Rome
                                                        Sridavi Ganesan
                                                        Brianna Dahlberg

                                               FENNEMORE CRAIG, P.C.

                                               By:   *s/ Mario C. Vasta*
                                                        Ray K. Harris
                                                        Mario C. Vasta

                                               Attorneys for Defendants
                                               Namecheap, Inc. and Whoisguard, Inc.