# EXHIBIT A

I

(Legislative acts)

# REGULATIONS

## REGULATION (EU) 2016/679 OF THE EUROPEAN PARLIAMENT AND OF THE COUNCIL

### of 27 April 2016

### on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation)

(Text with EEA relevance)

THE EUROPEAN PARLIAMENT AND THE COUNCIL OF THE EUROPEAN UNION,

Having regard to the Treaty on the Functioning of the European Union, and in particular Article 16 thereof,

Having regard to the proposal from the European Commission,

After transmission of the draft legislative act to the national parliaments,

Having regard to the opinion of the European Economic and Social Committee [1],

Having regard to the opinion of the Committee of the Regions [2],

Acting in accordance with the ordinary legislative procedure [3],

Whereas:

(1) The protection of natural persons in relation to the processing of personal data is a fundamental right. Article 8(1) of the Charter of Fundamental Rights of the European Union (the 'Charter') and Article 16(1) of the Treaty on the Functioning of the European Union (TFEU) provide that everyone has the right to the protection of personal data concerning him or her.

(2) The principles of, and rules on the protection of natural persons with regard to the processing of their personal data should, whatever their nationality or residence, respect their fundamental rights and freedoms, in particular their right to the protection of personal data. This Regulation is intended to contribute to the accomplishment of an area of freedom, security and justice and of an economic union, to economic and social progress, to the strengthening and the convergence of the economies within the internal market, and to the well-being of natural persons.

(3) Directive 95/46/EC of the European Parliament and of the Council [4] seeks to harmonise the protection of fundamental rights and freedoms of natural persons in respect of processing activities and to ensure the free flow of personal data between Member States.

---

[1] OJ C 229, 31.7.2012, p. 90.
[2] OJ C 391, 18.12.2012, p. 127.
[3] Position of the European Parliament of 12 March 2014 (not yet published in the Official Journal) and position of the Council at first reading of 8 April 2016 (not yet published in the Official Journal). Position of the European Parliament of 14 April 2016.
[4] Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data (OJ L 281, 23.11.1995, p. 31).

L 119/32     EN     Official Journal of the European Union     4.5.2016

HAVE ADOPTED THIS REGULATION:

# CHAPTER I

## General provisions

### Article 1

### Subject-matter and objectives

1. This Regulation lays down rules relating to the protection of natural persons with regard to the processing of personal data and rules relating to the free movement of personal data.

2. This Regulation protects fundamental rights and freedoms of natural persons and in particular their right to the protection of personal data.

3. The free movement of personal data within the Union shall be neither restricted nor prohibited for reasons connected with the protection of natural persons with regard to the processing of personal data.

### Article 2

### Material scope

1. This Regulation applies to the processing of personal data wholly or partly by automated means and to the processing other than by automated means of personal data which form part of a filing system or are intended to form part of a filing system.

2. This Regulation does not apply to the processing of personal data:

(a) in the course of an activity which falls outside the scope of Union law;

(b) by the Member States when carrying out activities which fall within the scope of Chapter 2 of Title V of the TEU;

(c) by a natural person in the course of a purely personal or household activity;

(d) by competent authorities for the purposes of the prevention, investigation, detection or prosecution of criminal offences or the execution of criminal penalties, including the safeguarding against and the prevention of threats to public security.

3. For the processing of personal data by the Union institutions, bodies, offices and agencies, Regulation (EC) No 45/2001 applies. Regulation (EC) No 45/2001 and other Union legal acts applicable to such processing of personal data shall be adapted to the principles and rules of this Regulation in accordance with Article 98.

4. This Regulation shall be without prejudice to the application of Directive 2000/31/EC, in particular of the liability rules of intermediary service providers in Articles 12 to 15 of that Directive.

### Article 3

### Territorial scope

1. This Regulation applies to the processing of personal data in the context of the activities of an establishment of a controller or a processor in the Union, regardless of whether the processing takes place in the Union or not.

2. This Regulation applies to the processing of personal data of data subjects who are in the Union by a controller or processor not established in the Union, where the processing activities are related to:

(a) the offering of goods or services, irrespective of whether a payment of the data subject is required, to such data subjects in the Union; or

(b) the monitoring of their behaviour as far as their behaviour takes place within the Union.

3. This Regulation applies to the processing of personal data by a controller not established in the Union, but in a place where Member State law applies by virtue of public international law.

*Article 4*

**Definitions**

For the purposes of this Regulation:

(1) 'personal data' means any information relating to an identified or identifiable natural person ('data subject'); an identifiable natural person is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification number, location data, an online identifier or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural or social identity of that natural person;

(2) 'processing' means any operation or set of operations which is performed on personal data or on sets of personal data, whether or not by automated means, such as collection, recording, organisation, structuring, storage, adaptation or alteration, retrieval, consultation, use, disclosure by transmission, dissemination or otherwise making available, alignment or combination, restriction, erasure or destruction;

(3) 'restriction of processing' means the marking of stored personal data with the aim of limiting their processing in the future;

(4) 'profiling' means any form of automated processing of personal data consisting of the use of personal data to evaluate certain personal aspects relating to a natural person, in particular to analyse or predict aspects concerning that natural person's performance at work, economic situation, health, personal preferences, interests, reliability, behaviour, location or movements;

(5) 'pseudonymisation' means the processing of personal data in such a manner that the personal data can no longer be attributed to a specific data subject without the use of additional information, provided that such additional information is kept separately and is subject to technical and organisational measures to ensure that the personal data are not attributed to an identified or identifiable natural person;

(6) 'filing system' means any structured set of personal data which are accessible according to specific criteria, whether centralised, decentralised or dispersed on a functional or geographical basis;

(7) 'controller' means the natural or legal person, public authority, agency or other body which, alone or jointly with others, determines the purposes and means of the processing of personal data; where the purposes and means of such processing are determined by Union or Member State law, the controller or the specific criteria for its nomination may be provided for by Union or Member State law;

(8) 'processor' means a natural or legal person, public authority, agency or other body which processes personal data on behalf of the controller;

(9) 'recipient' means a natural or legal person, public authority, agency or another body, to which the personal data are disclosed, whether a third party or not. However, public authorities which may receive personal data in the

L 119/36 EN Official Journal of the European Union 4.5.2016

(e) kept in a form which permits identification of data subjects for no longer than is necessary for the purposes for which the personal data are processed; personal data may be stored for longer periods insofar as the personal data will be processed solely for archiving purposes in the public interest, scientific or historical research purposes or statistical purposes in accordance with Article 89(1) subject to implementation of the appropriate technical and organisational measures required by this Regulation in order to safeguard the rights and freedoms of the data subject ('storage limitation');

(f) processed in a manner that ensures appropriate security of the personal data, including protection against unauthorised or unlawful processing and against accidental loss, destruction or damage, using appropriate technical or organisational measures ('integrity and confidentiality').

2. The controller shall be responsible for, and be able to demonstrate compliance with, paragraph 1 ('accountability').

### Article 6

### Lawfulness of processing

1. Processing shall be lawful only if and to the extent that at least one of the following applies:

(a) the data subject has given consent to the processing of his or her personal data for one or more specific purposes;

(b) processing is necessary for the performance of a contract to which the data subject is party or in order to take steps at the request of the data subject prior to entering into a contract;

(c) processing is necessary for compliance with a legal obligation to which the controller is subject;

(d) processing is necessary in order to protect the vital interests of the data subject or of another natural person;

(e) processing is necessary for the performance of a task carried out in the public interest or in the exercise of official authority vested in the controller;

(f) processing is necessary for the purposes of the legitimate interests pursued by the controller or by a third party, except where such interests are overridden by the interests or fundamental rights and freedoms of the data subject which require protection of personal data, in particular where the data subject is a child.

Point (f) of the first subparagraph shall not apply to processing carried out by public authorities in the performance of their tasks.

2. Member States may maintain or introduce more specific provisions to adapt the application of the rules of this Regulation with regard to processing for compliance with points (c) and (e) of paragraph 1 by determining more precisely specific requirements for the processing and other measures to ensure lawful and fair processing including for other specific processing situations as provided for in Chapter IX.

3. The basis for the processing referred to in point (c) and (e) of paragraph 1 shall be laid down by:

(a) Union law; or

(b) Member State law to which the controller is subject.

The purpose of the processing shall be determined in that legal basis or, as regards the processing referred to in point (e) of paragraph 1, shall be necessary for the performance of a task carried out in the public interest or in the exercise of official authority vested in the controller. That legal basis may contain specific provisions to adapt the application of rules of this Regulation, inter alia: the general conditions governing the lawfulness of processing by the controller; the types of data which are subject to the processing; the data subjects concerned; the entities to, and the purposes for which, the personal data may be disclosed; the purpose limitation; storage periods; and processing operations and processing procedures, including measures to ensure lawful and fair processing such as those for other specific

processing situations as provided for in Chapter IX. The Union or the Member State law shall meet an objective of public interest and be proportionate to the legitimate aim pursued.

4. Where the processing for a purpose other than that for which the personal data have been collected is not based on the data subject's consent or on a Union or Member State law which constitutes a necessary and proportionate measure in a democratic society to safeguard the objectives referred to in Article 23(1), the controller shall, in order to ascertain whether processing for another purpose is compatible with the purpose for which the personal data are initially collected, take into account, inter alia:

(a) any link between the purposes for which the personal data have been collected and the purposes of the intended further processing;

(b) the context in which the personal data have been collected, in particular regarding the relationship between data subjects and the controller;

(c) the nature of the personal data, in particular whether special categories of personal data are processed, pursuant to Article 9, or whether personal data related to criminal convictions and offences are processed, pursuant to Article 10;

(d) the possible consequences of the intended further processing for data subjects;

(e) the existence of appropriate safeguards, which may include encryption or pseudonymisation.

## Article 7

### Conditions for consent

1. Where processing is based on consent, the controller shall be able to demonstrate that the data subject has consented to processing of his or her personal data.

2. If the data subject's consent is given in the context of a written declaration which also concerns other matters, the request for consent shall be presented in a manner which is clearly distinguishable from the other matters, in an intelligible and easily accessible form, using clear and plain language. Any part of such a declaration which constitutes an infringement of this Regulation shall not be binding.

3. The data subject shall have the right to withdraw his or her consent at any time. The withdrawal of consent shall not affect the lawfulness of processing based on consent before its withdrawal. Prior to giving consent, the data subject shall be informed thereof. It shall be as easy to withdraw as to give consent.

4. When assessing whether consent is freely given, utmost account shall be taken of whether, *inter alia*, the performance of a contract, including the provision of a service, is conditional on consent to the processing of personal data that is not necessary for the performance of that contract.

## Article 8

### Conditions applicable to child's consent in relation to information society services

1. Where point (a) of Article 6(1) applies, in relation to the offer of information society services directly to a child, the processing of the personal data of a child shall be lawful where the child is at least 16 years old. Where the child is below the age of 16 years, such processing shall be lawful only if and to the extent that consent is given or authorised by the holder of parental responsibility over the child.

Member States may provide by law for a lower age for those purposes provided that such lower age is not below 13 years.

6. Court proceedings for exercising the right to receive compensation shall be brought before the courts competent under the law of the Member State referred to in Article 79(2).

## Article 83

### General conditions for imposing administrative fines

1. Each supervisory authority shall ensure that the imposition of administrative fines pursuant to this Article in respect of infringements of this Regulation referred to in paragraphs 4, 5 and 6 shall in each individual case be effective, proportionate and dissuasive.

2. Administrative fines shall, depending on the circumstances of each individual case, be imposed in addition to, or instead of, measures referred to in points (a) to (h) and (j) of Article 58(2). When deciding whether to impose an administrative fine and deciding on the amount of the administrative fine in each individual case due regard shall be given to the following:

(a) the nature, gravity and duration of the infringement taking into account the nature scope or purpose of the processing concerned as well as the number of data subjects affected and the level of damage suffered by them;

(b) the intentional or negligent character of the infringement;

(c) any action taken by the controller or processor to mitigate the damage suffered by data subjects;

(d) the degree of responsibility of the controller or processor taking into account technical and organisational measures implemented by them pursuant to Articles 25 and 32;

(e) any relevant previous infringements by the controller or processor;

(f) the degree of cooperation with the supervisory authority, in order to remedy the infringement and mitigate the possible adverse effects of the infringement;

(g) the categories of personal data affected by the infringement;

(h) the manner in which the infringement became known to the supervisory authority, in particular whether, and if so to what extent, the controller or processor notified the infringement;

(i) where measures referred to in Article 58(2) have previously been ordered against the controller or processor concerned with regard to the same subject-matter, compliance with those measures;

(j) adherence to approved codes of conduct pursuant to Article 40 or approved certification mechanisms pursuant to Article 42; and

(k) any other aggravating or mitigating factor applicable to the circumstances of the case, such as financial benefits gained, or losses avoided, directly or indirectly, from the infringement.

3. If a controller or processor intentionally or negligently, for the same or linked processing operations, infringes several provisions of this Regulation, the total amount of the administrative fine shall not exceed the amount specified for the gravest infringement.

4. Infringements of the following provisions shall, in accordance with paragraph 2, be subject to administrative fines up to 10 000 000 EUR, or in the case of an undertaking, up to 2 % of the total worldwide annual turnover of the preceding financial year, whichever is higher:

(a) the obligations of the controller and the processor pursuant to Articles 8, 11, 25 to 39 and 42 and 43;

(b) the obligations of the certification body pursuant to Articles 42 and 43;

(c) the obligations of the monitoring body pursuant to Article 41(4).

5. Infringements of the following provisions shall, in accordance with paragraph 2, be subject to administrative fines up to 20 000 000 EUR, or in the case of an undertaking, up to 4 % of the total worldwide annual turnover of the preceding financial year, whichever is higher:

(a) the basic principles for processing, including conditions for consent, pursuant to Articles 5, 6, 7 and 9;

(b) the data subjects' rights pursuant to Articles 12 to 22;

(c) the transfers of personal data to a recipient in a third country or an international organisation pursuant to Articles 44 to 49;

(d) any obligations pursuant to Member State law adopted under Chapter IX;

(e) non-compliance with an order or a temporary or definitive limitation on processing or the suspension of data flows by the supervisory authority pursuant to Article 58(2) or failure to provide access in violation of Article 58(1).

6. Non-compliance with an order by the supervisory authority as referred to in Article 58(2) shall, in accordance with paragraph 2 of this Article, be subject to administrative fines up to 20 000 000 EUR, or in the case of an undertaking, up to 4 % of the total worldwide annual turnover of the preceding financial year, whichever is higher.

7. Without prejudice to the corrective powers of supervisory authorities pursuant to Article 58(2), each Member State may lay down the rules on whether and to what extent administrative fines may be imposed on public authorities and bodies established in that Member State.

8. The exercise by the supervisory authority of its powers under this Article shall be subject to appropriate procedural safeguards in accordance with Union and Member State law, including effective judicial remedy and due process.

9. Where the legal system of the Member State does not provide for administrative fines, this Article may be applied in such a manner that the fine is initiated by the competent supervisory authority and imposed by competent national courts, while ensuring that those legal remedies are effective and have an equivalent effect to the administrative fines imposed by supervisory authorities. In any event, the fines imposed shall be effective, proportionate and dissuasive. Those Member States shall notify to the Commission the provisions of their laws which they adopt pursuant to this paragraph by 25 May 2018 and, without delay, any subsequent amendment law or amendment affecting them.

## Article 84

### Penalties

1. Member States shall lay down the rules on other penalties applicable to infringements of this Regulation in particular for infringements which are not subject to administrative fines pursuant to Article 83, and shall take all measures necessary to ensure that they are implemented. Such penalties shall be effective, proportionate and dissuasive.

2. Each Member State shall notify to the Commission the provisions of its law which it adopts pursuant to paragraph 1, by 25 May 2018 and, without delay, any subsequent amendment affecting them.

## CHAPTER IX

### Provisions relating to specific processing situations

## Article 85

### Processing and freedom of expression and information

1. Member States shall by law reconcile the right to the protection of personal data pursuant to this Regulation with the right to freedom of expression and information, including processing for journalistic purposes and the purposes of academic, artistic or literary expression.

*Article 96*

**Relationship with previously concluded Agreements**

International agreements involving the transfer of personal data to third countries or international organisations which were concluded by Member States prior to 24 May 2016, and which comply with Union law as applicable prior to that date, shall remain in force until amended, replaced or revoked.

*Article 97*

**Commission reports**

1.  By 25 May 2020 and every four years thereafter, the Commission shall submit a report on the evaluation and review of this Regulation to the European Parliament and to the Council. The reports shall be made public.

2.  In the context of the evaluations and reviews referred to in paragraph 1, the Commission shall examine, in particular, the application and functioning of:

(a) Chapter V on the transfer of personal data to third countries or international organisations with particular regard to decisions adopted pursuant to Article 45(3) of this Regulation and decisions adopted on the basis of Article 25(6) of Directive 95/46/EC;

(b) Chapter VII on cooperation and consistency.

3.  For the purpose of paragraph 1, the Commission may request information from Member States and supervisory authorities.

4.  In carrying out the evaluations and reviews referred to in paragraphs 1 and 2, the Commission shall take into account the positions and findings of the European Parliament, of the Council, and of other relevant bodies or sources.

5.  The Commission shall, if necessary, submit appropriate proposals to amend this Regulation, in particular taking into account of developments in information technology and in the light of the state of progress in the information society.

*Article 98*

**Review of other Union legal acts on data protection**

The Commission shall, if appropriate, submit legislative proposals with a view to amending other Union legal acts on the protection of personal data, in order to ensure uniform and consistent protection of natural persons with regard to processing. This shall in particular concern the rules relating to the protection of natural persons with regard to processing by Union institutions, bodies, offices and agencies and on the free movement of such data.

*Article 99*

**Entry into force and application**

1.  This Regulation shall enter into force on the twentieth day following that of its publication in the *Official Journal of the European Union*.

2.  It shall apply from 25 May 2018.

This Regulation shall be binding in its entirety and directly applicable in all Member States.

Done at Brussels, 27 April 2016.

| For the European Parliament | For the Council |
|---|---|
| The President | The President |
| M. SCHULZ | J.A. HENNIS-PLASSCHAERT |