**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook Incorporated, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Namecheap Incorporated, et al.,<br><br>　　　　　Defendants.<br>WhoisGuard, Inc.,<br><br>　　　　　Counterclaimant,<br><br>v.<br><br>Facebook, Inc.,<br><br>　　　　　Counterclaim Defendant. | No. CV-20-00470-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant WhoisGuard, Inc.'s ("Defendant") Motion to Amend and Certify Order Denying Fed. R. Civ. P. 12(B)(2) Motion for Interlocutory Appeal (Doc. 55.) For the following reasons, the motion is granted.[1]

---

[1] The parties requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

## BACKGROUND

On April 24, 2020, Defendant filed a motion to dismiss for lack of personal jurisdiction. (Doc. 28.) Plaintiffs Facebook, Inc., Instagram, LLC, and WhatsApp, Inc. (collectively, "Plaintiffs") responded, arguing there was personal jurisdiction over Defendant in Arizona because Defendant entered into an agreement with an Arizona forum selection clause, is an alter ego of Defendant Namecheap, and is subject to specific jurisdiction. (Doc. 33.) After hearing oral argument on the issue, (Doc. 45), the Court denied Defendant's motion to dismiss for lack of personal jurisdiction on the grounds that Defendant is closely related to the agreement containing the forum selection clause, (Doc. 52 at 4–5). The Court did not rule on Plaintiffs' other grounds for personal jurisdiction.

On December 4, 2020, Defendant filed this motion requesting that the Court certify its personal jurisdiction decision for interlocutory appeal.

## DISCUSSION

### I. Legal Standard

28 U.S.C. § 1292 provides for appeals from interlocutory orders under limited circumstances. Section 1292(b) states that an order may be certified for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Such motions for certification are to be granted only if the movant meets the heavy burden of showing "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Indeed, § 1292 "was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

### II. Analysis

For the following reasons, the Court finds that Defendant satisfies the three requirements for an interlocutory appeal.

### A. Controlling Question of Law

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The question should be a "'pure' question of law rather than merely [ ] an issue that might be free from a factual contest . . . something the court of appeal could decide quickly and cleanly without having to study the record.'" *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000)). An order that determines the parties to an action may materially affect the outcome of the litigation. *See Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889, 892 (C.D. Cal. 2015).

Here, Defendant requests that the Court certify the question of whether a forum selection clause can confer personal jurisdiction over a non-signatory defendant where the defendant's conduct is closely related to the contractual relationship. (Doc. 55 at 4.) As this is a pure question of law and the Court's decision, if reversed, could lead to Defendant's dismissal as a party, this first element is met. The fact that Plaintiffs presented additional arguments for personal jurisdiction does not mean this question is not controlling. *See Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 658–59 (7th Cir. 1996) ("Even if TMI could still argue in the district court its other ground for waiving sovereign immunity, this would not mean that the appeal does not present a 'controlling' question of law. The cases do not interpret the term literally. A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so.").

### B. Substantial Ground for Differences of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Courts generally find a substantial ground for difference of opinion where "the circuits are in dispute on the question and the

court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal quotation marks omitted). Additionally, substantial ground for difference of opinion "exists where reasonable jurists might disagree on an issue's resolution." *Reese v. BP Expl. (Ala.) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

There is a substantial ground for difference of opinion here. The Ninth Circuit has not spoken on this question, and district courts within the Ninth Circuit, and in other circuits, are split on the issue. *Compare FTC-Forward Threat Control, LLC v. Dominion Harbor Enters., LLC*, No. 5:19-cv-06590-EJD, 2020 WL 5545156, at *5–6 (N.D. Cal. Sept. 16, 2020) (finding that a forum selection clause cannot confer personal jurisdiction over a non-signatory defendant), *and Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*, No. 1:17-cv-00432-DCN, 2018 WL 1053529, at *7 (D. Idaho Feb. 26, 2018) (same), *with Mazal Grp., LLC, v. Barak*, No. CV 18-4983-DMG (FFMx), 2019 WL 4316244, at *2 (C.D. Cal. June 17, 2019) (finding that a forum selection clause can confer personal jurisdiction over a non-signatory defendant), *and Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 324–26 (S.D.N.Y. 2017) (same). Accordingly, the second element is met.

### C. Materially Advance the Ultimate Termination of Litigation

Certification is appropriate if immediate appeal "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) (internal quotation marks and citation omitted); *see also Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1092 (E.D. Cal. 2008) (allowing certification where reversal would eliminate the need for extensive expert testimony, eliminate trial time, and conserve judicial resources). Furthermore, certification may be appropriate where resolution of the issue could also materially advance litigation in other pending cases. *Heaton v. Soc. Finance, Inc.*, No. 14-cv-05191-TEH, 2016 WL 232433, at *6 (N.D. Cal. Jan. 20, 2016)

(citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an [interlocutory] appeal will have on other cases is a factor that [circuit courts] may take into account in deciding whether to accept an appeal that has been properly certified by the district court.")).

Certification may materially advance the termination of this litigation. If the Ninth Circuit reverses the Court on this question, Defendant may be dismissed as a party. As the litigation is at an early stage, dismissal of Defendant as a party would avoid great additional expense, costs, and time litigating. Although Plaintiffs' other grounds for personal jurisdiction remain to be ruled on, the Ninth Circuit may address those grounds on appeal. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) ("[T]he appellate court may address any issue fairly included within the certified order because it is the *order* that is appealable, and not the controlling question identified by the district court.") (internal quotation marks and citation omitted). Even if the Ninth Circuit does not address Plaintiffs' other grounds on appeal or jurisdictional discovery is ordered, resolution of this question may still ultimately lead to Defendant's dismissal. Accordingly, the third element is met.

## CONCLUSION

As the three elements for certification are met, the Court finds that interlocutory appeal is appropriate. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant WhoisGuard, Inc.'s Motion to Amend and Certify Order Denying Fed. R. Civ. P. 12(B)(2) Motion for Interlocutory Appeal (Doc. 55) is **GRANTED.**

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that WhoisGuard may seek appeal pursuant to 28 U.S.C. § 1292(b) as to this Court's November 10, 2020 Order (Doc. 52) regarding personal jurisdiction.

Dated this 15th day of March, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge