SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC and
WhatsApp Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV-20-470-PHX-GMS<br><br>**PLAINTIFFS' MOTION TO ENFORCE LODGING OF REGISTRAR'S CERTIFICATES**<br><br>(Oral Argument Requested) |

Plaintiffs Facebook, Inc., Instagram, LLC, and WhatsApp Inc. ("Plaintiffs") move the Court for an order enforcing the terms of the Registrar's Certificates (ECF Nos. 71, 81) lodged with the Court by Defendant Namecheap, Inc. ("Namecheap"). Despite Namecheap's certification that the domain names lodged with the Court pursuant to the Registrar's Certificates would remain under the dominion and control of the Court until the Court instructed otherwise, Namecheap has allowed many of the domain names to expire or be transferred away from Namecheap and out of the Court's control. Moreover, Namecheap has lodged with the Court numerous domain names that are not at issue in this case. In addition, on March 4, 2021, Namecheap announced it will transfer all domain names that use Defendant Whoisguard, Inc. ("Whoisguard")[1] to a new entity in Iceland, Withheld for Privacy, in violation of Namecheap's certifications to the Court that it would prevent transfers of the lodged domain names.

This Motion is based on the following facts:

1.  On January 15, 2021, Namecheap tendered to the Court a Registrar's Certificate listing 1,150 domain names at issue in this case. (ECF No. 71 & Ex. A.)

2.  On February 22, 2021, Namecheap tendered to the Court another Registrar's Certificate listing 356 domain names at issue in this case.[2] (ECF No. 81 & Ex. A.)

3.  In paragraph 3 of each of the Registrar's Certificates, Namecheap's COO declared that "Namecheap has placed the Domain Names on registrar lock, thus preventing the Domain Names from being transferred, modified, or otherwise managed or manipulated." (ECF Nos. 71 at ¶3, No. 81 at ¶3.)

4.  In paragraph 4 of the Registrar's Certificates, Namecheap's COO declared that "Namecheap will not modify the status of the Domain Names unless and until

---

[1] All of the lodged Domain Names are registered by Whoisguard.

[2] The Registrar's Certificate included three domain names, instagfam.com, faceb0okk.com, and download-instagram.com, that were also included on the January 15, 2021 Registrar's Certificate. In total, 1503 domain names have purportedly been placed under the dominion and control of the Court by Namecheap (collectively, the "Domain Names" or "lodged Domain Names").

instructed to do so by Order of the Court in the instant case." (ECF No. 71 & ECF No 81.)

5.   In paragraph 5 of each of the Registrar's Certificates, Namecheap's COO declared that "the Domain Names should be construed to be under the dominion and control of the Court until such time as Namecheap receives further instruction with regard to the Domain Names." (ECF No. 71 at ¶5, ECF No. 81 at ¶5.)

**Expiring Domain Names Improperly Released from the Court's Control.** Contrary to the declaration of Namecheap's COO sworn under penalty of perjury, Namecheap has allowed and continues to allow the lodged Domain Names' registrations to expire, thus releasing the lodged Domain Names from the Court's control and allowing third parties to register and control the lodged Domain Names. At least 39 of the lodged Domain Names, which Namecheap has certified are under the Court's control, have expired. (Declaration of David J. Steele ("Steele Decl.") ¶ 2 & Ex. 1.). Additional lodged Domain Names that Namecheap allowed to expire have now been registered at other registrars. For example, Namecheap purported to lodge the Domain Name fecbooks.com with the Court on January 15, 2021. (ECF No. 71 & Ex. A. at #540) Yet, Namecheap allowed fecbooks.com to expire, and it was newly registered by a third-party on March 14, 2021 (the WHOIS record lists an address in Vancouver, Canada using the registrar PSI-USA, Inc.). (Steele Decl. ¶ 3 & Ex. 2.) At least one lodged Domain Name, spywhatsapp.live, which Namecheap purported to lodge with the Court on January 15, 2021 (ECF No. 71 & Ex. A. at #686) was transferred away from Namecheap to a registrar in Germany. (Steele Decl. ¶ 4 & Ex. 3.)

Additionally, some lodged Domain Names had actually expired *even before* Namecheap certified that the domain name was under the Court's control. For example, the lodged Domain Name instagramignite.com, which Namecheap certified as under the Court's control on February 22, 2021, had already expired and been newly registered at GoDaddy. (ECF No. 81 & Ex. A. at #275, Steele Decl. ¶ 5 & Ex. 4.).

Importantly, at least as many as fifty lodged Domain Names are currently pending deletion because Namecheap has not properly maintained the Domain Name in accord with

3

its certifications. (Steele Decl. ¶ 6 & Ex. 5.) Making matters worse, Namecheap has set the registrar lock for "clientRenewProhibited" thereby preventing renewals (except by Namecheap directly), while it ignores the expiration of the lodged Domain Names. The remaining lodged Domain Names registered with Namecheap are all set to expire when their current registration terms end, which means they will similarly leave this Court's control—contrary to the representations made by Namecheap in the Registrar's Certificates lodged with the Court. Without a further order from the Court, all of the lodged Domain Names will expire and be released from the Court's control.

Plaintiffs raised these expiration issues with Namecheap during a telephonic meet and confer conference, and again by email. (Steele Decl. ¶ 7.) Plaintiffs also prepared a proposed stipulation that would properly lock the lodged Domain Names to prevent further deletion. However, Defendants would not agree to the proposed stipulation, explaining:

> Please note that while Namecheap can set a status code prohibiting the customer from deleting a domain, Namecheap bears no responsibility for tracking expiration or paying for renewal of domains during the lock period. If a locked domain is expiring and Plaintiffs wish to prevent it from being deleted, Plaintiffs can open an account with Namecheap and deposit the money required to renew the domain.

*Id.* Namecheap's certification, that "the Domain Names should be construed to be under the dominion and control of the Court," did not include an unwritten (and improper) proviso, "so long as Plaintiffs' pay Namecheap's fees." (ECF No. 71 at ¶5 & ECF No. 81 at ¶5.)

Contrary to Namecheap's assurances and the declaration of Namecheap's COO, the lodged Domain Names are *not* under this Court's dominion and control; many have already expired or been transferred away, and many more are set to expire with each passing day. Yet Namecheap asserts that it is fully compliant with the assurances it provided in the Registrar's Certificates lodged with the Court.

**Lodging of Domain Names Not At Issue In Case.** Namecheap has lodged with the Court numerous Domain Names that are not in the First Amended Complaint ("FAC") or at issue in this case.[3] (ECF No. 56). Some of these lodged Domain Names are unrelated to Plaintiffs altogether, and others, while related to Plaintiffs, are not at issue in this case. For example, Namecheap lodged the Domain Name singaporepools.online with the Court in its Registrar Certificate filed January 15, 2021. (ECF No. 71 & Ex. A. at #969) This lodged Domain Name is not at issue in this case. The Domain Name was included in an exhibit to the complaints as an example of some of Defendants' registered domain names that were the subject of administrative proceedings (along with countless other domain names that were not lodged with the Court). (ECF No. 1-10, at pg. 6 of 7 & ECF No. 56-6, at pg. 103 of 110) Singapore Pools (Private) Limited filed a complaint against Defendant Whoisguard in March 2018, and recovered singaporepools.onine in that matter.[4] It is unclear why Namecheap lodged this Domain Name and not others from the same exhibit, but regardless, this Domain Name was improperly lodged with the Court by Namecheap.

Namecheap has also lodged domain names not listed in the FAC simply because Plaintiffs' counsel contacted Defendants' counsel regarding claims of infringement or cybersquatting. For example, one of Plaintiffs' related entities, Facebook Technologies, LLC (f/k/a Oculus VR, LLC) owns the mark OCULUS, but that entity is not a party to this action nor has the OCULUS mark even been asserted in this case. Notwithstanding that this case does not involve the OCULUS mark, Namecheap lodged the Domain Names vroculus.store and oculusvrshop.site (among others) with the Court in its Registrar Certificate filed January 15, 2021. (ECF No. 71 & Ex. A. at #408 & #788) Similarly, Namecheap has also lodged numerous other domain names simply because Plaintiffs'

---

[3] Plaintiffs reserve the right to seek leave from the Court to amend the operative complaint based on additional information.

[4] When Plaintiffs advised Namecheap's counsel of this error during the parties' meet and confer conference, Namecheap's counsel refused to correct the error or even raise the issue with the Court. Instead, it appears that Namecheap has simply unlocked this domain name without advising the Court.

5

counsel contacted Defendants' counsel regarding claims of infringement or cybersquatting related to domain names not in the FAC or at issue in this case. Because of Namecheap's erroneous lodging of these Domain Names, Plaintiffs' enforcement efforts have been impeded. For example, after Namecheap unilaterally lodged these Domain Names with the Court, now Namecheap cannot implement administrative decisions ordering these Domain Names transferred to Plaintiffs.[5]

**Announced Transfer of Lodged Domain Names.** On March 4, 2021, Namecheap announced that it intends to transfer the registration of all the lodged Domain Names from Whoisguard to a new entity, Withheld for Privacy based in Iceland. (Steele Decl. ¶ 8.) Executing these transfers as Namecheap has announced without the Court's permission would violate its certification to the Court that the lodged Domain Names were prevented from being transferred. (*See* ECF No. 71 at 4 & ECF No 81 at 4.)

**Request for Relief.** Plaintiffs attempted to resolve, without Court intervention, Namecheap's failures to lock and prevent the transfer of lodged Domain Names, and Namecheap's lodging of Domain Names not at issue in this case; however, Namecheap refused to take the simple steps necessary to correct its errors. Moreover, by announcing the transfer of the lodged Domain Names from Whoisguard to Withheld for Privacy, Namecheap has taken affirmative steps to violate its representations to the Court.

Therefore, Plaintiffs respectfully request that the Court enter an order to enforce and correct the lodging of the Registrar's Certificates filed January 15, 2021, and February 22, 2021, by ordering that Namecheap:

1. Promptly prepare and lodge with the Court a Corrected Registrar's Certificate listing only those domain names listed in the First Amended Complaint (ECF No. 56);

---

[5] These decisions are typically rendered in accord with ICANN's Uniform Domain Name Dispute Resolution Policy. Namecheap's counsel recently suggested the Parties cure this problem by filing stipulations with the Court to permit the transfer of Domain Names that Namecheap shouldn't have lodged in the first place.

2. Take all steps necessary, at Namecheap's own expense, to prevent any lodged Domain Name identified in the Corrected Registrar's Certificate lodged with the Court from expiring;

3. Set the following registrar client status codes[6] for each Domain Name identified in the Corrected Registrar's Certificate lodged with the Court:

    a. clientDeleteProhibited,

    b. clientTransferProhibited, and

    c. clientUpdateProhibited;

4. Serve a copy of the Court's Order on the registry operator for each of the lodged Domain Names and collaborate with the registry operator to ensure the following server status codes for each Domain Name identified in the Corrected Registrar's Certificate lodged with the Court are set as follows:

    a. serverDeleteProhibited,

    b. serverTransferProhibited, and

    c. serverUpdateProhibited;

5. Provide Plaintiffs unrestricted access to query Namecheap's WHOIS records so that Plaintiffs may ensure compliance with the Court's order going forward;

6. For any domain names erroneously lodged with the Court (i.e., domain names not on Namecheap's Corrected Registrar's Certificate), not impede any administrative case or the implementation of any administrative decision; and

---

[6] These status codes indicate the status of a domain name registration. Codes that begin with "client" are set by the registrar (e.g., Namecheap) and codes that begin with "server" are set by the registry (e.g., Verisign – for .com domain names). For example, the clientDeleteProhibited status will prevent deletion by the registrant of the domain name, and the serverDeleteProhibited status will prevent deletion by the registrar. The clientTransferProhibited and serverTransferProhibited status will prevent the transfer of Domain Names. The clientUpdateProhibited and serverUpdateProhibited status will prevent changes to the Domain Names.

A more detailed explanation is published by ICANN and is available at: https://www.icann.org/resources/pages/epp-status-codes-2014-06-16-en.

7. Pay Plaintiffs' attorneys' fees and costs associated with seeking the relief sought in this Motion.

DATED: March 23, 2021

SNELL & WILMER L.L.P.

By: /s/ *Jacob C. Jones*
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

TUCKER ELLIS LLP
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC,
and WhatsApp Inc.