SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:	213.430.3400
Facsimile:	213.430.3409

Attorneys for Plaintiff and
Counterclaim Defendant,
Facebook, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV-20-470-PHX-GMS<br><br>**DECLARATION OF DAVID J. STEELE IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE LODGING OF REGISTRAR'S CERTIFICATES** |

I, David J. Steele, declare as follows:

1. I am a partner at the law firm Tucker Ellis LLP, and counsel for Plaintiffs in this action. I make this declaration of my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2. Of the 1,503 Domain Names Namecheap represented that it has lodged with the Court in this action (ECF No. 71 & Ex. A, ECF No. 81 & Ex. A (the "Domain Names" or "lodged Domain Names"), registrations for at least 39 Domain Names have already expired. A report showing the Domain Name, and the registry WHOIS output showing the Domain Name is not registered, is attached to this Declaration as Exhibit 1.

3. The Domain Name fecbooks.com was previously registered at Namecheap and Namecheap listed this Domain Name on its January 15, 2021 Registrar's Certificate. (ECF No. 71 & Ex. A. at #540) The domain name expired and was newly registered by a third-party March 14, 2021. A copy of the current WHOIS data for the Domain Name is attached to this Declaration as Exhibit 2.

4. The Domain Name spywhatsapp.live was previously registered at Namecheap and Namecheap listed this Domain Name on its January 15, 2021 Registrar's Certificate. (ECF No. 71 & Ex. A. at #686) A copy of the current WHOIS data for the Domain Name is attached to this Declaration as Exhibit 3. The WHOIS data shows a creation date value of 2019-04-18T15:54:06Z and lists the current registrar as 1API GmbH, a German-based registrar. Because the creation date was not reset to a date in 2021 (when the Domain Name was purportedly locked by Namecheap) the domain name did not expire and get newly registered. Instead, the domain name was transferred from Namecheap to 1API GmbH.

5. The Domain Name instagramignite.com was previously registered at Namecheap and Namecheap listed this Domain Name on its February 22, 2021. (ECF No. 81 & Ex. A. at #275) A copy of the current WHOIS data for the Domain Name is attached to this Declaration as Exhibit 4. According to the WHOIS data for the Domain Name it expired and was newly registered at GoDaddy on February 21, 2021.

1

6. At least as many as fifty lodged Domain Names are currently pending deletion. The WHOIS information for each Domain Name, which shows a status value of "pendingDelete" is attached to this Declaration as Exhibit 5.

7. When Plaintiffs learned that lodged Domain Names were expiring, I raised these expiration issues with Namecheap during a January 26, 2021 telephonic meet and confer conference, and again by email on February 25, 2021. Plaintiffs also prepared a proposed stipulation that would properly lock the lodged Domain Names to prevent further deletion. However, Defendants would not agree to the proposed stipulation, explaining in a March 2, 2021 email:

> Please note that while Namecheap can set a status code prohibiting the customer from deleting a domain, Namecheap bears no responsibility for tracking expiration or paying for renewal of domains during the lock period. If a locked domain is expiring and Plaintiffs wish to prevent it from being deleted, Plaintiffs can open an account with Namecheap and deposit the money required to renew the domain.

8. On March 4, 2021, Namecheap announced that it intends to transfer the registration of all the lodged Domain Names from Whoisguard to a new entity, Withheld for Privacy based in Iceland, which Namecheap has represented is based in Iceland. A screen capture of the press release, available on Namecheap's website, is attached to this Declaration as Exhibit 6.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on March 23, 2021, in Fullerton, California.

/s/ David Steele