# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook Incorporated, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Namecheap Incorporated, et al.,<br><br>　　　　Defendants.<br>WhoisGuard, Inc.,<br><br>　　　　Counterclaimant,<br><br>v.<br><br>Facebook, Inc.,<br><br>　　　　Counterclaim Defendant. | No. CV-20-00470-PHX-GMS<br><br>**STIPULATED FEDERAL RULE OF EVIDENCE 502(d) ORDER AND CLAWBACK AGREEMENT** |

Upon the parties' Stipulation for Entry of Stipulated Protective Order; Order re Discovery of Electronically Stored Information for Standard Litigation; and Federal Rule of Evidence 502(d) Order and Clawback Agreement (Doc. 87), the Court finding good cause therefore, hereby enters this Order to protect the confidentiality of such materials during the litigation.

**IT IS HEREBY ORDERED** granting the parties' Stipulation for Federal Rule of Evidence 502(d) Order and Clawback Agreement (Doc. 87) as follows:

1. **PURPOSE**

Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any privileged or otherwise protected documents (as defined by Fed. R. Civ. P. 34(a)(1)) and accompanying metadata ("Documents"), shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such Documents as to the receiving party or any third parties. The production or disclosure shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding regardless of the circumstances of disclosure pursuant to Federal Rule of Evidence 502(d). This Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Documents.

2. **CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Documents subject to a legally recognized claim of privilege or work-product protection, it shall provide written notice of the claim to the receiving party (a "Clawback Notice"), identifying the subject Documents within 30 days of the discovery.

3. **Procedures Following Clawback Notice**

a) Within ten (10) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with the producing party's claim of privilege) or a receiving party's own determination that information it received is privileged or work-product-protected, the receiving party must promptly return and/or destroy the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed, and notify the producing party when this is complete.

b) If a receiving party challenges a claim that a Document specified in a Clawback Notice is privileged or work-product-protected, the receiving party shall notify

- 2 -

the producing party of its positions within 14 days of receiving the Clawback Notice asserting the claim. Within 14 days of the producing party's receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination and may submit the Document(s) at issue for *in camera* review. The Document(s) covered by the Clawback Notice shall not be used or disclosed by the receiving party during the time in which the parties are meeting and conferring about the privileged nature of the Document(s) or during the time in which the privilege dispute is before the court.

**4. PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained privileged or work-product-protected information, or has received a Clawback Notice, or it is reasonably apparent that the party has obtained, privileged or work-product-protected information through production, disclosure, or communications, such information may not be submitted to the Court (except in connection with a challenge of the privilege assertion) or presented for admission into evidence or sought in discovery in this proceeding or in any other proceeding or action. The party must immediately notify the opposing party of its possession of such privileged information and return or destroy such information or Documents. Any Documents at issue in a privilege challenge that are filed with the Court must be filed under seal for *in camera* review.

Dated this 31st day of March, 2021.

_____
G. Murray Snow
Chief United States District Judge