# Exhibit A

# Steele, David J.

| | |
|---|---|
| **From:** | Brianna Dahlberg <BDahlberg@romeandassociates.com> |
| **Sent:** | Wednesday, March 3, 2021 1:29 PM |
| **To:** | Steele, David J.; Eugene Rome; Brad Cebeci; Jennifer Cho; Sridavi Ganesan |
| **Cc:** | Kroll, Howard A.; Lauridsen, Steven E. |
| **Subject:** | Re: Facebook v. Namecheap - Registrar's Certificate |

**<<< EXTERNAL EMAIL >>>**

I'm waiting on additional information from the client on whether the "clientHold" code applies to all domains. I will also need to present your new request for a spreadsheet to them. Until I hear back from the client, we won't be able to have a meaningful meet and confer. Therefore, I suggest we hold our call early next week.

Brianna

**From:** "Steele, David J." <David.Steele@tuckerellis.com>
**Date:** Wednesday, March 3, 2021 at 12:25 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>, Eugene Rome <erome@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>, Jennifer Cho <JCho@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>
**Subject:** RE: Facebook v. Namecheap - Registrar's Certificate

We should hop on that call to discuss so that we're on the same page about what codes Namecheap should set. Then, after Namecheap has set the codes, we would like to have Namecheap prepare a similar spreadsheet – since Namecheap and the registries block and restrict whois lookups it is a real pain for us to pull these codes (and it's trivial for Namecheap to do so).

David

PS: "ok" is the default EPP code; and it means that no other locks have been set.

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Wednesday, March 3, 2021 12:00 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>; Jennifer Cho <JCho@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Re: Facebook v. Namecheap - Registrar's Certificate

**<<< EXTERNAL EMAIL >>>**

David,

The status codes on your spreadsheet don't match those listed below.  Several of them are controlled by the registries, not Namecheap (autoRenewPeriod, serverHold, and serverTransferProhibited).  I'm not sure if "ok" is a status code that Namecheap controls.  Also, it's my understanding that the "clientHold" code only applies to domains that have been suspended, rather than all domains that have been locked.

Nonetheless, I forwarded your list to the client and asked them to make sure the appropriate codes that Namecheap controls are applied.   I suggest that we allow at least a day for Namecheap's team to implement the specific codes you are requesting.  After that, if Plaintiffs still believe there are issues we need to meet and confer about, I suggest we schedule a time early next week.

Brianna

**From:** "Steele, David J." <David.Steele@tuckerellis.com>
**Date:** Tuesday, March 2, 2021 at 8:22 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>, Eugene Rome <erome@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>, Jennifer Cho <JCho@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>
**Subject:** RE: Facebook v. Namecheap - Registrar's Certificate

Brianna,

I think it makes sense to meet and confer tomorrow to see if we can reach an agreement. Are you free at 2:00 pm?

In the meanwhile, would you please have your client set all five of the EPP status codes for all the domain names at issue and at Namecheap. Attached is a spreadsheet showing the current state of status codes for all domain names at Namecheap (many of the domain names do not have the EPP status codes set as you indicate below).

Thank you,

David




**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Tuesday, March 2, 2021 10:35 AM
**To:** Steele, David J. <David.Steele@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>; Jennifer Cho <JCho@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Re: Facebook v. Namecheap - Registrar's Certificate

**<<< EXTERNAL EMAIL >>>**

Dear David,

As you are aware, there is a subset of domains in the case that were already expired when Plaintiffs filed their First Amended Complaint.  As I mentioned on our call, Namecheap has no ability to lock domains that are expired.

Namecheap locked all disputed domains where it was possible to do so. To the extent you believe that there are disputed domains Namecheap has control over that have not been locked, please identify the specific domains at issue so that we can investigate and make sure they are locked.

Namecheap will agree to confirm that the following requested client status codes in your draft stipulation are set for each disputed domain name for which Namecheap is the registrar, to the extent it is possible for Namecheap to do so:

- clientDeleteProhibited;
- clientHold;
- clientRenewProhibited;
- clientTransferProhibited; and
- clientUpdateProhibited.

Please note that while Namecheap can set a status code prohibiting the customer from deleting a domain, Namecheap bears no responsibility for tracking expiration or paying for renewal of domains during the lock period. If a locked domain is expiring and Plaintiffs wish to prevent it from being deleted, Plaintiffs can open an account with Namecheap and deposit the money required to renew the domain. It will remain locked following renewal. This is consistent with the procedure that applies in UDRP disputes.

As for your proposed stipulation, since Namecheap has already lodged its own registrar's certificates with the Court, it is not necessary for Namecheap or WhoisGuard to be included in a new stipulation. Because Namecheap has already locked the disputed domains and will voluntarily confirm that these specific codes are set, asking the Court to enter an Order is not necessary.

To the extent Plaintiffs intend to move for a Court Order requiring registrars other than Namecheap to lock domains, Defendants take no position on your request provided that it imposes no additional obligations or burdens upon Namecheap. We also have no objection to Plaintiffs moving for an Order requiring the registries to lock the domains, again as long as it imposes no additional obligations or burdens on Namecheap.

However, we intend to oppose your request to require the registries to set the codes "Inactive" and "serverHold" for domains for which Namecheap is the registrar. Doing so would cause the websites of Namecheap's customers to be disabled, which goes beyond locking the domains to establish the Court's control and jurisdiction over them and maintaining the status quo. There has not been any adjudication to date with respect to the domains subject of Plaintiffs' purported Section 3.7.7.3 inquiries and, therefore, terminating service to customers who may well be acting within their rights would be a gross overreach of Plaintiffs' immediate objectives of ensuring the Court's control over the domains in question. This is also an unnecessary step, as all domains engaging in phishing or other DNS abuse have already been suspended – in many cases, prior to our receipt of any notice about them from Plaintiffs. Again, if there are any domains that you believe have been overlooked, please specifically identify the domains so we can investigate and take appropriate action.

If you wish to meet and confer to discuss this issue further, I am available for a call this afternoon or almost any time Wednesday.

Brianna

---

**From:** "Steele, David J." <David.Steele@tuckerellis.com>
**Date:** Thursday, February 25, 2021 at 9:13 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>, Eugene Rome <erome@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>, Jennifer Cho <JCho@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, "Lauridsen, Steven E."

<Steven.Lauridsen@tuckerellis.com>
**Subject:** RE: Facebook v. Namecheap - Registrar's Certificate

Brianna,

As we discussed during our meet and confer conference, we noted that a number of domain names that were lodged with the Court were not properly locked and were allowed to expire, some were not locked to prevent transfer to other registrars, and some were disabled but others were not.

We have prepared the attached Stipulation, exhibit of domain names, and [proposed] Order for your consideration. As you'll see, the proposed Order will lock all the domain names at issue in the case to prohibit transfer, modification, deletion, and use.

Would you let us know whether Defendants will stipulate as proposed, or if there is some other language you would suggest to address the issues raised, or whether we should file a motion with the court?

Thank you,

David

---

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Monday, February 1, 2021 2:31 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>; Jennifer Cho <JCho@romeandassociates.com>
**Subject:** Facebook v. Namecheap - Registrar's Certificate

**<<< EXTERNAL EMAIL >>>**

---

Dear David,

On our meet and confer call last week, you indicated that Plaintiffs had several issues with Namecheap's Registrar Certificate and/or locking of domains. It was unclear what exactly the issues were or what action Plaintiffs wanted Namecheap to take in response, and we invited Plaintiffs to identify their issues in writing along with an identification of the specific domains at issue.

Since the call, we have not received anything from Plaintiffs on this topic. Unless we hear otherwise from you, we will assume that this matter is resolved.

Brianna