# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV-20-470-PHX-GMS<br><br>**[PROPOSED] ADDENDUM TO STIPULATED PROTECTIVE ORDER** |

Plaintiff and Counterclaim Defendant Facebook, Inc., Plaintiffs Instagram, LLC and WhatsApp Inc. (collectively, "Plaintiffs") and Defendant Namecheap, Inc. and Defendant and Counterclaimant WhoisGuard, Inc. (together, "Defendants") (collectively, with Plaintiffs, "the Parties"), through their respective counsel, hereby stipulate as follows:

WHEREAS, a dispute has arisen over Defendants' designation of certain customer information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

WHEREAS, Defendants produced the customer information at issue both in response to demand letters sent by Plaintiffs' counsel as well as in WhoisGuard's Mandatory Initial Discovery Pilot Project ("MIDP") document production;

WHEREAS, Plaintiffs, through their counsel, have represented that the designations will interfere with their ongoing brand enforcement efforts separate and apart from this lawsuit;

WHEREAS, Defendants deny that any material was improperly designated; and

WHEREAS on April 12, 2021, counsel for the Parties met and conferred via video conference for approximately 45 minutes in an effort to resolve this dispute without the need for Court intervention.

NOW, THEREFORE, without admitting or denying that the domain names in Plaintiffs' demand letters are part of Plaintiffs' claims in this action, IT IS HEREBY STIPULATED that the Protective Order entered by the Court on March 31, 2021 (Doc. No. 90) shall include the following addendum:

### "REVEAL REQUEST" ADDENDUM

1. DEFINITIONS:

    1.1 "REVEAL REQUEST" Protected Material: customer information that is produced in response to demand letters from Plaintiffs' counsel invoking Section 3.7.7.3 of ICANN's Registrar Accreditation Agreement.

1.2     All other definitions set forth in Section 2 of the Stipulated Protective Order shall apply to this Addendum.

2.     MANNER AND TIMING OF DESIGNATIONS:

2.1     "REVEAL REQUEST" Protected Material shall be designated in the same manner as other categories of Protected Material.

2.2     For material that was previously produced, the Producing Party shall reproduce copies of the Protected Material that are labelled with the appropriate designation. The Receiving Party shall promptly destroy or return the previously produced copies.

3.     ACCESS TO AND USE OF "REVEAL REQUEST" PROTECTED MATERIAL:

3.1     A Receiving Party may use "REVEAL REQUEST" Protected Material for the following purposes: brand enforcement, including but not limited to initiating and maintaining new lawsuits; proceedings under Uniform Domain-Name Dispute-Resolution Policy ("UDRP"); arbitration proceedings; any other legal or quasi-legal matter, which specifically includes pre-litigation advocacy such as sending cease and desist letters, serving subpoenas, and engaging in ongoing monitoring efforts with respect to the domains and/or registrants at issue; and/or addressing malware attacks and other forms of DNS abuse and security threats.

3.2     A Receiving Party may disclose "REVEAL REQUEST" Protected Material to:

(a) outside counsel, as well as their employees, to whom disclosure is reasonably necessary for the purposes in Section 3.1 above;

(b) all categories of persons to whom "CONFIDENTIAL" Protected Material may be disclosed pursuant to Section 7.2 of the Stipulated Protective Order; and

(c) other persons, including security consultants, to whom disclosure is reasonably necessary for the purposes in Section 3.1 above and who have signed

the "Acknowledgement and Agreement to Be Bound" (Exhibit A to the Stipulated Protective Order).

3.3     A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to authorized persons.

3.4     After the final disposition of this action, the Receiving Party may continue to use "REVEAL REQUEST" Protected Material for the brand enforcement purposes in Section 3.1 above.

3.5     All other terms of the Stipulated Protective Order shall otherwise apply and remain in effect, unless the Designating Party agrees otherwise in writing or a court order otherwise directs.

3.6     By entering into this Addendum to the Stipulated Protective Order, the Parties do not agree or disagree that the domains subject of the REVEAL REQUESTS are properly part of this action. This Addendum shall not be introduced into evidence during trial of this action.

**SO ORDERED.**