# Exhibit D

| | |
|---|---|
| **Subject:** | Re: Facebook v. Namecheap - meet and confer |
| **Date:** | Tuesday, April 13, 2021 at 5:57:14 PM Pacific Daylight Time |
| **From:** | Brianna Dahlberg <BDahlberg@romeandassociates.com> |
| **To:** | Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>, Steele, David J. <David.Steele@tuckerellis.com> |
| **CC:** | Kroll, Howard A. <Howard.Kroll@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com> |
| **Attachments:** | Facebook vs NameCheap - Addendum to Protective Order(2).docx |

Steven,

We have considered your position and offer the following proposed stipulated addendum to the protective order, which we believe allows Plaintiffs to meet their brand enforcement objectives while appropriately balancing the privacy concerns over the customers' personal information.

We have drafted the brand enforcement carve-out to broadly include any other legal or quasi-legal matters. We have also included a provision that states that by entering into the addendum, the parties are not agreeing or disagreeing that the domains at issue are properly part of the action.

Please let us know whether these terms are acceptable to Plaintiffs.  We would appreciate a response no later than the end of the day on Friday.

Brianna

---

**From:** "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>
**Date:** Monday, April 12, 2021 at 4:38 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>, "Steele, David J." <David.Steele@tuckerellis.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** RE: Facebook v. Namecheap - meet and confer

Brianna,

We appreciate you and your team taking the time to meet with us today. As we discussed, Defendants will provide a proposed carve-out compromise for customer data by close of business tomorrow. We also agreed that our conference of counsel today covered both the documents identified in David Steele's March 26, 2021 letter as well as analogous documents contained in Whoisguard's confidential MIPD production. Please let me know as soon as possible if your understanding differs.

Best regards,
Steven

---

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Thursday, April 8, 2021 10:29 AM
**To:** Steele, David J. <David.Steele@tuckerellis.com>

**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** Re: Facebook v. Namecheap - meet and confer

**<<< EXTERNAL EMAIL >>>**

David,

3 pm on Monday works for us.

Brianna

---

**From:** "Steele, David J." <David.Steele@tuckerellis.com>
**Date:** Wednesday, April 7, 2021 at 7:48 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** RE: Facebook v. Namecheap - meet and confer

Brianna,

Unfortunately, Friday is booked solid.

Are you available on any of the following days/times: Monday at 2:00 pm or 3:00 pm , or 4:00 pm; Tuesday at 10:00 am, or 2:00 pm; or Wednesday at 11:00 am, or 2:00 pm?

David

---

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Wednesday, April 7, 2021 11:16 AM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** Facebook v. Namecheap - meet and confer

**<<< EXTERNAL EMAIL >>>**

Dear David,

I am writing in response to your March 26 letter to Eugene regarding the confidentiality designations of Namecheap's customer information. We disagree with the positions taken in your letter, and in particular, your allegation that Namecheap designated this material confidential in order to interfere with your client's brand enforcement efforts. The customers' personal information is subject to privacy laws, including the GDPR, which necessitates confidentiality. We also disagree with your statement that the information was not

provided in connection with the litigation.

We are available to meet and confer Friday afternoon at 2:30. On the same call, we would like to discuss the timing of the remainder of the parties' initial MIDP productions.  Now that the Court has entered the protective Order, WhoisGuard expects to produce the confidential portion of its MIDP production either this afternoon or tomorrow.  Please note that in this production, we will be reproducing copies of all previously produced customer information that are labeled with the appropriate confidentiality designations.

Please let us know if 2:30 on Friday afternoon works for you.

Brianna

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV-20-470-PHX-GMS<br><br>**[PROPOSED] STIPULATED ADDENDUM TO PROTECTIVE ORDER** |

Plaintiff and Counterclaim Defendant Facebook, Inc., Plaintiffs Instagram, LLC and WhatsApp Inc. (collectively, "Plaintiffs") and Defendant Namecheap, Inc. and Defendant and Counterclaimant WhoisGuard, Inc. (together, "Defendants") (collectively, with Plaintiffs, "the Parties"), through their respective counsel, hereby stipulate as follows:

WHEREAS, a dispute has arisen over Defendants' designation of certain customer information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

WHEREAS, Defendants produced the customer information at issue both in response to demand letters sent by Plaintiffs' counsel as well as in WhoisGuard's Mandatory Initial Discovery Pilot Project ("MIDP") document production;

WHEREAS, Plaintiffs, through their counsel, have represented that the designations will interfere with their ongoing brand enforcement efforts separate and apart from this lawsuit;

WHEREAS, Defendants deny that any material was improperly designated; and

WHEREAS on April 12, 2021, counsel for the Parties met and conferred via video conference for approximately 45 minutes in an effort to resolve this dispute without the need for Court intervention.

NOW, THEREFORE, without admitting or denying that the domain names in Plaintiffs' demand letters are part of Plaintiffs' claims in this action, IT IS HEREBY STIPULATED that the Protective Order entered by the Court on March 31, 2021 (Doc. No. 90) shall include the following addendum:

### "REVEAL REQUEST" ADDENDUM

1. DEFINITIONS:

    1.1 <u>"REVEAL REQUEST" Protected Material</u>: customer information that is produced in response to demand letters from Plaintiffs' counsel invoking Section 3.7.7.3 of ICANN's Registrar Accreditation Agreement.

1.2    All other definitions set forth in Section 2 of the Stipulated Protective Order shall apply to this Addendum.

2.    MANNER AND TIMING OF DESIGNATIONS:

2.1    "REVEAL REQUEST" Protected Material shall be designated in the same manner as other categories of Protected Material.

2.2    For material that was previously produced, the Producing Party shall reproduce copies of the Protected Material that are labelled with the appropriate designation. The Receiving Party shall promptly destroy or return the previously produced copies.

3.    ACCESS TO AND USE OF "REVEAL REQUEST" PROTECTED MATERIAL:

3.1    A Receiving Party may use "REVEAL REQUEST" Protected Material for the following purposes: brand enforcement, including but not limited to initiating and maintaining new lawsuits; proceedings under Uniform Domain-Name Dispute-Resolution Policy ("UDRP"); arbitration proceedings; and/or any other legal or quasi-legal matter, which specifically includes pre-litigation advocacy such as sending cease and desist letters, serving subpoenas, and engaging in ongoing monitoring efforts with respect to the domains and/or registrants at issue.

3.2    A Receiving Party may disclose "REVEAL REQUEST" Protected Material to:

(a) outside counsel, as well as their employees, to whom disclosure is reasonably necessary for the purposes in Section 3.1 above; and

(b) all categories of persons to whom "CONFIDENTIAL" Protected Material may be disclosed pursuant to Section 7.2 of the Stipulated Protective Order.

3.3    A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to authorized persons.

3.4    After the final disposition of this action, the Receiving Party may continue

to use "REVEAL REQUEST" Protected Material for the brand enforcement purposes in Section 3.1 above.

      3.5    All other terms of the Stipulated Protective Order shall otherwise apply and remain in effect, unless the Designating Party agrees otherwise in writing or a court order otherwise directs.

      3.6    By entering into this Addendum to the Stipulated Protective Order, the Parties do not agree or disagree that the domains subject of the REVEAL REQUESTS are properly part of this action. This Addendum shall not be introduced into evidence during trial of this action.

**SO ORDERED.**