# Exhibit E

| | |
|---|---|
| **Subject:** | Re: Facebook v. Namecheap - meet and confer |
| **Date:** | Friday, April 30, 2021 at 5:55:18 PM Pacific Daylight Time |
| **From:** | Brianna Dahlberg <BDahlberg@romeandassociates.com> |
| **To:** | Steele, David J. <David.Steele@tuckerellis.com> |
| **CC:** | Kroll, Howard A. <Howard.Kroll@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>, Sindelar, Jeffrey C. <Jeffrey.Sindelar@tuckerellis.com>, Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> |
| **Attachments:** | image001.png, image002.png, Facebook vs NameCheap - Addendum to Protective Order (2021-04-30 Defs' rev).docx |

Dear David,

On Wednesday's call about the designations dispute, Judge Snow noted that it doesn't seem like there was much disagreement between the parties and instructed us to keep negotiating. However, we haven't heard anything further from Plaintiffs since the call.

In an effort to try to resolve this dispute without involving the Court further, Defendants are willing to specifically include "addressing malware attacks and other forms of DNS abuse and security threats" as a purpose for which the customer data may be used in our proposed addendum to the protective order. We have also added a provision allowing the customer data to be disclosed to security consultants and others reasonably necessary for the stated purposes, who have signed the acknowledgement.

A redlined version of our proposed addendum is attached. We believe this version addresses the malware issue you raised on the call.

Please let us know if Plaintiffs are willing to agree to our proposal.



bdahlberg@romeandassociates.com
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Cell: (818) 274-1357
Facsimile:  (310) 282-0691

~~ www.romeandassociates.com ~~

CONFIDENTIAL COMMUNICATION:

The information contained in this e-mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others.  If you have received this message in error, please immediately notify the sender by reply email or telephone and delete it from your system.

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Date:** Friday, April 23, 2021 at 11:19 AM
**To:** "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>, "Steele, David J." <David.Steele@tuckerellis.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>, "Sindelar, Jeffrey C." <Jeffrey.Sindelar@tuckerellis.com>
**Subject:** Re: Facebook v. Namecheap - meet and confer

Steven,

Our clients cannot agree to your proposal. First, it does not address our concern about enforcement.  If Plaintiffs violate the agreement by misusing customer data, we would be forced to file a separate lawsuit to address the violation.  By constrast, under our proposal to amend the existing stipulated protective order, there is already a mechanism built in for the Court to enforce violations.

Second, Plaintiffs' proposal that they be permitted to use and dislose customer information "consistent with these legitimate purposes and applicable data protection law" is unacceptably vague, particularly in light of Facebook's track record of failing to comply with such laws. As you know, Facebook was also filed $5 billion by the FTC for privacy violations. In December, it was reported that Facebook has set aside $366 million for expected GDPR fines. See, e.g., https://www.complianceweek.com/gdpr/facebook-reserves-366m-for-expected-gdpr-fines-in-ireland/29829.article. This was before the news broke in April of the data breach of the personal information of 533 million users, which Facebook failed to disclose to users or regulators at the time and which has triggered a new GDPR investigation: https://techcrunch.com/2021/04/14/ireland-opens-gdpr-investigation-into-facebook-leak/. Given this history, our clients need more assurances that the data will be kept secure and will not be used inappropriately before they agree to remove the confidentiality designations.

To the extent Plaitniffs' objective is to use the information for abuse investigations and other legitimate brand enforcement purposes, the amendment we have proposed permits them to do that.  We hope that Plaitniffs will reconsider our proposed compromise. If Plaintiffs are not willing to change their position, I am available to call the clerk at 1 pm on Monday.

Brianna



bdahlberg@romeandassociates.com
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Cell: (818) 274-1357
Facsimile:  (310) 282-0691

~~ www.romeandassociates.com ~~

CONFIDENTIAL COMMUNICATION:

The information contained in this e-mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others.  If you have received this message in error, please immediately notify the sender by reply email or telephone and delete it from your system.

**From:** "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>
**Date:** Thursday, April 22, 2021 at 4:28 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>, "Steele, David J." <David.Steele@tuckerellis.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>, "Sindelar, Jeffrey C." <Jeffrey.Sindelar@tuckerellis.com>
**Subject:** RE: Facebook v. Namecheap - meet and confer

Brianna,

I'm writing to follow up on this as we have not yet heard back from you concerning our proposal. We presume you are still conferring with your clients; however, the deadline set by the protective order for us to jointly call the Court to set up a telephonic hearing is this Monday, April 26. Would you therefore please let us know some times you are available tomorrow or Monday to jointly call the Clerk to schedule the hearing?

Best,
Steven

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Tuesday, April 20, 2021 10:27 AM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Sindelar, Jeffrey C. <Jeffrey.Sindelar@tuckerellis.com>
**Subject:** Re: Facebook v. Namecheap - meet and confer

**<<< EXTERNAL EMAIL >>>**

Thanks, David.  We will discuss your proposal and get back to you.

**From:** "Steele, David J." <David.Steele@tuckerellis.com>
**Date:** Monday, April 19, 2021 at 4:58 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad

Cebeci <bcebeci@romeandassociates.com>, "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>, "Sindelar, Jeffrey C." <Jeffrey.Sindelar@tuckerellis.com>
**Subject:** RE: Facebook v. Namecheap - meet and confer

Brianna,

Thank you for sending us the proposed addendum to the protective order. We have reviewed it with our clients; however, it does not sufficiently address the issues we raised. As discussed in our letter, the reveal request information should not be governed by the protective order in this action at all. Still, we understand your clients' concerns raised during our conference of counsel about preventing the misuse and publication of customer information. We accordingly propose the following compromise.

Plaintiffs agree that they will only use the information in connection with their abuse investigation, mitigation and enforcement efforts, and will not publish the information, but may use and disclose the information consistent with these legitimate purposes and applicable data protection law. Plaintiffs' agreement would apply to any additional reveal requests sent by our clients, regardless of whether this action remains pending or has been resolved. For the purposes of this agreement, publication is defined as posting a significant portion of the information received from Defendants from these disclosure requests on a publicly accessible website.

The proposed compromise accomplishes all parties' goals while keeping the procedure for handling such information as streamlined as possible. Please let us know whether this is agreeable to you and your clients.

David

---

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Tuesday, April 13, 2021 5:57 PM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** Re: Facebook v. Namecheap - meet and confer

**<<< EXTERNAL EMAIL >>>**

---

Steven,

We have considered your position and offer the following proposed stipulated addendum to the protective order, which we believe allows Plaintiffs to meet their brand enforcement objectives while appropriately balancing the privacy concerns over the customers' personal information.

We have drafted the brand enforcement carve-out to broadly include any other legal or quasi-legal matters. We have also included a provision that states that by entering into the addendum, the parties are not agreeing or disagreeing that the domains at issue are properly part of the action.

Please let us know whether these terms are acceptable to Plaintiffs. We would appreciate a response no

later than the end of the day on Friday.

Brianna

---

**From:** "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>
**Date:** Monday, April 12, 2021 at 4:38 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>, "Steele, David J." <David.Steele@tuckerellis.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** RE: Facebook v. Namecheap - meet and confer

Brianna,

We appreciate you and your team taking the time to meet with us today. As we discussed, Defendants will provide a proposed carve-out compromise for customer data by close of business tomorrow. We also agreed that our conference of counsel today covered both the documents identified in David Steele's March 26, 2021 letter as well as analogous documents contained in Whoisguard's confidential MIPD production. Please let me know as soon as possible if your understanding differs.

Best regards,
Steven

---

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Thursday, April 8, 2021 10:29 AM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** Re: Facebook v. Namecheap - meet and confer

**<<< EXTERNAL EMAIL >>>**

---

David,

3 pm on Monday works for us.

Brianna

---

**From:** "Steele, David J." <David.Steele@tuckerellis.com>
**Date:** Wednesday, April 7, 2021 at 7:48 PM
**To:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Cc:** "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>, "Lauridsen, Steven E." <Steven.Lauridsen@tuckerellis.com>, Eugene Rome <erome@romeandassociates.com>, Sridavi Ganesan <sganesan@romeandassociates.com>, Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** RE: Facebook v. Namecheap - meet and confer

Brianna,

Unfortunately, Friday is booked solid.

Are you available on any of the following days/times: Monday at 2:00 pm or 3:00 pm , or 4:00 pm; Tuesday at 10:00 am, or 2:00 pm; or Wednesday at 11:00 am, or 2:00 pm?

David

---

**From:** Brianna Dahlberg <BDahlberg@romeandassociates.com>
**Sent:** Wednesday, April 7, 2021 11:16 AM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Eugene Rome <erome@romeandassociates.com>; Sridavi Ganesan <sganesan@romeandassociates.com>; Brad Cebeci <bcebeci@romeandassociates.com>
**Subject:** Facebook v. Namecheap - meet and confer

**<<< EXTERNAL EMAIL >>>**

---

Dear David,

I am writing in response to your March 26 letter to Eugene regarding the confidentiality designations of Namecheap's customer information. We disagree with the positions taken in your letter, and in particular, your allegation that Namecheap designated this material confidential in order to interfere with your client's brand enforcement efforts. The customers' personal information is subject to privacy laws, including the GDPR, which necessitates confidentiality. We also disagree with your statement that the information was not provided in connection with the litigation.

We are available to meet and confer Friday afternoon at 2:30. On the same call, we would like to discuss the timing of the remainder of the parties' initial MIDP productions. Now that the Court has entered the protective Order, WhoisGuard expects to produce the confidential portion of its MIDP production either this afternoon or tomorrow. Please note that in this production, we will be reproducing copies of all previously produced customer information that are labeled with the appropriate confidentiality designations.

Please let us know if 2:30 on Friday afternoon works for you.

Brianna

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>              Plaintiffs,<br><br>     v.<br><br>Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV-20-470-PHX-GMS<br><br>**[PROPOSED] STIPULATED ADDENDUM TO PROTECTIVE ORDER** |

1

Plaintiff and Counterclaim Defendant Facebook, Inc., Plaintiffs Instagram, LLC and WhatsApp Inc. (collectively, "Plaintiffs") and Defendant Namecheap, Inc. and Defendant and Counterclaimant WhoisGuard, Inc. (together, "Defendants") (collectively, with Plaintiffs, "the Parties"), through their respective counsel, hereby stipulate as follows:

WHEREAS, a dispute has arisen over Defendants' designation of certain customer information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

WHEREAS, Defendants produced the customer information at issue both in response to demand letters sent by Plaintiffs' counsel as well as in WhoisGuard's Mandatory Initial Discovery Pilot Project ("MIDP") document production;

WHEREAS, Plaintiffs, through their counsel, have represented that the designations will interfere with their ongoing brand enforcement efforts separate and apart from this lawsuit;

WHEREAS, Defendants deny that any material was improperly designated; and

WHEREAS on April 12, 2021, counsel for the Parties met and conferred via video conference for approximately 45 minutes in an effort to resolve this dispute without the need for Court intervention.

NOW, THEREFORE, without admitting or denying that the domain names in Plaintiffs' demand letters are part of Plaintiffs' claims in this action, IT IS HEREBY STIPULATED that the Protective Order entered by the Court on March 31, 2021 (Doc. No. 90) shall include the following addendum:

### "REVEAL REQUEST" ADDENDUM

1. DEFINITIONS:

    1.1   "REVEAL REQUEST" Protected Material: customer information that is produced in response to demand letters from Plaintiffs' counsel invoking Section 3.7.7.3 of ICANN's Registrar Accreditation Agreement.

1.2     All other definitions set forth in Section 2 of the Stipulated Protective Order shall apply to this Addendum.

2.     MANNER AND TIMING OF DESIGNATIONS:

2.1     "REVEAL REQUEST" Protected Material shall be designated in the same manner as other categories of Protected Material.

2.2     For material that was previously produced, the Producing Party shall reproduce copies of the Protected Material that are labelled with the appropriate designation. The Receiving Party shall promptly destroy or return the previously produced copies.

3.     ACCESS TO AND USE OF "REVEAL REQUEST" PROTECTED MATERIAL:

3.1     A Receiving Party may use "REVEAL REQUEST" Protected Material for the following purposes: brand enforcement, including but not limited to initiating and maintaining new lawsuits; proceedings under Uniform Domain-Name Dispute-Resolution Policy ("UDRP"); arbitration proceedings; any other legal or quasi-legal matter, which specifically includes pre-litigation advocacy such as sending cease and desist letters, serving subpoenas, and engaging in ongoing monitoring efforts with respect to the domains and/or registrants at issue; and/or addressing malware attacks and other forms of DNS abuse and security threats.

3.2     A Receiving Party may disclose "REVEAL REQUEST" Protected Material to:

(a) outside counsel, as well as their employees, to whom disclosure is reasonably necessary for the purposes in Section 3.1 above;

(b) all categories of persons to whom "CONFIDENTIAL" Protected Material may be disclosed pursuant to Section 7.2 of the Stipulated Protective Order; and

(c) other persons, including security consultants, to whom disclosure is reasonably necessary for the purposes in Section 3.1 above and who have signed

> Deleted: and/or
> Deleted: and
> Deleted: .

the "Acknowledgement and Agreement to Be Bound" (Exhibit A to the Stipulated Protective Order).

3.3   A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to authorized persons.

3.4   After the final disposition of this action, the Receiving Party may continue to use "REVEAL REQUEST" Protected Material for the brand enforcement purposes in Section 3.1 above.

3.5   All other terms of the Stipulated Protective Order shall otherwise apply and remain in effect, unless the Designating Party agrees otherwise in writing or a court order otherwise directs.

3.6   By entering into this Addendum to the Stipulated Protective Order, the Parties do not agree or disagree that the domains subject of the REVEAL REQUESTS are properly part of this action. This Addendum shall not be introduced into evidence during trial of this action.

**SO ORDERED.**