David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC and
WhatsApp LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>Namecheap, Inc., et al.,<br><br>　　　　　　Defendants. | Case No. CV-20-470-PHX-GMS<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT FACEBOOK, INC.'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT WHOISGUARD, INC.'S FIRST AMENDED COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| WhoisGuard, Inc.,<br><br>　　　　　　Counterclaimant,<br><br>　v.<br><br>Facebook, Inc.,<br><br>　　　　　　Counterclaim Defendant. | |

Plaintiff and Counterclaim Defendant Facebook, Inc. ("Facebook") responds to the allegations in Defendant and Counterclaimant WhoisGuard, Inc.'s First Amended Counterclaim as follows. In responding to the First Amended Counterclaim, Facebook understands any headings therein to be for organizational purposes only and therefore denies any substantive allegations contained in any such headings. Further, any allegations not expressly admitted in this Answer are denied.

### JURISDICTION AND VENUE

1. Facebook admits the allegations in Paragraph 1.

2. Facebook admits the allegations in Paragraph 2.

### THE PARTIES

3. Facebook admits the allegations in Paragraph 3.

4. Facebook lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 4, and on that basis denies the allegation in Paragraph 4.

### FACTUAL ALLEGATIONS

5. Facebook states that, to the extent the allegations contained in Paragraph 5 attempt to characterize the U.S. Patent and Trademark Office ("PTO") records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 5.

6. Facebook states that, to the extent the allegations contained in Paragraph 6 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 6.

7. Facebook admits the allegations in Paragraph 7.

8. Facebook admits the allegations in Paragraph 8.

9. Facebook admits the allegations in Paragraph 9 that Facebook filed the application that eventually matured into the '234 Registration but denies that it filed the application on March 12, 2012.

10. Facebook admits the allegations in Paragraph 10.

11. Facebook states that, to the extent the allegations contained in Paragraph 11

1

attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 11.

12. Facebook states that, to the extent the allegations contained in Paragraph 12 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 12.

13. Facebook states that, to the extent the allegations contained in Paragraph 13 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 13. The remainder of Paragraph 13 contains legal conclusions to which no response is required.

14. Facebook states that, to the extent the allegations contained in Paragraph 14 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 14.

15. Facebook states that, to the extent the allegations contained in Paragraph 15 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 15.

16. Facebook states that, to the extent the allegations contained in Paragraph 16 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 16.

17. Facebook states that, to the extent the allegations contained in Paragraph 17 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 17.

18. Facebook states that, to the extent the allegations contained in Paragraph 18 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 18. Facebook otherwise admits that its first use in commerce of the FB Mark occurred at least as early as "04/00/2014" and that this date is stated on each statement of use for the FB Registrations.

19. Facebook states that, to the extent the allegations contained in Paragraph 19 attempt to characterize the PTO records described therein, the documents speak for

themselves and on that basis Facebook denies the allegations of Paragraph 19.

20. Facebook states that, to the extent the allegations contained in Paragraph 20 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 20. Facebook otherwise admits that it has represented in its statements of use for the '234 and '235 Registrations that the FB Mark had been first used in commerce on "04/00/2014." Facebook denies the remaining allegations contained in Paragraph 20.

21. Facebook states that, to the extent the allegations contained in Paragraph 21 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 21.

22. Except for the legal conclusions contained in Paragraph 22 to which no response is required, Facebook denies the allegations contained in Paragraph 22.

23. Facebook denies the allegations contained in Paragraph 23.

24. Facebook denies the allegations contained in Paragraph 24.

25. Facebook states that, to the extent the allegations contained in Paragraph 25 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 25.

26. Facebook states that, to the extent the allegations contained in Paragraph 26 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 26.

27. Facebook admits the FB Newswire page referenced in Paragraph 27 operated until at least on or about October 18, 2016 and that portions of the FB Newswire page were submitted as specimens for the applications that matured into the FB Registrations. Facebook denies any remaining allegations contained in Paragraph 27.

28. Facebook denies the allegations contained in Paragraph 28.

29. Except to admit that Facebook has enforced its rights in its FB trademark, Facebook denies the remaining allegations contained in Paragraph 29.

30. Facebook admits the allegations contained in Paragraph 30.

31. Facebook states that, to the extent the allegations contained in Paragraph 31 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 31.

32. Facebook denies the allegations contained in Paragraph 32.

33. Except for the legal conclusions contained in Paragraph 33 to which no response is required, Facebook states that, to the extent the allegations contained in Paragraph 33 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 33.

34. Except for the legal conclusions contained in Paragraph 34 to which no response is required, Facebook states that, to the extent the allegations contained in Paragraph 34 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 34.

35. Facebook denies the allegations contained in Paragraph 35.

36. Facebook denies the allegations contained in Paragraph 36.

37. Facebook denies the allegations contained in Paragraph 37.

38. Facebook denies the allegations contained in Paragraph 38.

39. Facebook states that, to the extent the allegations contained in Paragraph 39 attempt to characterize the website described therein, the website speaks for itself and on that basis Facebook denies the allegations contained in Paragraph 39.

40. Facebook states that, to the extent the allegations contained in Paragraph 40 attempt to characterize the website described therein, the website speaks for itself and on that basis Facebook denies the allegations contained in Paragraph 40.

41. Facebook states that, to the extent the allegations contained in Paragraph 41 attempt to characterize the website described therein, the website speaks for itself and on that basis Facebook denies the allegations contained in Paragraph 41.

42. Facebook denies the allegations contained in Paragraph 42.

43. Facebook denies the allegation that it asserts exclusive trademark rights in common words or that it overreaches with respect to its trademarks. Facebook states that,

to the extent the allegations contained in Paragraph 43 attempt to characterize the website described therein, the website speaks for itself and on that basis Facebook denies the allegations contained in Paragraph 43.

44. Facebook admits that it owns domain names incorporating the letters "FB." Facebook further admits that it uses the FB Mark in commerce. Except for the legal conclusions contained in Paragraph 44 to which no response is required, Facebook denies the remaining allegations in Paragraph 44.

45. Due to the fact that Paragraph 45 is vague and ambiguous, Facebook lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 45, and on that basis denies the allegation in Paragraph 45.

46. Facebook denies the allegations in Paragraph 46.

47. Facebook admits that it began using the FB monogram identified in Paragraph 45 in 2020 in connection with Facebook's branding efforts.

48. Apart from the legal conclusions to which no response is required, Facebook denies the allegations in Paragraph 48.

49. Facebook denies the allegations in Paragraph 49.

50. Facebook denies the allegations in Paragraph 50.

51. Facebook denies the allegations in Paragraph 51.

52. Facebook admits the allegations in Paragraph 52.

53. Facebook admits that it currently uses the "FB" favicon on its corporate website. Facebook denies the remaining allegations in Paragraph 53.

**FIRST CAUSE OF ACTION**

**(Cancellation of FB Registration)**

**Pursuant to 15 U.S.C. § 1119**

54. Facebook repeats and realleges each of the allegations set forth in the preceding paragraphs of this Answer to WhoisGuard's First Amended Counterclaim as if fully stated here.

55. Facebook admits the allegations in Paragraph 55.

56. Facebook admits the allegations in Paragraph 56.

57. Facebook states that, to the extent the allegations contained in Paragraph 57 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 57.

58. Facebook states that, to the extent the allegations contained in Paragraph 58 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 58.

59. Facebook states that, to the extent the allegations contained in Paragraph 59 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 59.

60. Facebook states that, to the extent the allegations contained in Paragraph 60 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 60.

61. Facebook admits that it, in filing its Statements of Use for the applications that matured into the '764 and '777 Registrations, Facebook only claimed use for a sub-portion of the goods and services listed in those applications and otherwise deleted the remaining goods and services listed in those applications. Facebook denies any remaining allegations in Paragraph 61.

62. Facebook denies the allegations in Paragraph 62.

63. Facebook denies the allegations in Paragraph 63.

64. Facebook states that, to the extent the allegations contained in Paragraph 64 attempt to characterize the PTO records described therein, the documents speak for themselves and on that basis Facebook denies the allegations of Paragraph 64.

65. Facebook denies the allegations in Paragraph 65.

66. Facebook denies the allegations in Paragraph 66.

67. Facebook denies the allegations in Paragraph 67.

68. Facebook denies the allegations in Paragraph 68.

69. Facebook denies the allegations in Paragraph 69.

70. Facebook denies the allegations in Paragraph 70.

71. Facebook denies the allegations in Paragraph 71.

72. Facebook denies the allegations in Paragraph 72

73. Facebook denies the allegations in Paragraph 73.

74. Facebook denies the allegations in Paragraph 74.

75. Facebook denies that WhoisGuard is entitled to any of the relief requested in WhoisGuard's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### Failure to State a Claim

For at least the reasons set forth in Facebook's motion to dismiss, the First Amended Counterclaim fails to state a claim upon which relief can be granted.

### Estoppel

WhoisGuard is estopped from challenging the validity of the FB Marks or the FB Registrations based on its failure to do so after an extensive period of time during which it received written notice of Facebook's rights.

### Laches

WhoisGuard cannot be awarded the relief it seeks because it unreasonably delayed in bringing its cancellation claims to the detriment and prejudice of Facebook and Facebook's rights.

### Waiver

WhoisGuard has waived any right to challenge the FB Marks or the FB Registrations at least in whole or in part based on WhoisGuard's prior knowledge of Facebook's rights in the FB mark combined with its decision not to previously challenge the validity or enforceability of the FB Mark or any registrations for the FB Mark.

### Unclean Hands

WhoisGuard has profited from its own unlawful use and its licensees' unlawful use of the FB Mark. WhoisGuard also operates an unlawful scheme to provide a haven for cybercriminals who intentionally infringe on Facebook's rights.

7

**REQUEST FOR RELIEF**

WHEREFORE, Facebook requests that the Court enter judgment that WhoisGuard take nothing by way of its First Amended Counterclaim and that all claims therein be dismissed with prejudice. Facebook further requests that the Court award Facebook its costs and reasonable attorneys' in defending against the First Amended Counterclaim.

**JURY DEMAND**

Facebook demands a trial by jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: July 22, 2021

TUCKER ELLIS LLP
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223


By: /s/ *Jacob C. Jones*
SNELL & WILMER L.L.P.
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Attorneys for Plaintiffs,
FACEBOOK, INC., INSTAGRAM, LLC,
and WHATSAPP LLC