IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook Incorporated, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>Namecheap Incorporated, et al.,<br><br>        Defendants.<br>WhoisGuard, Inc.,<br><br>        Counterclaimant,<br><br>v.<br><br>Facebook, Inc.,<br><br>        Counterclaim Defendant. | No. CV-20-00470-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Facebook Inc., Instagram, LLC, and WhatsApp Inc.'s ("Plaintiffs") Motion Challenging WhoisGuard's Designation of Licensee Information. (Doc. 98). For the following reasons, Plaintiffs' motion is granted.[1]

---

[1] Plaintiffs requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

## BACKGROUND

During this litigation, Plaintiffs sent thirteen letters ("Reveal Requests") to Defendant WhoisGuard, Inc. ("WhoisGuard"). *Id.* at 2. The Reveal Requests asked that WhoisGuard disclose the identities and contact information for WhoisGuard customers ("Licensee Information") whom Plaintiffs allege "used infringing, harmful, or abusive domain names." *Id.* In response to most of those requests, WhoisGuard provided the Licensee Information voluntarily and without restriction. *Id.*

On March 12, 2021, the parties agreed to the terms of a protective order ("Stipulated Protective Order") and subsequently filed that proposed order with the Court on March 16. *Id.* at 5. On March 18, WhoisGuard responded to two of the Reveal Requests with the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order." *Id.* at 4–5. Subsequently, on March 31, 2021, the Court granted the parties' Stipulated Protective Order. (Doc. 90.) After the Court entered the Stipulated Protective Order, WhoisGuard provided the same Licensee Information in its Mandatory Initial Discovery ("MIDP") production and designated the information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." (Doc. 98 at 3.)

Plaintiffs now move for the Court to order that the Licensee Information provided in response to its Reveal Requests are not subject to the Stipulated Protective Order.

## DISCUSSION

The Stipulated Protective Order defines "Disclosure or Discovery Material" as "all items or information . . . that are produced or generated in disclosures or responses to discovery in this matter." (Doc. 90 at 3.) The Order further defines "'CONFIDENTIAL' Protected Material" as "Disclosure or Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c)" and defines "'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' Protected Material" as "extremely sensitive 'Confidential Protected Material.'" *Id.* Additionally, the Order specifies that it does not cover "any information known to the Receiving Party prior to the disclosure." *Id.* at 5.

The Licensee Information provided in response to Plaintiffs' Reveal Requests are

not subject to the Stipulated Protective Order. As the Order does not include any language retroactively applying it to prior productions, the Licensee Information provided prior to the Court's March 31 entry do not fall within its protection. Furthermore, the Licensee Information provided prior to the Court's entry was not in response to a discovery request or disclosure obligation recognized by Federal Rule of Civil Procedure 26. Additionally, the Licensee Information provided in WhoisGuard's MIDP production is not subject to the Order because it was information already known to Plaintiffs. Therefore, the Licensee Information provided in response to Plaintiffs' Reveal Requests are not subject to the Stipulated Protective Order.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion Challenging WhoisGuard's Designation of Licensee Information Provided Pursuant to RAA § 3.7.7.3 as Highly Confidential Under the Protective Order (Doc. 98) is **GRANTED.** The Licensee Information provided in response to Plaintiffs' Reveal Requests are not subject to the Stipulated Protective Order.

Dated this 4th day of August, 2021.

G. Murray Snow
Chief United States District Judge