David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC and
WhatsApp LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., et al., | Case No. CV-20-470-PHX-GMS |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF SUBMISSION OF ITS RESPONSES TO WHOISGUARD'S INTERROGATORIES AND REQUESTS FOR PRODUCTION** |
| v. | |
| Namecheap, Inc., et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Pursuant to the Court's order stated on the record during the August 20, 2021 telephonic hearing concerning the parties' discovery dispute as to whether the interrogatories and request for production Whoisguard propounded exceed the permissible limit when counting discrete subparts, Plaintiffs hereby submit their responses to the interrogatories and requests for production as Exhibit 1 and Exhibit 2, respectively.

The requests that Plaintiffs contend contain more than one more discrete subpart are identified by a statement to that effect in their narrative response. To aid the Court further, Plaintiffs identify the following requests containing more than one discrete subpart: Interrogatory No. 2, 3, 4, 11, 21, 22, and 25 as well as Request for Production Nos. 2, 3, 6, 7, 13, 16, and 18.

DATED: August 20, 2021                    TUCKER ELLIS LLP

                                          David J. Steele
                                          Howard A. Kroll
                                          Steven E. Lauridsen
                                          515 South Flower Street
                                          Forty-Second Floor
                                          Los Angeles, CA 90071-2223

                                          By: /s/ Jacob C. Jones
                                          SNELL & WILMER L.L.P.
                                          David G. Barker
                                          Jacob C. Jones
                                          One Arizona Center
                                          400 E. Van Buren, Suite 1900
                                          Phoenix, Arizona 85004-2202

                                          Attorneys for Plaintiffs,
                                          FACEBOOK, INC., INSTAGRAM, LLC,
                                          and WHATSAPP LLC

EXHIBIT 1

SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff and
Counterclaim Defendant,
Facebook, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation, | Case No. CV-20-470-PHX-GMS |
| | **PLAINTIFF FACEBOOK, INC.'S OBJECTIONS AND RESPONSES TO WHOISGUARD, INC.'S FIRST SET OF INTERROGATORIES** |
| Plaintiffs, | |
| v. | |
| Namecheap, Inc., a Delaware corporation, and Whoisguard, Inc., a Republic of Panama corporation, | |
| Defendants. | |
| AND RELATED COUNTERCLAIM. | |

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Facebook, Inc. ("Facebook") hereby responds to Defendant Whoisguard, Inc.'s ("Whoisguard") first set of interrogatories. Facebook's responses are made only with knowledge presently available. Facebook will supplement its responses to the extent further discovery or investigation identifies additional responsive information or documentation, to the extent Defendants produce or make available additional information or documentation, and/or to the extent that Facebook's understanding of the scope of the interrogatories changes.

## GENERAL OBJECTIONS

In addition to those grounds for objection that may be set forth specifically in response to a particular interrogatory, Facebook objects generally to each interrogatory on the following grounds, and each of its individual responses incorporates, and is to be read in light of, these General Objections.

1.      Facebook objects to these interrogatories, when combined with their discrete subparts, as exceeding the permissible number of interrogatories permitted by Rule 33 and the Court. Although Facebook has provided a preliminary count of interrogatories, including discrete subparts, Facebook reserves the right to modify its counting methodology after having met and conferred with Whoisguard. In addition to exceeding twenty-five interrogatories when counting discrete subparts, Whoisguard has also propounded three times the number of interrogatories it purports to have propounded because the Court only permits each side to propound twenty-five interrogatories on the other side instead of on each opposing party. *See* Judge Snow's Form Case Management Order § 3.

2.      Facebook objects to these interrogatories to the extent they are overly broad and unduly burdensome such that the answers may be determined by examining, auditing, compiling, abstracting, or summarizing Facebook's business records and such that the burden of deriving or ascertaining the answer will be substantially the same for Facebook and Whoisguard. In such cases, Facebook reserves the right to respond pursuant to Rule 33(d).

1

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

3.     Facebook objects to the definition of "PLAINTIFFS," "YOU," and "YOUR" as overly broad and unduly burdensome. Facebook interprets these terms to mean Facebook and answers for itself alone.

4.     Facebook objects to the definition of "DOCUMENT(S)" to the extent it is broader in scope than that which is set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure.

5.     Facebook objects to the definition of the term "MARK(S)" as being overly broad and unduly burdensome, particularly in light of the fact the definition would encompass information neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of this action. Facebook interprets this term to mean any trademarks and service marks identified in the operative complaint and asserted by Plaintiffs in this action.

6.     Facebook objects to the definition of "IDENTIFY" to the extent it would require Facebook to respond to more than twenty-five interrogatories, including discrete subparts.

7.     Facebook objects to these interrogatories to the extent that they exceed the permissible scope of the applicable Federal Rules of Civil Procedure, the local rules of this Court, or any other applicable orders of the Court.

8.     Facebook objects to Instruction No. 3 to the extent it exceeds the requirements of Rule 33(d), the Civil Local Rules, and any applicable orders of this Court.

9.     Facebook objects to Instruction No. 17 as calling for the production of documents and things pursuant to Rule 34 as opposed to the supplementation of interrogatory responses pursuant to Rules 26(e) and 33.

10.     Facebook has not completed its investigation or discovery relating to this case and has not completed its preparation for trial. As a result, the following responses are based upon and necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of preparing these responses. Consequently, Facebook reserves the right to produce and to refer to at trial or at any other

hearing any evidence, facts, documents, or information not yet discovered or whose relevance has not yet been determined, by Facebook or its counsel.

11.     Facebook objects to each interrogatory insofar as it seeks information and/or documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure.

12.     Facebook objects to the definitions and instructions in Defendants' interrogatories to the extent that such definitions and instructions are not provided in or are inconsistent with Rules 26 and 33 of the Federal Rules of Civil Procedure. Facebook will respond to each of Defendants' interrogatories based upon the plain meaning of the words used therein and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and any other law applicable to these interrogatories.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY all DISPUTED DOMAINS.

**RESPONSE TO INTERROGATORY NO. 1:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions.

**INTERROGATORY NO. 2:**

For each DISPUTED DOMAIN, state the date(s) and circumstances under which PLAINTIFFS first learned of its registration and/or use.

**RESPONSE TO INTERROGATORY NO. 2:**

Facebook objects to this interrogatory as constituting two interrogatories, including discrete subparts, and thus as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the number of DISPUTED DOMAINS in this action.

**INTERROGATORY NO. 3:**

State all factual and legal bases for YOUR allegation that the language of Section 3.7.7.3 of the RAA is part of Namecheap's Domain Name Registration Agreement.

**RESPONSE TO INTERROGATORY NO. 3:**

Facebook objects to this interrogatory as constituting two interrogatories, including discrete subparts, and thus as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory as seeking information duplicative of that which is stated in Plaintiffs' Response to Initial Discovery Request No. 4 § I.A-B.

**INTERROGATORY NO. 4:**

State all factual and legal bases for YOUR allegation WhoisGuard agreed to be bound by Section 3.7.7.3 of the RAA.

**RESPONSE TO INTERROGATORY NO. 4:**

Facebook objects to this interrogatory as constituting two interrogatories, including discrete subparts, and thus as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts.

**INTERROGATORY NO. 5:**

IDENTIFY all COMMUNICATIONS in which YOU provided WhoisGuard with "reasonable evidence of actionable harm" within the meaning of Section 3.7.7.3.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**RESPONSE TO INTERROGATORY NO. 5:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory as being overly broad and unduly burdensome and as seeking information neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this interrogatory is not limited to notices of "reasonable evidence of actionable harm" sent in connection with domain names at issue in this action. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants.

**INTERROGATORY NO. 6:**

For each COMMUNICATION identified in response to interrogatory number 4, describe the investigation and due diligence, if any, PLAINTIFFS conducted before contacting WHOISGUARD.

**RESPONSE TO INTERROGATORY NO. 6:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook objects to this interrogatory as vague and ambiguous in light of its use of the undefined term "WHOISGUARD." Facebook objects to this interrogatory as unintelligible in that it seeks information concerning COMMUNICATIONS identified in response to Interrogatory No. 4, yet that interrogatory does not request that Facebook identify any communications. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the phrase "due diligence."

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**INTERROGATORY NO. 7:**

IDENTIFY each DISPUTED DOMAINS for which YOU claim WhoisGuard failed to timely disclose the identity and contact information for the licensee.

**RESPONSE TO INTERROGATORY NO. 7:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions. Facebook objects to this interrogatory as overly broad and unduly burdensome given the number of DISPUTED DOMAINS at issue in this action.

**INTERROGATORY NO. 8:**

State all facts which support YOUR allegation that DEFENDANTS acted with a bad faith intent to profit from the MARKS, in connection with each of the DISPUTED DOMAINS.

**RESPONSE TO INTERROGATORY NO. 8:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants. Facebook objects to this interrogatory as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this interrogatory is not limited to the trademarks asserted in this action.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**INTERROGATORY NO. 9:**

State all facts which support YOUR allegation that DEFENDANTS' licensees acted with a bad faith intent to profit from the MARKS, in connection with each of the DISPUTED DOMAINS.

**RESPONSE TO INTERROGATORY NO. 9:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants. Facebook objects to this interrogatory as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this interrogatory is not limited to the trademarks asserted in this action.

**INTERROGATORY NO. 10:**

State, in dollars and cents, the actual damages that PLAINTIFFS have suffered as a result of the alleged registration, trafficking, or use of the DISPUTED DOMAINS.

**RESPONSE TO INTERROGATORY NO. 10:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory given that the unlawful conduct at issue in this action is ongoing, and thus Facebook's damages continue to accrue. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants. Facebook objects to this interrogatory as premature in that it calls for expert testimony.

**INTERROGATORY NO. 11:**

For the damages stated in YOUR response to Interrogatory No. 10, describe in detail YOUR methods of calculation of such damages, including all facts to support alleged causation for each DEFENDANT and each licensee of any DEFENDANT.

**RESPONSE TO INTERROGATORY NO. 11:**

Facebook objects to this interrogatory as constituting three interrogatories, including discrete subparts, and thus as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook further objects to this interrogatory given that the unlawful conduct at issue in this action is ongoing, and thus Facebook's damages continue to accrue. Facebook objects to this interrogatory as premature in that it calls for expert testimony.

**INTERROGATORY NO. 12:**

IDENTIFY all instances of consumer confusion caused by the DISPUTED DOMAINS.

**RESPONSE TO INTERROGATORY NO. 12:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**INTERROGATORY NO. 13:**

IDENTIFY all instances in which users have been diverted away from PLAINTIFFS' websites as alleged in as alleged in paragraphs 98, 107, 133, 152, 258 and 267 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the number of DISPUTED DOMAINS at issue in this action. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants.

**INTERROGATORY NO. 14:**

IDENTIFY all DISPUTED DOMAINS which YOU contend Namecheap registered in its own name, as the registrant.

**RESPONSE TO INTERROGATORY NO. 14:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

9

**INTERROGATORY NO. 15:**

IDENTIFY all DISPUTED DOMAINS YOU contend Namecheap used to operate revenue-generating "parking pages."

**RESPONSE TO INTERROGATORY NO. 15:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants.

**INTERROGATORY NO. 16:**

State all facts which support YOUR allegations that Defendants "have acted to further an intentional and continuous scheme to attract cybersquatters to use their services to infringe trademarks through the fraudulent registration of domain names used for malicious activity, including phishing, malware, spam, fraud, and trademark infringement," as alleged in paragraph 35 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 16:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants.

**INTERROGATORY NO. 17:**

IDENTIFY, with specificity, all alleged uses by DEFENDANTS of the MARKS which form the basis for PLAINTIFFS' claims.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

10

**RESPONSE TO INTERROGATORY NO. 17:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants. Facebook objects to this interrogatory as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this interrogatory is not limited to the trademarks asserted in this action.

**INTERROGATORY NO. 18:**

IDENTIFY, with specificity, all alleged uses by DEFENDANTS' licensees of the MARKS which form the basis for PLAINTIFFS' claims.

**RESPONSE TO INTERROGATORY NO. 18:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants. Facebook objects to this interrogatory as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

needs of the action in that this interrogatory is not limited to the trademarks asserted in this action.

**INTERROGATORY NO. 19:**

For each instance of alleged use of PLAINTIFFS' MARKS which form the basis for PLAINTIFFS' claims, state the date(s) and circumstances under which PLAINTIFFS first learned of the use.

**RESPONSE TO INTERROGATORY NO. 19:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions. Facebook objects to this interrogatory as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this interrogatory is not limited to the trademarks asserted in this action.

**INTERROGATORY NO. 20:**

State, in dollars and cents, the actual damages that PLAINTIFFS have suffered as a result of the alleged infringement of their MARKS.

**RESPONSE TO INTERROGATORY NO. 20:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

disclosure. Facebook objects to this interrogatory as premature given that knowledge of the full scope of infringement is in the possession of Defendants and/or third parties. Facebook objects to this interrogatory as overly board and unduly burdensome and as seeking information neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that it is not limited to the infringing activity of Defendants and/or their licensees. Facebook further objects to this interrogatory as overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook further objects to this interrogatory given that the unlawful conduct at issue in this action is ongoing, and thus Facebook's damages continue to accrue. Facebook objects to this interrogatory as premature in that it calls for expert testimony. Facebook objects to this interrogatory as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this interrogatory is not limited to the trademarks asserted in this action.

**INTERROGATORY NO. 21:**

For the damages stated in YOUR response to Interrogatory 20, describe in detail YOUR methods of calculation of such damages, including all facts to support alleged causation for each DEFENDANT and each licensee of any DEFENDANT.

**RESPONSE TO INTERROGATORY NO. 21:**

Facebook objects to this interrogatory as constituting three interrogatories, including discrete subparts, and thus as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook objects to this interrogatory as premature given that knowledge of the full scope of infringement is in the possession of Defendants and/or third parties. Facebook objects to this interrogatory as overly board and unduly burdensome and as seeking information neither relevant to the claims or defenses of any party nor reasonably

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

proportional to the needs of the action in that it is not limited to the infringing activity of Defendants and/or their licensees. Facebook further objects to this interrogatory as overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook further objects to this interrogatory given that the unlawful conduct at issue in this action is ongoing, and thus Facebook's damages continue to accrue. Facebook objects to this interrogatory as premature in that it calls for expert testimony.

**INTERROGATORY NO. 22:**

State, in dollars and cents, the actual damages that PLAINTIFFS have suffered as a result of the alleged dilution of their MARKS and describe in detail YOUR methods of calculation of such damages, including all facts to support alleged causation for each DEFENDANT and each licensee of any DEFENDANT.

**RESPONSE TO INTERROGATORY NO. 22:**

Facebook objects to this interrogatory as constituting four interrogatories, including discrete subparts, and thus as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook objects to this interrogatory as premature given that knowledge of the full scope of infringement is in the possession of Defendants and/or third parties. Facebook objects to this interrogatory as overly board and unduly burdensome and as seeking information neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that it is not limited to the unlawful activity of Defendants and/or their licensees. Facebook further objects to this interrogatory as overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook further objects to this interrogatory given that the unlawful conduct at issue in this action is ongoing, and thus Facebook's damages continue to accrue. Facebook objects to this interrogatory as premature in that it calls for expert testimony. Facebook objects to this interrogatory as

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this interrogatory is not limited to the trademarks asserted in this action.

**INTERROGATORY NO. 23:**

State all facts which support YOUR allegation that this is an "exceptional case" entitling PLAINTIFFS to an award of attorneys' fees.

**RESPONSE TO INTERROGATORY NO. 23:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook objects to this interrogatory as overly broad and unduly burdensome in light of the fact that this interrogatory calls for information in the possession of Defendants.

**INTERROGATORY NO. 24:**

For the customer data DEFENDANTS have disclosed in response to PLAINTIFFS' demand letters invoking Section 3.7.7.3, IDENTIFY all PERSONS (natural persons and entities) who have access to the data including their title/role and relationship to PLAINTIFFS (e.g., employee, contractor, etc.).

**RESPONSE TO INTERROGATORY NO. 24:**

Facebook objects to this interrogatory as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook objects to this interrogatory as seeking information that is not relevant to the claims or defenses of any party.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**INTERROGATORY NO. 25:**

For the customer data DEFENDANTS have disclosed in response to PLAINTIFFS' demand letters invoking Section 3.7.7.3, IDENTIFY all locations where the data is, or has been, stored, downloaded, viewed, or accessed, and describe in detail the security measures employed to protect the data at each location.

**RESPONSE TO INTERROGATORY NO. 25:**

Facebook objects to this interrogatory as constituting three interrogatories, including discrete subparts, and thus as exceeding the permissible number of interrogatories one side may propound on the other side in this action when counted with all of the propounded interrogatories, including their discrete subparts. Facebook objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity from disclosure. Facebook objects to this interrogatory as seeking information that is not relevant to the claims or defenses of any party. Facebook further objects to this interrogatory as being vague and ambiguous with respect to the defined term "IDENTIFY" in that the interrogatory does not refer to a person or entity, a DOCUMENT, or a COMMUNICATION as set forth in the Definitions and Instructions.

DATED: July 15, 2021

SNELL & WILMER L.L.P.

By: /s/ *Jacob C. Jones*
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

TUCKER ELLIS LLP
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC,
and WhatsApp LLC

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon Defendants' counsel of record on July 15, 2021, via email, as follows:

Eugene Rome <erome@romeandassociates.com>;

Brianna Dahlberg <BDahlberg@romeandassociates.com>;

Sridavi Ganesan <sganesan@romeandassociates.com>;

Ray Harris <rharris@fennemorelaw.com>;

Mario Vasta <mvasta@fennemorelaw.com>

*Jacob C. Jones*

Jacob C. Jones

EXHIBIT 2

SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff and
Counterclaim Defendant,
Facebook, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Facebook, Inc., a Delaware corporation;
Instagram, LLC, a Delaware limited liability
company; and WhatsApp Inc., a Delaware
corporation,

    Plaintiffs,

v.

Namecheap, Inc., a Delaware corporation,
and Whoisguard, Inc., a Republic of Panama
corporation,

    Defendants.

AND RELATED COUNTERCLAIM.

Case No. CV-20-470-PHX-GMS

**PLAINTIFF FACEBOOK, INC.'S OBJECTIONS AND RESPONSES TO WHOISGUARD, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Facebook, Inc. ("Facebook") hereby responds to Whoisguard, Inc.'s ("Whoisguard") first set of requests for production. Facebook's responses and production are made only with knowledge presently available.

**GENERAL OBJECTIONS**

In addition to those grounds for objection that may be set forth specifically in response to a particular request, Facebook objects generally to each request on the following grounds, and each of its individual responses incorporates, and is to be read in light of, these general objections.

1.      Facebook objects to these requests, when combined with their discrete subparts, as exceeding the permissible number of requests for production permitted by this Court. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Although Facebook has provided a preliminary count of requests, including discrete subparts, Facebook reserves the right to modify its counting methodology after having met and conferred with Whoisguard. In addition to exceeding twenty-five requests for production when counting discrete subparts, Whoisguard has also propounded three times the number of requests it purports to have propounded because the Court only permits each side to propound twenty-five requests on the other side instead of on each opposing party. *See* Judge Snow's Form Case Management Order § 3.

2.      Facebook objects to these requests as being in violation of Section 5(a) of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation (the "ESI Order") in that Defendants have not met and conferred about methods to search ESI to identify ESI that is subject to production in discovery in response to these requests.

3.      Facebook objects to the definitions of "PLAINTIFFS," "YOU" and "YOUR" as overly broad and unduly burdensome. Facebook responds for itself only.

4.      Facebook objects to the definition of "DOCUMENT(S)" to the extent it is

1

broader in scope than that which is set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure.

5.     Facebook objects to the definition of the term "MARK(S)" as being overly broad and unduly burdensome, particularly in light of the fact the definition would encompass information neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of this action. Facebook interprets this term to mean any trademarks and service marks identified in the operative complaint and asserted by Plaintiffs in this action.

6.     Facebook objects to Instruction No. 1 to the extent it exceeds or is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Civil Local Rules, or any applicable orders of this Court. Facebook will respond and produce documents in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, the Civil Local Rules, and any other applicable orders of this Court.

7.     Facebook objects to Instruction No. 2 to the extent its instructions for asserting and preserving a privilege claim exceed or are inconsistent with the requirements of the Federal Rules of Civil Procedure, the Civil Local Rules, or any applicable orders of this Court. Facebook will identify and log privileged materials consistent with the requirements of those rules and orders. Facebook will meet and confer with Defendants concerning the appropriate timing for the production of its privilege log.

8.     Facebook objects to Instruction No. 15 to the extent it exceeds or is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Civil Local Rules, or any applicable orders of this Court. Facebook will supplement its responses in accordance with Rules 26(e) and 34 of the Federal Rules of Civil Procedure, the Civil Local Rules, and any other applicable orders of this Court.

9.     Facebook's responses to Whoisguard's requests for production are made to the best of Facebook's present knowledge, information, and belief. These responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Facebook's recollection,

is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Facebook's further discovery or investigation. Facebook also reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to Whoisguard's requests for production but discovered after the date of this response, including, but not limited to, any such information or documents obtained in discovery.

10.    Facebook's investigation and search for documents and things responsive to the requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26(e), Facebook specifically reserves the right to supplement and amend these responses and, if necessary, to assert additional objections arising from further investigation.

11.    Facebook's response to a particular request shall not be interpreted as implying that responsive documents and things exist or that Facebook acknowledges the appropriateness of that request. Furthermore, the specific responses set forth below are based upon Facebook's interpretation of the language used in the requests, and Facebook reserves its right to amend or supplement further responses in the event that Defendants assert an interpretation that differs from Facebook's interpretation.

12.    Facebook reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Facebook's responses herein and any document or thing identified or provided in response to Defendants' requests for production.

13.    Facebook objects to each request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, immunity, and/or protection. Facebook construes each request as not seeking such documents or information, and such documents or information shall not be produced in response to the requests. Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

3

14.     Facebook objects generally to each request to the extent it seeks information for which Facebook is under an obligation to third parties not to disclose, or information otherwise subject to a third party's confidentiality restrictions, privacy rights, and/or protective order. Facebook further objects to each request to the extent that it seeks documents that are business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), or Federal Rule of Evidence 501. Facebook will do so only in accordance with the Protective Order in this case and only after providing any required notice to non-parties and/or obtaining any required authority to disclose such information from third-parties.

15.     Facebook objects generally to each request to the extent it seeks information that Facebook does not keep in its ordinary course of business and/or is not in Facebook's possession, custody, or control. Facebook further objects to each request to the extent it purports to place an obligation on Facebook to obtain information that is publicly available and/or is as readily available to Defendants as it is to Facebook.

16.     Facebook objects to the Definitions and Instructions as a whole to the extent they exceed or are inconsistent with the requirements of the Federal Rules of Civil Procedure, the Civil Local Rules, or any applicable orders of this Court.

17.     Facebook objects to each request to the extent it is not properly limited in time.

18.     Facebook objects to each request to the extent it is phrased in a manner that would render it overly broad, vague, ambiguous, disproportional to the needs of the case, or would require subjective judgment or speculation on the part of Facebook.

19.     Facebook objects to each request to the extent it is duplicative with another request or seeks duplicative information.

**<u>RESPONSES TO REQUESTS FOR PRODUCTION</u>**

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS with DEFENDANTS related to each of the DISPUTED DOMAINS, including the "evidence of actionable harm" (within the meaning of RAA Section 3.7.7.3) that was provided to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS with Namecheap customers related to any of the DISPUTED DOMAINS or the MARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Facebook objects to this request as constituting two requests, including discrete subparts, and thus as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

defenses of any party nor reasonably proportional to the needs of the action in that this request is not limited to the trademarks asserted in this action. Facebook objects to this request as overly broad and unduly burdensome in that the true identities of Namecheap's customers constitutes information in the possession of Namecheap and/or Whoisguard as opposed to in the possession of Facebook. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS with any third party relating to any of the DISPUTED DOMAINS, the instant case, or either of the DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Facebook objects to this request as constituting three requests, including discrete subparts, and thus as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and

oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS related to or evidencing YOUR allegation that DEFENDANTS acted with a bad faith intent to profit from the MARKS in connection with any of the DISPUTED DOMAINS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this request is not limited to the trademarks asserted in this action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a

7

search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS related to the alleged uses of the MARKS which form the basis for PLAINTIFFS' claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS relating to or evidencing the date(s) and circumstances under which PLAINTIFFS first learned of the alleged uses of the MARKS which form the basis for PLAINTIFFS' claims.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Facebook objects to this request as constituting two requests, including discrete subparts, and thus as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this request is not limited to the trademarks asserted in this action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS relating to or evidencing any complaints made by PLAINTIFFS' users or any other third party regarding any confusion caused by the alleged uses of the MARKS which form the basis for PLAINTIFFS' claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Facebook objects to this request as constituting two requests, including discrete subparts, and thus as exceeding the permissible number of requests for production one side

may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this request is not limited to the trademarks asserted in this action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS relating to or evidencing any diversion of users away from PLAINTIFFS' websites as alleged in paragraphs 98, 107, 133, 152, 258 and 267 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete

subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as overly broad and unduly burdensome in that it seeks information in the possession of Namecheap and/or Whoisguard as opposed to in the possession of Facebook. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS relating to or evidencing any dilution caused by the alleged uses of the MARKS which form the basis for PLAINTIFFS' claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this request is not limited to the trademarks asserted in this action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS evidencing, referencing, or which YOU contend otherwise support YOUR allegations that PLAINTIFFS have been harmed by the alleged use of the MARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

that this request is not limited to the trademarks asserted in this action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 11:**

All consent agreements, co-existence agreements, settlement agreements, purchase agreements, assignment agreements, domain name transfer agreements, assignments, and other written agreements between PLAINTIFFS and any third party concerning any of the MARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests all agreements concerning the "MARKS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as overly broad and unduly burdensome and as seeking documents neither relevant to the claims or defenses of any party nor reasonably proportional to the needs of the action in that this request is not limited to the trademarks asserted in this action. Facebook objects to this request as being harassing and oppressive. Facebook further objects to this request as being overly broad and unduly burdensome to the extent it

conflicts with any confidentiality provisions in the requested agreements. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope.  Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS relating to complaints regarding online abuse, phishing, malware, spam, hacking, trademark infringement, and other forms of abuse occurring on, or being facilitated by, PLAINTIFFS' own platforms, and PLAINTIFFS' actions in response thereto. The time period for this request is January 1, 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and "all COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to identify all investigations, complaints, and other proceedings brought by the EU Data Protection Commissioner, or any other regulatory or government entity, against PLAINTIFFS alleging violations of the GDPR or other privacy laws. The time period for this request is January 1, 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Facebook objects to this request as constituting three requests, including discrete subparts, and thus as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook intends to withhold documents based on each of these objections.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS exchanged with the Ireland Data Protection Commission relating to statutory inquiries into PLAINTIFFS' compliance with the GDPR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook intends to withhold documents based on each of these objections.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between PLAINITFFS [*sic*] and ICANN regarding PLAINTIFFS' efforts to influence or alter WHOIS policy. The time period for this request is January 1, 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook intends to withhold documents based on each of these objections.

**REQUEST FOR PRODUCTION NO. 16:**

All internal DOCUMENTS relating to PLAINTIFFS' broader strategies and goals in connection with WHOIS policy, including DOCUMENTS reflecting any generalized strategy of suing registrars in U.S. courts; efforts to influence ICANN or other policymakers; efforts to influence industry stakeholders; and/or strategies to obtain WHOIS data from registrars based in the European Union. The time period for this request is January 1, 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Facebook objects to this request as constituting four requests, including discrete subparts, and thus as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook intends to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll internal DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook intends to withhold documents based on each of these objections.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS setting forth PLAINTIFFS' policies and procedures for handling and maintaining the security of the customer data that DEFENDANTS have disclosed in response to demand letters.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "DOCUMENTS," and thus appears to request "all DOCUMENTS," and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook expects to withhold documents based on each of these objections. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS relating to Facebook's development, creation, design, search, selection, and adoption of its purported FB mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Facebook objects to this request as constituting five requests, including discrete subparts, and thus as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS which evidence the date of Facebook's first use in commerce of its purported FB mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the

needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS related to or evidencing the "product or service research or development" and "market research" referenced in Facebook's requests for extensions of time filed in connection with its trademark applications for its purported FB mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS (including all plans, memos, emails, or other alleged proof) related to or evidencing Facebook's bona fide intent to use the FB mark in commerce in connection with "promoting the goods and services of others over the Internet" that existed prior to or on July 14, 2008 (the date of the filing of the trademark application which matured into U.S. Registration No. 4,659,777).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS and COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS and COMMUNICATIONS (including all plans, memos, emails, or other alleged proof) related to or evidencing Facebook's bona fide intent to use the FB

mark in commerce in connection with "computer services, namely, hosting online web facilities for others for organizing and conducting online meetings, gatherings, and interactive discussions; [and] computer services in the nature of customized web pages featuring user defined information, personal profiles and information" that existed prior to or on July 14, 2008 (the date of the filing of the trademark application which matured into U.S. Registration No. 4,764,764).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS and COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS (including all plans, memos, emails, or other alleged proof) related to or evidencing Facebook's bona fide intent to use the FB

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

mark in commerce in connection with "Internet based social introduction and social networking services" that existed prior to or on March 12, 2012 (the date of the filing of the trademark application which matured into U.S. Registration No. 4,782,234).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS and COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS (including all plans, memos, emails, or other alleged proof) related to or evidencing Facebook's bona fide intent to use the FB mark in commerce in connection with "providing online chat rooms and electronic bulletin boards for transmission of messages among registered users in the fields of collegiate life, general interest, classifieds, virtual community, and for social networking; and peer-to-peer

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

photo sharing services, namely, electronic transmission of digital images among Internet and mobile device users" that existed prior to or on March 6, 2012 (the date of the filing of the trademark application which matured into U.S. Registration No. 4,782,235).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS and COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS (including all plans, memos, emails, or other alleged proof) related to or evidencing Facebook's bona fide intent to use the FB mark in commerce in connection with each of the goods and services listed under the

service mark application U.S. Serial No. 88679058 that existed prior to or on November 4, 2019 (the date of filing of the application).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Facebook objects to this request as exceeding the permissible number of requests for production one side may propound on the other side in this action when counted with all of the propounded requests, including their discrete subparts. Facebook will not conduct a search for responsive documents until the parties have met and conferred and until Defendants have selected which twenty-five requests for production, including discrete subparts, they wish to propound. Facebook objects to this request as seeking documents protected by the attorney-client privilege and the attorney work-product doctrine, as well as any other applicable immunity from disclosure. Facebook expects to withhold documents based on this objection. Facebook objects to this request as overly broad and unduly burdensome in that it requests "[a]ll DOCUMENTS and COMMUNICATIONS" and thus is not proportional to the needs of the action as required by Rules 26 and 34 as amended in 2015. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. Facebook objects to this request as seeking documents neither relevant to the claim or defense of any party nor reasonably proportional to the needs of the action. In particular, this request seeks documents concerning a counterclaim that is subject to a motion to dismiss. Facebook objects to this request as being harassing and oppressive. Facebook objects to this request as being overly broad and unduly burdensome in that it is nearly unlimited in temporal scope. Facebook cannot yet identify any documents it is withholding because it objects to conducting a search for documents in light of Whoisguard having exceeded the permissible number of requests each side may propound on the opposing side.

DATED: July 15, 2021

SNELL & WILMER L.L.P.

By: /s/ *Jacob C. Jones*
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

TUCKER ELLIS LLP
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC,
and WhatsApp LLC

### **CERTIFICATE OF SERVICE**

I certify that I served the foregoing document upon Defendants' counsel of record on July 15, 2021, via email, as follows:

Eugene Rome <erome@romeandassociates.com>;

Brianna Dahlberg <BDahlberg@romeandassociates.com>;

Sridavi Ganesan <sganesan@romeandassociates.com>;

Ray Harris <rharris@fennemorelaw.com>;

Mario Vasta <mvasta@fennemorelaw.com>

*Jacob C. Jones*

Jacob C. Jones