SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC and
WhatsApp LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Namecheap, Inc., et al., <br><br> Defendants. <br> AND RELATED COUNTERCLAIMS. | Case No. CV-20-470-PHX-GMS <br><br> **PLAINTIFFS' MOTION TO PARTIALLY DE-DESIGNATE SERVICE AGREEMENT BETWEEN DEFENDANTS [139]** |

Plaintiffs hereby move to de-designate as "Highly Confidential - Attorneys' Eyes Only" ("AEO") Defendants' Service Agreement (the "Agreement"). *See* ECF No. 139.

## I. INTRODUCTION

Defendants recently produced and designated as AEO an Agreement between them. Except for certain financial terms, this designation is wholly improper because it does not meet the Protective Order's standards—namely, that disclosure of the document to Plaintiffs would create "a substantial risk of serious harm" that could not be avoided by "less restrictive means." Contrary to Defendants' assertion, the parties are not competitors. Nor have Defendants shown that, even if the parties did compete, the Agreement contains sensitive information that would be harmful if disclosed. On the other hand, by over-designating this document, Defendants have prevented Plaintiffs' attorneys from discussing it with the non-attorney decision makers steering this litigation.[1] This over-designation is therefore prejudicing Plaintiffs' ability to prosecute their claims.

Plaintiffs sent Defendants a marked-up version of the Agreement highlighting the terms qualifying for AEO protection while agreeing the remainder was confidential. Ex. 1. Defendants, however, responded with a marked-up version of their own that essentially maintained the entire AEO designation, even for boilerplate provisions such as ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Ex. 2. In light of the unreasonableness of Defendants' position and the prejudice the over-designation is causing Plaintiffs, Plaintiffs respectfully request that the Court adopt Plaintiffs' proposed AEO designation.

## II. DEFENDANTS CANNOT CARRY THEIR BURDEN THAT DESIGNATION OF THE AGREEMENT AS AEO IS PROPER.

The Protective Order in this action limits AEO designations solely to material, "the disclosure of which . . . would create a substantial risk of serious harm that could not be avoided by less restrictive means." Protective Order ("P.O.") § 2.8, ECF No. 90. Consistent with this requirement, "the designating party must designate for protection *only those parts*

---

[1] Not being Designated House Counsel, they cannot view AEO material. P.O. § 7.3.

1

of Disclosure or Discovery Material that qualify – so that other portions . . . for which protection is not warranted are not swept unjustifiably within the ambit of this Order." *Id.* § 5.1 (emphasis added); *accord id.* § 5.2(a). Courts determining an AEO designation's propriety "balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or the defense of the claims." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). As the designating party, Defendants bear the burden of showing that their AEO designation of the Agreement is proper. P.O. § 6.3; *cf. Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Defendants cannot carry their burden because (A) the parties are not competitors; (B) the over-designation of this easily redacted seven-page Agreement prejudices Plaintiffs' ability to prosecute their claims; and (C) even if the parties competed, the Agreement is not related to any competitive services, and thus a less restrictive designation would prevent any harm.

### A. The parties are not competitors.

At the October 8, 2021 hearing, Defendants attempted to justify their AEO designation by asserting that Facebook and Defendants are competitors because Facebook owns two domain name registrars. A "competitor," however, is defined as "one selling or buying goods or services in the same market as another." Competitor, *Merriam-Webster.com Dictionary* (2021)[2]; P.O. § 2.2 (adopting ordinary meaning). Plaintiffs' registrars do not compete with Defendants because Plaintiffs use these registrars solely to manage their own domain name portfolio (*i.e.*, facebook.com, instagram.com, etc.). These registrars do not offer any registrar services to any customers, including domain name registration and privacy/proxy services, and thus they cannot compete with Defendants.

The authority relied upon by Defendants is not to the contrary. Defendants rely on *Nutratech, Inc. v. Syntech (SSPD) Int'l, Inc.* 242 F.R.D. 552, 555 (C.D. Cal. 2007) for the proposition that, even if parties do not sell to the same buyers, an AEO designation remains proper because they might sell to the same customers in the future. This case, however, is

---

[2] Available at: https://www.merriam-webster.com/dictionary/competitor

2

inapposite. Unlike Facebook and Defendants, who do not offer the same products or services, the parties in *Nutratech* **already sold the exact same product**, just to different customers. *Nutratech*, 242 F.R.D. at 555. Moreover, *Nutratech* involved customer and supplier lists—the exact type of information needed to become direct competitors. *Id.*

Here, Facebook's two registrars do not offer the same products or services as Defendants—namely, registrar services such as domain name registration and privacy/proxy services. Instead, these registrars are used to host Plaintiffs' own domain names, like facebook.com. Thus, unlike in *Nutratech*, Plaintiffs not only do not sell to the same customers, but they also do not even offer the same services as Defendants. Defendants have not carried their burden of showing a "substantial risk of serious harm." Nor have they shown that any alleged harm cannot be avoided by less restrictive means.

**B. Defendants' over-designation is prejudicing Plaintiffs' ability to prosecute their claims in this action.**

The dispute about the Defendants' over-designation is not theoretical; rather, the AEO designation is prejudicing Plaintiffs in their ability to litigate this action by preventing Plaintiffs' counsel from discussing with non-attorney decision makers at least two key issues pertaining to the Agreement: (1) ██████████████████████████████ and (2) ██████████████████████████████████████████████████████████████. Plaintiffs' ultimate decision makers in this litigation are not Designated House Counsel and thus can never review AEO information. As a result, they cannot properly evaluate the merits of Plaintiffs' claims when they are not permitted to review substantive supporting evidence.

**1. The Agreement has a direct bearing on whether ██████████████████████████████████.**

One key issue in this case turns on whether ██████████████████████████ ████████. *See generally* ████████████████████████████████. In particular, Plaintiffs have alleged that, ██████████████████████████████████████

3

1  ▮▮▮▮▮
2  ▮▮▮▮▮
3  ▮▮▮▮▮ *Id.* ¶¶ ▮▮▮. ▮▮▮▮▮
4  ▮▮▮ (▮▮▮▮▮; *cf. generally*
5  ▮▮▮▮▮), and it has requested in discovery "all
6  factual and legal bases for YOUR allegation ▮▮▮▮▮
7  ▮▮▮▮▮
8  ▮▮▮▮▮
9  ▮▮▮▮▮
10 ▮▮▮▮▮
11 ▮▮▮▮▮
12 ▮▮▮▮▮
13 ▮▮▮▮▮ Agreement at 1-2.
14 ▮▮▮▮▮
15 yet Plaintiffs' attorneys cannot share this key evidence concerning an ultimate issue in this
16 litigation with their non-attorney decisions makers. Moreover, the individuals who verified
17 Plaintiffs' interrogatory responses are not Designated House Counsel, and thus Plaintiffs
18 could not provide a fulsome response concerning this evidence without breaching the
19 Protective Order, leaving Plaintiffs in an untenable position.

**2.    The Agreement directly bears on whether** ▮▮▮▮▮
▮▮▮▮▮.

The Agreement also bears on ▮▮▮▮▮
▮▮▮▮▮
▮▮▮▮▮ *See, e.g.*, ▮▮▮▮▮
▮▮▮▮▮
This clause is, however, designated as AEO, effectively preventing Plaintiffs' counsel from
advising their clients on the merits of ▮▮▮▮▮.
And again, this over-designation limits Plaintiffs' ability to respond fully to

4

interrogatories. For instance, Interrogatory No. 23 seeks all facts that render this an "exceptional case" entitling Plaintiffs to their attorneys' fees. Plaintiffs responded, in part, by stating "Defendants' counsel have engaged in abusive litigation practices by concealing key relevant documents, making material misstatements to Plaintiffs' counsel, making material misrepresentations regarding a registrar's duties and obligations under the Registrar Accreditation Agreement, and evidencing a lack of complete candor to the Court with respect to whether Whoisguard is subject to jurisdiction in the United States and in Arizona." Plaintiffs' counsel cannot fully apprise the individuals verifying this discovery response of the facts supporting this assertion, leaving Plaintiffs' response vague and incomplete. The AEO designation thus hinders Plaintiffs' ability to litigate their claims.

**C.    Any competitive information can be protected via less restrictive means.**

Even if the parties competed, Defendants still must show how each provision of the Agreement creates a "substantial risk of serious harm that could not be avoided by less restrictive means" for that provision to be AEO. As Plaintiffs proposed designations show, Defendants cannot meet this burden. For example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[3]▇▇▇▇▇▇▇▇▇▇ Agreement therefore can only be AEO if "serious harm" would result from competitor proxy services knowing Whoisguard ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. But this cannot be the case since ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Similarly, Defendants cannot show how boilerplate terms in the Agreement—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—would somehow undercut their business if disclosed. Absent a showing for each provision, that provision must be de-designated. P.O. § 6.3.

**III.    CONCLUSION**

Defendants cannot show any substantial risk of serious harm that warrants AEO designation of the Agreement in its entirety. Plaintiffs therefore respectfully request that the Court issue an order adopting the proposed AEO designations in Exhibit 1.

---

[3] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

| | |
|---|---|
| DATED: October 15, 2021 | SNELL & WILMER L.L.P. |
| | By: */s/ Jacob C. Jones* <br> David G. Barker <br> Jacob C. Jones <br> One Arizona Center <br> 400 E. Van Buren, Suite 1900 <br> Phoenix, Arizona 85004-2202 |
| | TUCKER ELLIS LLP <br> David J. Steele <br> Howard A. Kroll <br> Steven E. Lauridsen <br> 515 South Flower Street <br> Forty-Second Floor <br> Los Angeles, CA 90071-2223 |
| | Attorneys for Plaintiffs, <br> Facebook, Inc., Instagram, LLC, and <br> WhatsApp LLC |