**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:    310-282-0690
Facsimile:    310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
rharris@fclaw.com
mvasta@fclaw.com

Attorneys for Defendants and Counterclaimants
Namecheap, Inc. and WhoisGuard, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>Namecheap, Inc., a Delaware corporation; and WhoisGuard, Inc., a Republic of Panama corporation,<br><br>    Defendants.<br><br>And related Counterclaims. | CASE NO. 2:20-cv-00470-GMS<br><br>**DEFENDANTS' NOTICE OF LODGING AND REQUEST TO FILE DOCUMENT UNDER SEAL PURSUANT TO COURT'S ORDER (DOC. 139) AND LRCIV 5.6** |

Defendants Namecheap, Inc. ("Namecheap") and WhoisGuard, Inc. ("WhoisGuard") submit this notice of lodging and request to file the unredacted version of their Response to Plaintiffs' Motion to Partially De-Designate Service Agreement Between Defendants under seal, pursuant to the Court's Order of October 8, 2021 (Doc. 139) and LRCiv 5.6.

On October 8, 2021, the Court issued an Order setting a briefing schedule in connection with a discovery dispute concerning an attorneys' eyes only ("AEO") designation of a Service Agreement among Defendants. The Court order that: "To the extent that any party in its Motion, Response or Reply, must specifically address material that has been designated as AEO, they may publicly file a redacted version of that paper, and may then lodge an unredacted version of the motion or paper, and request that the Court allow the unredacted filing to be lodged under seal." Doc. 139.

The material sought to be sealed includes discussion of the terms of the Service Agreement which is the subject of the AEO designation dispute. The Service Agreement are highly confidential and competitively sensitive information setting forth the terms of dealing between Namecheap and its privacy service vendor, WhoisGuard. *See* concurrently filed Declaration of Hillan Klein, ¶¶ 5-6. If the terms were made available to Namecheap's competitors, it would significantly harm Namecheap's competitive position. *Id.* at ¶ 6.

This request is narrowly tailored to seal only the confidential information pertaining to the terms of the Service Agreement, which should be protected from public disclosure. Courts have found compelling reasons to seal confidential business information where, as here, the information is not generally publicly available and/or providing access would afford customers or competitors an unfair business advantage. *In re Qualcomm Litigation*, 2017 WL 5176922, *1 (S.D. Cal. Nov. 8, 2017); *see In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *see CHR Holdings, Inc. v. Carroll*, 2016 WL 6888175, *8 (C.D. Cal. Mar. 15, 2016).

The public will not be harmed by the sealing of the information as (1) the public would have no access to the information otherwise; (2) the information is related to a case between private litigants and is not of overly great concern to the public; and (3) the

unredacted portions of the documents provide the public with adequate understanding of the litigants and their respective positions.

Accordingly, Defendants respectfully request that the lodged document be sealed.

Dated: October 22, 2021                      **ROME & ASSOCIATES, A.P.C.**


By:_____ */s/ Brianna Dahlberg*_____
Eugene Rome
Sridavi Ganesan
Brianna Dahlberg
Attorneys for Defendants and
Counterclaimants Namecheap, Inc. and
WhoisGuard, Inc.