**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:    310-282-0690
Facsimile:     310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
rharris@fennemorelaw.com
mvasta@fennemorelaw.com

Attorneys for Defendants and Counterclaimants
Namecheap, Inc. and WhoisGuard, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Meta Platforms, Inc., et al.,<br>      Plaintiffs,<br>v.<br><br>WhoisGuard, Inc. et al.,<br>      Defendants.<br><br>WhoisGuard, Inc., et al.,<br>      Counterclaimants,<br>v.<br><br>Meta Platforms, Inc.,<br>      Counterclaim Defendant. | CASE NO. 2:20-cv-00470-GMS<br><br>**DECLARATION OF BRIANNA DAHLBERG IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE DISCOVERY** |

# DECLARATION OF BRIANNA DAHLBERG

1. I, Brianna Dahlberg, am an attorney licensed to practice before this Court. I am counsel with the firm of Rome & Associates, A.P.C. and one of the attorneys for Defendants and Counterclaimants Namecheap, Inc. ("Namecheap") and WhoisGuard, Inc. ("WhoisGuard") in the above-entitled action. I offer this Declaration in support of Defendants' Motion to Compel Plaintiffs to Produce Discovery (the "Motion"). I am over the age of 18 and competent to testify in a court of law. I have personal knowledge of the matters set forth herein and if sworn as a witness, I would testify thereto under oath.

2. Plaintiffs served their initial MIDP document production in this action on February 9, 2021. That initial MIDP document production consisted of 570 documents, all of which were publicly available, such as the file wrappers of Plaintiffs' own trademark filings, print outs of Internet articles, and publicly filed documents from domain name dispute proceedings.

3. On April 7, 2021, Plaintiffs made a production of 32 additional documents, which consisted of boilerplate requests for registration data from Plaintiffs' agents to Defendants, and Defendants' responses to a few of those requests.

4. WhoisGuard served its First Set of Requests for Production ("RFPs") and First Set of Interrogatories on Plaintiffs on April 23, 2021.

5. Initially, Plaintiffs refused to respond to WhoisGuard's discovery requests. Attached hereto as **Exhibit 1** is a true and correct copy of a letter dated May 12, 2021 I received from Plaintiffs' counsel, David G. Barker of Snell & Wilmer, setting forth Plaintiffs' objections at that time.

6. A true and correct copy of my response letter to Mr. Barker dated May 13, 2021 is attached hereto as **Exhibit 2.**

7. On June 1, 2021, the Court held a telephonic discovery conference on Plaintiffs' initial objections to responding to WhoisGuard's discovery. Defendants agreed to an extension of Plaintiffs' deadline to respond to allow time for the Court to hear the dispute. At the hearing, Court the Court deemed the 25 Interrogatories served as of that day, and ruled that the RFPs

would be deemed served on the day that WhoisGuard narrowed its original set of RPFs down to 25 in accordance with this Court's standard practice. WhoisGuard narrowed its original set of RFPs down to 25 that day.

8. Following that Order, Plaintiffs initiated a second telephonic discovery conference with the Court seeking a stay of all discovery, including their obligation to respond to the Interrogatories and RFPs, until the Court ruled on the parties' pending motions to dismiss. On July 1, 2021, the Court held a telephonic discovery conference on that issue and granted Plaintiffs' request for a stay, but indicated that the rulings on those motions would be issued shortly.

9. One week later, on July 8, 2021, the Court issued its Order denying the parties' respective motions to dismiss. At that time, Plaintiffs requested an additional one-week extension of time to respond to the RPFs and Interrogatories, which Defendants granted. Attached hereto as **Exhibit 3** is a true and correct copy of an email I sent to Plaintiffs' counsel, David Steele of Tucker Ellis, confirming the additional extension.

10. On July 15, 2021, after that extension expired, Plaintiffs served responses to the RFPs and Interrogatories consisting entirely of objections, with no substantive responses or documents produced in response to any RPFs or Interrogatories.

11. On July 21 and July 23, I meet and conferred by video conference with Plaintiffs' counsel to discuss Plaintiffs' objections. For Plaintiffs, Mr. Steele, Howard Kroll, and Steven Lauridsen of Tucker Ellis participated. For Defendants, the participants were Eugene Rome and myself. We discussed the disputes for approximately 1.5 hours each call. While we were able to narrow some of Plaintiffs' objections, the parties were unable to satisfactorily response the disputes, despite since efforts to do so.

12. Attached hereto as **Exhibit 4** is a true and correct copy of a letter I sent to Plaintiffs' counsel on July 26, 2021 summarizing the parties' respective positions on the calls.

13. Attached hereto as **Exhibit 5** is a true and correct copy of a responsive letter dated August 2, 2021 from Mr. Steele.

14. Attached hereto as **Exhibit 6** is a true and correct copy of a follow-up letter that

1 | I sent to Mr. Steele on August 3, 2021. I did not receive a response to this letter.

2 | 15. On August 20, 2021, the Court held a third telephonic discovery dispute hearing. The case management conference was held the same day. A true and correct copy of relevant excerpts from the hearing transcript is attached as **Exhibit 7** hereto.

16. On August 23, 2021, Plaintiffs served Supplemental MIDP Responses, but they remained deficient for the reasons set forth in the Motion and Separate Statement. Plaintiffs produced no additional documents.

17. On August 26, 2021, the Court issued an Order finding that each of WhoisGuard's RFPs and Interrogatories count as one request and one interrogatory, and that WhoisGuard had not violated the numerical limits of 25 for each type of request.

18. Following the Court's Order, Plaintiffs requested an extension to produce responses and documents responsive to both the RFPs and MIDP Order because two of their attorneys were going on vacation for two weeks. Attached hereto as **Exhibit 8** is a true and correct copy of an email I received from Mr. Lauridsen stating that Plaintiffs "will not be able to work on discovery until we return on September 14" and that they "anticipate providing written responses by the end of September."

19. On August 27, 2021, the parties held another meet-and-confer call by video conference. For Plaintiffs, Mr. Lauridsen was present. For Defendants, I was present as were Mr. Rome and Sridavi Ganesan from my firm. On that call, Defendants expressed serious concern that Plaintiffs' MIDP documents were many months overdue. Mr. Lauridsen represented that Plaintiffs' documents would be produced on a rolling basis, and that October 4, 2021 would be the completion date for Plaintiffs' production. Attached as **Exhibit 9** hereto is a true and correct copy of an email I sent to Mr. Lauridsen in which I confirmed that "Defendants will accept October 4 as the completion date for Plaintiffs' document production. We expect documents to be produced on a rolling basis before that date as you offered to do so on the call."

20. Attached hereto as **Exhibit 10** is a true and correct copy of a follow-up email I sent to Mr. Lauridsen, copying other lawyers for Plaintiffs, in which I asked for an update on

where Plaintiffs are in their search and when we will start receiving Plaintiffs' rolling productions.

21. On September 21, 2021, the parties had another meet-and-confer conference call by video conference, concerning a number of discovery issues including issues in the Motion.

22. On September 22, 2021, Plaintiffs produced 7,592 additional documents. These documents primarily consist of what appear to be auto-generated form letters from Plaintiffs' third-party trademark monitor agents, with some responsive emails from Defendants. Of the documents in this production, 19 are identified as originating from the custodian, "Facebook," but these documents are printouts of Internet articles, cybercrime studies by third parties, documents related to a public domain dispute proceeding before WIPO, and one demand letter sent by WhatsApp, Inc. to a third party concerning an unrelated domain name. There are no internal documents originating from Facebook. Neither WhatsApp nor Instagram produced any documents.

23. On September 27, 2021, Plaintiffs provided supplemental responses to the RFPs and Interrogatories, but these remained deficient for the reasons set forth in the Motion and Separate Statement.

24. Attached hereto as **Exhibit 11** is a true and correct copy of a follow-up email to Mr. Lauridsen on September 27, 2021 asking whether Plaintiffs intend to produce additional documents. I received no response.

25. Attached hereto as **Exhibit 12** is a true and correct copy of a follow-up letter I sent to Mr. Steele on September 29, 2021. In this letter, I warned Plaintiffs that they continued to ignore our communications, Defendants would have no choice but to move for sanctions. Again, Plaintiffs' counsel failed to substantively respond.

26. On October 4, Plaintiffs produced an additional 477 documents (including many "Withheld For Privilege" placeholder sheets), but this production did not address the deficiencies in Plaintiffs' productions. These primarily consisted of routine, non-substantive messages related to Plaintiffs' trademark prosecutions (e.g., "We have received your Request for Extension of Time") from Plaintiffs' outside counsel, Kilpatrick Stockton & Townsend

and Hogan Lovells. Plaintiffs' in house counsel Kat Johnston is included as a custodian, with 86 documents, but the majority are "Withheld For Privilege" placeholder sheets. The remainder are insignificant messages sent by the Trademark Electronic Application System to a Nonie McMahon at Cooley related to the USPTO's e-signature service for signing documents. A true and correct copy of Plaintiffs' privilege log produced on October 20, 2021 is attached hereto as **Exhibit 14.**

27. To date, it appears that none of the three Plaintiffs have produced a single internal document from their own companies. Defendants have located no evidence of any cybercrimes or user confusion or diversion within Plaintiffs' productions. Nor have we located any notices providing "reasonable evidence of actionable harm" of wrongful use of the domains. Plaintiffs' productions to date also included documents consisting of blank pages, many duplicate documents, and illegible documents. For most of the RFPs, Defendants have located no documents that are responsive within Plaintiffs' productions to date.

28. With respect to some of WhoisGuard's RFPs and Interrogatories, the parties had agreed that Plaintiffs could provide the requested information in the form of a chart or list. No such charts or lists are included in Plaintiffs' productions to date, however.

29. Plaintiffs also appear to have entirely withheld several categories of important documents. First, they have withheld their own communications with the Namecheap customers who registered the disputed domains, which are responsive both to MIDP Request 3 as well as RFPs 2 and 3. For example, in October of 2018, Namecheap forwarded Plaintiffs' trademark notice about the domain name uninstagrammable.com to the customer who had registered the domain. A true and correct copy of this email forwarded to Namecheap by the customer (which Namecheap produced as NC_000774) is attached as **Exhibit 13** hereto, along with several other examples of communications Namecheap received from customers indicating that they had communicated with Plaintiffs, where Plaintiffs did not produce the communications.

30. Defendants also learned that in the past, Plaintiffs themselves owned some of the disputed domain names. For example, Namecheap or other registrars previously transferred

ownership of the domains to Plaintiffs after they prevailed in UDPR domain name dispute proceedings (*e.g.*, FB_NAME_00029400; FB_NAME_00029392). Yet, Plaintiffs are refusing to produce ESI reflecting how, why, and when they lost or relinquished ownership of those domains thereafter. On the parties' September 21 call, Mr. Steele had asserted that Defendants could reference public WHOIS records to learn this information, but the public records do not include this information. Plaintiffs flatly refused Defendants' requests for the ESI on the September 21 call, and did not respond to my September 27 letter following up on this issue.

31. On November 8, 2021, the parties' counsel held one final meet-and-confer call to attempt to resolve these disputes without further Court intervention. On this call, Mr. Rome, Ms. Ganesan, and I participated for Defendants. Mr. Steele, Mr. Kroll, and Mr. Lauridsen participated for Plaintiffs. Despite Defendants' good faith efforts, the parties were not able to resolve the disputes. In particular, while Plaintiffs acknowledged that their production to date was still incomplete and that additional documents and/or supplements would be produced on a "rolling" basis, they would not provide any indication as to when that would happen.

32. My normal hourly billing rate on this matter is $525 per hour. I have practiced litigation since 2011, the year I graduated from USC Gould School of Law. I understand my billing rate to be reasonable compared to other lawyers of similar levels of experience in the Los Angeles area.

33. In connection with this Motion to Compel, I spent at least 18.0 hours of time including more than 6.0 hours meeting and conferring with Plaintiffs' counsel on July 21, July 23, August 27, September 21, and November 8, 2021; and more than 12.0 hours drafting this Motion, Declaration, and Separate Statement. Even though Mr. Rome and Ms. Ganesan, who are partners at my firm, spent time participating in the meet and confer process and assisting in the preparation of the Motion, Defendants are not seeking reimbursement for their time. Nor are we seeking reimbursement for the time spent by our paralegal or for assistance provided by our local counsel. I expect to spend at least an additional 3.0 hours of time to draft the Reply in support of this Motion. Accordingly, Defendants are requesting the Court to award monetary sanctions in the amount of $11,025 against Plaintiffs and their counsel ($525.00 x 21.0 hours).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 19th day of November 2021 in Los Angeles, California.

                                            s/*Brianna Dahlberg*
                                            Brianna Dahlberg