# Exhibit 2



2029 Century Park East, Suite 450  Phone: 310.282.0690
Los Angeles, CA 90067             Fax:   310.282.0691
www.romeandassociates.com

Brianna Dahlberg
bdahlberg@romeandassociates.com
Cell: 818.274.1357

May 13, 2021

**VIA EMAIL ONLY**

David G. Barker
Snell & Wilmer LLP
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Email: dbarker@swlaw.com

      Re:    *WhoisGuard's First Set of Requests for Production and First Set of Interrogatories to Plaintiffs*

Dear David,

      This letter is in response to your letter dated May 12, 2021 in which you assert that WhoisGuard's First Set of Requests for Production and First Set of Interrogatories to Plaintiffs which were served by email on April 23, 2021 are premature. The basis for your position is that the parties have not yet held the Rule 26(f) conference.

      Specifically, you assert "this case is subject to the MIDP Order, Doc 7, which neither modifies Rule 26(d)(1) nor authorizes discovery before a Rule 26(f) conference." This is incorrect. The MIDP Notice entered in our case specifically and unambiguously states: **"After the MIDP responses have been served, discovery under Fed. R. Civ. P. 30-36 and 45 may commence."** Doc. 7 at 2 (emphasis added). As you yourself note in your letter, Rule 26(d)(1)'s bar on discovery before the Rule 26(f) conference applies "except . . . when authorized by these rules, by stipulation, *or by court order*." (emphasis added). Thus, the MIDP Order controls. WhoisGuard served its MIDP responses before propounding discovery, and therefore its discovery requests were not premature.

      In any case, during the time period leading up to the parties' exchange of MIDP responses, the parties already met and conferred on the discovery-related topics under Rule 26(f) at length during several hours of discussions on February 3 and March 9 regarding the ESI protocol, Stipulated Protective Order, and clawback agreement and F.R.E. 502 waiver. To the extent you feel that the parties did not meet and confer on all discovery issues pursuant to Rule 26(f), please identify these issues and we can meet and confer on them as early as next week.

      You also assert in your letter that WhoisGuard's service of the discovery requests by email was ineffective, suggesting that David Steele's December 21, 2020 proposal for mutual email service was limited to the MIDP responses only. Your position is contradicted, however, by the fact that one day after Eugene Rome agreed to Mr. Steele's proposal in writing, Facebook itself served its Rule 11 motion on Defendants' counsel by email. In other words, Plaintiffs themselves have treated the parties' agreement for email service as if it applies generally in the case, not just to MIDP responses.

David G. Barker, Esq.
May 13, 2021
Page 2

    Therefore, our position is that the parties had a valid written agreement for email service and that WhoisGuard's service of the discovery requests by email was effective. Plaintiffs' responses are due May 24, 2021. However, if Plaintiffs need a reasonable extension to respond, we are amenable to that as well.

    Should you wish to discuss these issues further, please do not hesitate to contact me.

    Very truly yours,

*Brianna Dahlberg*

    Brianna Dahlberg