# Exhibit 5

# Tucker Ellis LLP

515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

August 2, 2021                                           Direct Dial 213.430.3360 | david.steele@tuckerellis.com

**VIA EMAIL**

Brianna Dahlberg, Esq.
Rome & Associates
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Phone: +1.310.282.0690
Email: bdahlberg@romeandassociates.com

Re:   *Facebook, Inc. v. Namecheap, Inc.*, No. CV-20-PHX-GMS (D. Ariz.)
      The Parties Conference of Counsel Regarding Plaintiffs Responses to WhoisGuard's First
      Sets of Interrogatories and Amended Requests for Production
      Tucker Ellis Matter No. 015949-008

Dear Brianna,

I write in response to your letter summarizing the parties' July 21 and 23, 2021 conferences of counsel to discuss Plaintiffs' responses to WhoisGuard's First Set of Interrogatories and First Set of Amended Requests for Production. While you letter accurately summarizes certain of our discussion points, we must correct others.

## I.     GENERAL NUMEROSITY OBJECTIONS

As an initial matter, we have reviewed the authority you cited both during our conference and in your letter, and the cases are unavailing, both in terms of the proper method for counting interrogatories and for Plaintiffs' remedy for when the number of interrogatories exceeds the permissible limit of twenty-five when counting discrete subparts. Regardless, even if your interpretation of the cited authority were correct, by even the most conservative count, WhoisGuard's has exceeded the permissible number of interrogatories it may propound.

Next, you asset that "Plaintiffs also refused to let [Defendants] know where, within the set of interrogatories, they believed WhoisGuard had reached the limit of 25, stating that [Defendants] could calculate it for [them]selves." This is not an accurate representation. We explained quite clearly that Plaintiffs had set forth in their responses to each request whether the request counted as a single request or contained multiple subparts, in which case the number of subparts was stated. We therefore explained it was not a productive use of everyone's time to count requests during the conference, particularly when Defendants possessed a writing that would have allowed them to do

Brianna Dahlberg, Esq.
August 2, 2021
Page 2

so well in advance of the conference.[1] Indeed, despite the fact the conference occurred over more than one day, Defendants did not engage in this exercise.

Further, Defendants declined to engage in a discussion concerning Plaintiffs' counting methodology, instead insisting that the parties raise the issue with the Court. As we explained during our conference, we consider this improper as the parties have a duty to narrow such issues before bringing them to the Court for adjudication, thus leaving the manner in which Plaintiffs should have asserted their numerosity objections as the only issue to be discussed with Judge Snow during the schedule August 20, 2021 discovery conference.

Finally, we agree that the parties made significant progress discussing how Plaintiffs might respond to certain interrogatories and requests for production if the numerosity objection were resolved such that all of Defendants' requests were considered to have been legitimately propounded. Thus, when you state in your letter that Plaintiffs agreed to answer a specific request, that statement is subject to this limitation. Still, we must clarify some of the additional points you seek to memorialize and do so in the following sections.

## II.     INTERROGATORIES

As an initial matter, Plaintiffs objected to Defendants' use of the defined term IDENTIFY given that Defendants' definition of the term could not apply as the term was used in numerous interrogatories. You clarified that in such cases IDENTIFY should have its "ordinary meaning," which you further clarified meant "to list." With respect to the individual interrogatories, we must clarify the following points:

Interrogatory No. 2: We would like to clarify that we requested additional specificity as to what information in a chart or in business records would suffice so as to avoid any future dispute. Because you could not provide further specificity at the time, we stated we would respond and have to revisit the issue later if Defendants still had concerns.

Interrogatory No. 5: The parties agreed that this interrogatory would be limited to communications for those domain names at issue in this action and that the production of responsive business records would suffice.

Interrogatory No. 6: You clarified that the use of the undefined term WHOISGUARD was a typo and referred to WhoisGuard and further clarified that "investigation and due diligence" referred to steps taken before contacting Defendants, such as checking whether the domain name were suspended. We explained that much of this information may be privileged, and you ultimately stated, "Let's put this one aside for now." We take it from your letter that you believe the parties are now at an impasse.

---

[1] We also note that we raised the issue that Judge Snow only allows twenty-five requests for production and interrogatories **per side**, meaning that, even under Defendants' own perspective, they would have propounded seventy-five of each type of request. Defendants did not engage on this issue.

Brianna Dahlberg, Esq.
August 2, 2021
Page 3

Interrogatory No. 7: We would just like to clarify that the parties agreed a chart or a list would be acceptable as a response.

Interrogatory Nos. 8-9: We would like to clarify that Defendants narrowed these requests only to involve the marks at issue in this action.

Interrogatory No. 13: Defendants clarified that "user" has the same meaning as it does when used in the First Amended Complaint.

Interrogatory No. 17: We agree that Plaintiffs stated they would provide representative samples in the form of screenshots or other documentation as appropriate.

### III.    REQUESTS FOR PRODUCTION

Contrary to your assertions, Plaintiffs have not refused to meet and confer concerning ESI search terms as a delay tactic. Plaintiffs are cognizant of their discovery obligations, including those imposed by the ESI Order in this action. However, because WhoisGuard has served far more than twenty-five requests for production, it would be a violation of the spirit and purpose of Rule 1 for Plaintiffs to meet and confer concerning search terms for document requests to which no response is required. Further, while the parties did discuss temporal limitations for certain requests during the July 23 conference, search terms and strings, including wildcards and the like, were not discussed. For Defendants to state that the parties met and conferred concerning ESI search terms is disingenuous at best. If Defendants wish to select the twenty-five requests for production that they intend to propound, Plaintiffs will meet and confer concerning appropriate ESI search terms for those twenty-five requests.

Next, your parsing of the ESI Order to put the onus on Plaintiffs to meet and confer does not comport with the language of the order, which states "they [the parties] will meet and confer . . . ."

Further, we clarified that we were not limiting any of the stated objections during our conversation. Thus to the extent your letter fails to mention a stated objection where Plaintiffs have indicated they will not produce documents, Plaintiffs stand by all such objections.

With respect to the actual discovery requests discussed, we must clarify the following points:

Request for Production No. 2: The parties agreed to limit documents to those created in the last three years, as you state, but they further expressly agreed to remove the portion of the request concerning MARKS. We further agreed to limit this request such that only non-privileged, relevant documents would be produced. Further in agreeing to produce communications with third parties, Plaintiffs and Defendants expressly agreed that such language would replace the "Namecheap's customers" language in the request given that the list of Namecheap's customers is within Defendants possession.

Request for Production No. 6: We would just like to clarify that the parties agreed that the response to Interrogatory No. 2 would moot this request.

Request for Production No. 7: We must clarify the parties further agreed that Plaintiff would not produce "all documents" in response to this request.

Request for Production No. 11: We must note that, in addition to the objections for which we reached an impasse, we also observed that Defendants' proposed revision to this request would constitute an entirely new request that should be separately propounded.

Request for Production No. 12: We must clarify that we did not state counsel would "cherry pick" the examples that may be provided and that a sample was offered only as a concession because Plaintiffs contend that, contrary to Defendants, these documents are not relevant to any purported unclean hands defense. Further, we observed that the reason documents would be voluminous was that the request was so broadly worded that it would encompass communications with Plaintiffs' billions of users that even tangentially touched on the topics listed in the request.

Requests for Production Nos. 15-16: We should also clarify that, in addition to the objections you list in your letter, these requests are harassing and oppressive, as stated in Plaintiffs' responses.

Request for Production No. 18: Plaintiffs stated they would produce documents within reason instead of "all documents."

Request for Production No. 20: To clarify, as with Plaintiffs' other privilege objections, Plaintiffs are limiting that objection to privileged information, though we do contend this request appears targeted at such information.

If you disagree with any of the clarifications in this letter, please let us know promptly.

Sincerely,

TUCKER ELLIS LLP

David J. Steele

cc:    All counsel of record (email only)