# Exhibit 13

| | |
|---|---|
| From: | JongSuk |
| Sent: | Tuesday, October 16, 2018 7:28 PM PDT |
| To: | whoisrequest@rr-facebook.com |
| Subject: | FW: [#ONU-243-53212]: IMPORTANT: Trademark notice about uninstagrammable.com |
| Attachments: | TM Notice.txt |

Dear facebook team,

Write to you to resolve the attached matter.
I have registered the domain without being aware of the trademark issue (is instagram/facebook owning 'uninstagrammablel?') and it was available on namecheap.com.
I have not linked anything to the domain nor made it online yet, so please let me know what is the next step if my registration is not valid.

Best,
Jongsuk

-----Original Message-----
From: "Namecheap Legal & Abuse Team"<abuse@namecheap.com>
To: <milkroad@naver.com>;
Cc:
Sent: 2018-10-17 (수) 11:12:03
Subject: [#ONU-243-53212]: IMPORTANT: Trademark notice about uninstagrammable.com

Hello,

We are in receipt of a complaint regarding a probable trademark infringement about the uninstagrammable.com domain, of which you are the registered owner. As a valued customer and the registered owner of the domain, and per Namecheap Registration Agreement and WhoisGuard Service Agreement, we are forwarding the above-mentioned email to you so that you can address this matter. We cannot advise you as to what action to take, but we strongly urge you to review the attached .txt document and recommend contacting the complainant using the email address whoisrequest@rr-facebook.com to resolve this matter.
------------------------
Regards,
Vadim Fomenko
Legal & Abuse Department
Namecheap, Inc.
------------------------
Regards,
Vadim Fomenko
Legal & Abuse Department
Namecheap, Inc.

Ticket Details

Ticket ID: ONU-243-53212
Department: Domains -- Legal and Abuse
Type: Issue
Status: Awaiting Client Response
Priority: High

Helpdesk: https://support.namecheap.com/index.php?

| | |
|---|---|
| **From:** | James Johnston |
| **Sent:** | Thursday, July 29, 2021 6:18 AM PDT |
| **To:** | Legal@namecheap.com |
| **Subject:** | Locked Domain |

Hi
I got a notice from whatsapp legal

They want me to transfer the domain to them

I would like to do this

BUT since my domain has been locked  I cant do anything with it

Anyway here is what they sent me and I wish to comply with tier request :
James Johnston



brandprotection@mm-whatsapp.com via registrar-servers.com

Wed, Jun 30, 6:02 PM

to 48946a76045746f69fc622c185b2c927.protect
To Whom It May Concern,

We are writing concerning your registration and use of the domain name bestwhatsappimages.com, which contains the WhatsApp trademark.

You are undoubtedly familiar with WhatsApp, which offers simple, secure, reliable messaging available on phones all over the world.  WhatsApp owns exclusive rights to the WHATSAPP trademark, including rights secured through common law use and registration in the United States (Reg. Nos. 3,939,463 and 4,083,272) and internationally. WhatsApp is a global leader in messaging services for mobile devices, with over 2 billion people in over 180 countries now using WhatsApp to stay in touch with friends and family via free messages and calling, anytime and anywhere.

We have recently discovered that you registered the domain name bestwhatsappimages.com, which incorporates the famous WHATSAPP mark. WhatsApp has an obligation to its users and the public to police against the registration and use of domain names that may cause consumer confusion as to affiliation with or sponsorship by WhatsApp, dilute the distinctiveness of its WHATSAPP mark, or otherwise tarnish the mark. Accordingly, in addition to civil actions, WhatsApp and its parent Facebook have filed numerous proceedings pursuant to ICANN'S Uniform Domain-Name Dispute-Resolution Policy (http://www.icann.org/en/help/dndr/udrp) to secure the transfer of infringing domain names. Moreover, the Anticybersquatting Consumer Protection Act provides for serious penalties (up to $100,000 per domain name) against persons

CONFIDENTIAL

who, without authorization, use, sell, or offer for sale a domain name that infringes another's trademark.

While WhatsApp respects your right of expression and your desire to conduct business on the Internet, WhatsApp must take action to stop the misuse of its intellectual property. As you can imagine, various third parties around the world have attempted to wrongfully capitalize on WhatsApp's reputation by registering domain names that include or are derived from the WHATSAPP brand. Such names are confusingly similar to, dilutive of, and can tarnish the WHATSAPP mark.

We understand that you may have registered bestwhatsappimages.com without full knowledge of the law in this area. However, WhatsApp is concerned about your use of the WhatsApp trademark in your domain name. For these reasons, and to avoid consumer confusion, WhatsApp must insist that you immediately stop using bestwhatsappimages.com, disable the content on the site, and transfer the domain name to WhatsApp within 7 business days. You should not sell, offer to sell, or transfer the domain name to a third party.

Please confirm in writing that you will agree to resolve this matter as requested. If we do not receive confirmation from you that you will comply with our request, we will have no choice but to pursue all available remedies against you.

Sincerely,

IP & DNS Enforcement Group
WhatsApp LLC
brandprotection@mm-whatsapp.com

| | |
|---|---|
| **From:** | Eugene Rome |
| **Sent:** | Friday, May 14, 2021 1:39 PM PDT |
| **To:** | Brennan Walter; Brianna Dahlberg; Sridavi Ganesan |
| **CC:** | Jenn Suarez; Hillan Klein |
| **Subject:** | RE: Domain Name Reinstatement |
| **Attachments:** | image001.png |

Attorney Client

**From:** Brennan Walter [mailto:brennan.walter@namecheap.com]
**Sent:** Monday, May 10, 2021 1:20 PM
**To:** Eugene Rome; Brianna Dahlberg; Sridavi Ganesan
**Cc:** Jenn Suarez; Hillan Klein
**Subject:** Fwd: Domain Name Reinstatement

Attorney Client

Attorney Client

-------- Forwarded Message --------
**Subject:** Re: Domain Name Reinstatement
**Date:** Mon, 10 May 2021 11:52:00 -0500
**From:** Joe Scot Schroeder <joescotschroeder@gmail.com>
**To:** Legal@namecheap.com <legal@namecheap.com>

Dear Namecheap Legal Department,

I first want to apologize for any inconvenience, legal or otherwise, that I may have caused. My intention was simply to register the www.theinstagramjam.com domain name and apply it to my website which includes news, education, stories, developments, and so on about Instagram.

Second, my intention was never to use the domain name for abusive purposes or to bring harm in ANY manner to Instagram or Facebook. In fact, I would think that Facebook would gladly welcome any free recognition or advertisement for Instagram. As a side note: Facebook has not banned or mentioned ANY violation for my "The Instagram Jam" page on their website. In fact, they send me frequent notices to PROMOTE the page!

Third, in light of the above mentioned, I don't think that I have or am infringing on any rights belonging to Facebook. So, I humbly ask that the domain be removed from the lawsuit and be reinstated for my use. (As supporting evidence, please refer to an excerpt from Nolo.com: Statutory Exception Within Trademark Infringement Law that I have included below.)

Fourth and finally, similar domains such as www.theinstagramjam.net and www.theinstagramjam.org  still exist on your website. I guess I could these domain names, however, I don't want to end up in a similar legal situation in the future. My advice is that you remove them from your registry so as to avoid the same.

If you wish for greater clarity regarding what I've mentioned or further thoughts on this matter, please do not hesitate to contact me. I can be reached directly at (615) 522-1053.

Thank you for your attention.

Best Regards,

Joe Scot Schroeder

## Nolo.com

## Statutory Exception Within Trademark Infringement Law

The [Lanham Act](#) is the statute that largely controls federal trademark law. One provision of the law allows for certain uses of trademarks. Under [15 U.S.C. § 1115(b)(4)](#), one can assert a number of defenses against a claim of trademark infringement.

These include situations where "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin...."

In other words, the use of a trademark does not necessarily qualify as an infringement if the user is not actually using the trademark as a mark. When would you not be using a trademark as a mark?

Consider a scenario in which you are writing an article about Apple. Your reference to "Apple" in the headline and body of the article uses the trademark, but you are not using the trademark for the sake of selling or identifying computers. Rather, you are using the trademark for non-mark purposes—in this case, for commentary or news reporting.

## Informational Uses of a Trademark Are Permissible

Informational (or "editorial") uses of a trademark do not require permission from its owner. These are uses that inform, educate, or express opinions protected under the First Amendment of the United States Constitution—freedom of speech and of the press.

For example, permission is not required to use the Chevrolet logo in an article describing Chevrolet trucks, even if the article is critical of the company. You could (obviously) use the word mark "Chevrolet" as well as the famous golden "plus sign" logo mark. This would be true whether you were publishing a news article or an article in an academic journal.

CONFIDENTIAL
NC_005864

Similarly, if you were making a documentary film on the history of American trucks, you would not need permission to include the Chevrolet logo. However, the use of the logo must have some relevance to the work. For example, it would not be wise to publish an article critical of overseas auto manufacturing practices and include the Chevrolet logo unless Chevrolet was, in fact, mentioned in the article.

Finally, you are also permitted to use trademarks for purposes of parody or commentary. For example, if you were writing a skit about how young people are always on their phones, you could glue the Samsung logo onto the actors' prop phones without fearing a claim of trademark infringement.

On Mon, Apr 26, 2021 at 7:29 AM Legal@namecheap.com <legal@namecheap.com> wrote:

Dear Mr. Schroeder,

Thank you for reaching out to us regarding your domain. Unfortunately, Namecheap was legally required to lock your domain (along with others) due to allegations from Facebook, who alleges that you and others are using the domain(s) for abusive purposes. In addition, we were required to put these domains in the custody of the court. This was not an action that we wished nor wanted to take. It was forced upon us by Facebook and allegations it made about the domain(s) in a pending suit it brought against Namecheap.

If you believe your use of the domain is non-infringing or that it was included in the lawsuit by mistake, we will forward any information or evidence you provide us along to Facebook's lawyers to see if it will agree to remove your domain from the lawsuit.

If you would like to challenge Facebook's allegations and the corresponding domain lock in Court, you or your attorney may make an appearance in the lawsuit, Facebook, Inc. et al. v. Namecheap, Inc. et al., Case No. 2:20-cv-00470-GMS, which is pending in the U.S. District Court for the District of Arizona.

We apologize for the inconvenience and thank you for your trust in us.

Thank you,

```
Namecheap Legal. Namecheap, Inc. E: legal@namecheap.com, W: namecheap.com
```
On 4/24/2021 3:45 PM, Joe Scot Schroeder wrote:

> Hello,

CONFIDENTIAL
NC_005865

How can my former domain name, [www.theinstagramjam.com](www.theinstagramjam.com), be reinstated and reowned by me?

Thank you,
Joe Schroeder

CONFIDENTIAL NC_005866