EXHIBIT 1

SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070

TUCKER ELLIS LLP
David J. Steele – (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll – (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen – (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:   213-430-3400
Facsimile:   213-430-3409

Attorneys for Plaintiffs
Facebook, Inc., Instagram, LLC and
WhatsApp LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Facebook, Inc., et al., | Case No. CV-20-470-PHX-GMS |
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT NAMECHEAP, INC.** |
| v. | |
| Namecheap, Inc., et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIM. | |

Plaintiff and Counterclaim Defendant Facebook, Inc., and Plaintiffs Instagram, LLC, and WhatsApp LLC (collectively, "Plaintiffs") request that Defendant Namecheap, Inc., provide a written response and produce for inspection and copying each DOCUMENT and tangible thing in its possession, custody, or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs request that the DOCUMENTS and things be made available for inspection and copying at the offices of Tucker Ellis, LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071, or at another location mutually agreeable to the parties, within thirty days after the service of these requests.

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used the following definitions shall apply:

A. "DOCUMENT(S)" shall have the broadest possible meaning permissible by Rules 26 and 34(a)(1) of the Federal Rules of Civil Procedure, and shall include both documents or electronically stored information, including but not limited to writings, drawings, correspondence, communications, graphs, charts, photographs, contracts, spreadsheets, sound recordings, video recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

B. "NAMECHEAP", "YOU" or "YOUR" shall mean Defendant Namecheap, Inc., and includes any and all past and present domestic or foreign parent, subsidiary, division, department, sister or affiliate, partner or partnership, predecessor- or successor-in-interest, corporate subunit or other business entity (including joint ventures with other natural persons, corporations, partnerships, or other business entities), and shall further include present and former officials, executives, officers, directors, employees, managing agents, agents and/or all other persons or entities purporting to act on behalf of or in concert with, or who are subject to the direction or control of any of the foregoing, to the extent that they are or have been involved in any manner with the subject matter of the requests herein.

C. "WITHHELD FOR PRIVACY" shall mean Withheld for Privacy ehf,

-1-
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT NAMCHEAP, INC.
CV-20-470-PHX-GMS

Kalkofnsvegur 2, Reykjavik, Iceland, and includes any and all past and present domestic or foreign parent, subsidiary, division, department, sister or affiliate, partner or partnership, predecessor- or successor-in-interest, corporate subunit or other business entity (including joint ventures with other natural persons, corporations, partnerships, or other business entities), and shall further include present and former officials, executives, officers, directors, employees, managing agents, agents and/or all other persons or entities purporting to act on behalf of or in concert with, or who are subject to the direction or control of any of the foregoing, to the extent that they are or have been involved in any manner with the subject matter of the requests herein.

## INSTRUCTIONS

The following instructions apply to the discovery requests below and should be considered as part of each such request:

1. NAMECHEAP shall produce requested DOCUMENTS stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

2. As required by Rule 34(b) of the Federal Rules of Civil Procedure, all requested DOCUMENTS shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request.

3. For those produced DOCUMENTS that require other DOCUMENTS to render the produced DOCUMENTS either comprehensible or not misleading, produce all such other DOCUMENTS.

4. If NAMECHEAP withholds from production any of the requested DOCUMENTS or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the DOCUMENTS and things withheld.

    a) the name and title or capacity of its author or originator;

    b) the name and title of capacity of every person who received it;

    c) the relationship between the author or originator and each person who received

        the withheld DOCUMENT or thing;

    d) whether the primary purpose of the withheld DOCUMENT or thing or any underlying communication was to seek or provide legal advice or services;

    e) the date of the withheld DOCUMENT or things;

    f) each subject matter addressed in it;

    g) whether the withheld DOCUMENT or thing was transmitted in confidence; and

    h) all privileges or other objections asserted as to the withheld DOCUMENT or thing.

5. Unless NAMECHEAP claims that the entirety of a DOCUMENT is privileged or protected from discovery by an immunity or the work product doctrine, NAMECHEAP shall produce the portions of the DOCUMENT that it does not claim are privileged or protected from discovery by an immunity or the work product doctrine and log the redactions in accordance with the provisions of paragraph 4 above.

6. All DOCUMENTS requested are to be produced in the same file or other organizational environment in which they are maintained. For example a DOCUMENT that is part of a file, docket, or other grouping, should be physically produced together with all other DOCUMENTS from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each DOCUMENT and thing produced in response hereto, identify the request for production in response to which the DOCUMENT or thing is being produced.

7. Electronic DOCUMENTS produced pursuant to these Requests are to be produced in their native electronic format.

8. These requests seek all responsive DOCUMENTS in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for such DOCUMENTS.

9. If NAMECHEAP objects to any subpart or portion of a request for production or objects to providing certain information requested, NAMECHEAP shall state the objection and supply the unobjectionable information requested.

10. If any of the following requests for information cannot be responded to in full and after exercising reasonable diligence to secure the information, NAMECHEAP shall so state, supply the information for those portions it is able to, and supply whatever information it has concerning the portion of the request that cannot be answered in full. If NAMECHEAP's response is qualified in any particular respect, set forth the details of such qualification.

11. No request for a particular item or category should be construed as a limitation on any other part of this request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS regarding YOUR relationship with WITHHELD FOR PRIVACY, including but not limited to all contracts, service agreements and/or other documents reflecting the specifics of the relationship.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS regarding your research and due diligence in selecting WITHHELD FOR PRIVACY as part of YOUR "having scoured the globe for a domain privacy service that matches" YOUR needs.

DATED: October 1, 2021

TUCKER ELLIS LLP

By: /s/David J. Steele
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

SNELL & WILMER L.L.P.
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Attorneys for Plaintiffs,
Facebook, Inc., Instagram, LLC,
and WhatsApp LLC

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing document upon Defendants' counsel of record on October 1, 2021, via email, as follows:

Eugene Rome <erome@romeandassociates.com>;

Brianna Dahlberg <BDahlberg@romeandassociates.com>;

Sridavi Ganesan <sganesan@romeandassociates.com>;

Ray Harris <rharris@fennemorelaw.com>;

Mario Vasta <mvasta@fennemorelaw.com>

*Steven E. Lauridsen*
Steven E. Lauridsen