# EXHIBIT 2

**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:     310-282-0690
Facsimile:      310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
rharris@fclaw.com
mvasta@fclaw.com

Attorneys for Defendants and Counterclaimants
Namecheap, Inc. and WhoisGuard, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Facebook, Inc., a Delaware corporation; Instagram, LLC, a Delaware limited liability company; and WhatsApp Inc., a Delaware corporation,<br><br>           Plaintiffs,<br>     v.<br>Namecheap, Inc., a Delaware corporation; and WhoisGuard, Inc., a Republic of Panama corporation,<br><br>           Defendants.<br><br>And related Counterclaims. | CASE NO. 2:20-cv-00470-GMS<br><br>**NAMECHEAP, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION AND THINGS** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Plaintiff and Counterclaim Defendant Facebook, Inc. and Plaintiffs Instagram, LLC and WhatsApp LLC (collectively, "Plaintiffs" or "Propounding Parties") |
| **RESPONDING PARTY:** | Defendant and Counterclaimant Namecheap, Inc. ("Namecheap" or "Responding Party") |
| **SET NUMBER:** | ONE (1-2) |

## GENERAL OBJECTIONS

1. Responding Party states that it has conducted, and continues to conduct, a diligent search, reasonable in scope, of those files in its possession, custody, or control that it believes to be most likely to contain documents responsive to the requests. It has not, however, undertaken to search or review each and every file and record in its possession, custody, or control, because to do so would be unduly burdensome and expensive. To the extent these requests purport to require Responding Party to do more than the foregoing or seek information beyond what is available, Responding Party objects to the requests.

2. Responding Party objects to these requests, and to each and every request contained therein, to the extent that they attempt or purport to impose obligations that exceed or are inconsistent with those set forth in the Federal Rules of Civil Procedure, the local rules of this Court, this Court's Orders, and/or the parties' stipulations.

3. Responding Party generally objects to these requests, and to each and every request contained therein, to the extent that they are unduly burdensome and oppressive, of little or no benefit to the propounding party, and propounded for purposes of harassment.

4. Responding Party objects to these requests, and to each and every request contained therein, to the extent that they purport to require the disclosure of information, documents or communications protected by the attorney-client privilege,

the attorney work product doctrine, or any other applicable privilege. Without waiving this objection, Responding Party will respond to each Request without disclosure of protected information, documents, or communications.

5. Responding Party objects to these requests, and to each and every request contained therein, to the extent they seek confidential or proprietary trade secret and/or competitively sensitive information. Responding Party will produce responsive documents containing such information only pursuant to the protective order entered by the Court appropriately limiting the control, use and disposition of such information.

6. Responding Party objects to each and every one of the requests as overly broad and unduly burdensome to the extent they seek information where the burden of disclosure outweighs any marginal relevance, and any responsive documents would be neither relevant to any party's claim or defense, nor proportional to the needs of the case.

7. Responding Party expressly reserves the right to make any and all evidentiary objections to the requests and any information contained in the following responses if such information is offered at trial or at any other proceeding in this action.

8. Responding Party objects to each and every one of the requests to the extent they are unreasonably cumulative or duplicative.

9. Responding Party objects to each and every one of the requests to the extent they fail to describe the documents or things sought with a reasonable degree of specificity.

10. Responding Party objects to each and every one of the requests to the extent they seek the opinions of experts and consultants, and to the extent they seek to exceed or accelerate the expert disclosure requirements of Federal Rule of Civil Procedure 26. Responding Party will produce its expert report(s) in accordance with the schedule ordered by the Court.

11. These General Objections are incorporated by reference into each of the Responses set forth below.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS regarding YOUR relationship with WITHHELD FOR PRIVACY, including but not limited to all contracts, service agreements and/or other documents reflecting the specifics of the relationship.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to this Request on the grounds that "DOCUMENTS regarding YOUR relationship with WITHHELF FOR PRIVACY, including but not limited to all . . . other documents reflecting the specifics of the relationship" is vague and ambiguous, overbroad, and fails to describe with reasonable particularity the documents sought as required by Rule 34(b)(1)(A). Responding Party further objects to this Request on the grounds that the responsive documents are be neither relevant to any party's claim or defense, nor proportional to the needs of the case. Responding Party further objects to this request to the extent it requests documents that contain extremely sensitive confidential or proprietary information of Responding Party and/or third parties. Responding Party will only produce such information pursuant to the protections of the Stipulated Protective Order. Responding Party further objects to the definitions of "NAMECHEAP/YOU/YOUR" and "WITHHELD FOR PRIVACY" on the grounds that they are overly broad and burdensome and vague and ambiguous as to the various entities and other parties encompassed within the respective definitions. Namecheap responds for itself only, regarding its own relationship with Withheld for Privacy ehf. Responding Party further objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other applicable privilege. Responding Party will not produce privileged information. Responding Party further objects to Propounding Parties' demand for a privilege log and demands regarding the form of the production to the extent that they exceed or are inconsistent with the Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation ("ESI Order," Doc. 92). Consistent with the terms of the ESI Order, Responding Party will not log privileged

communications involving inside or outside counsel for the parties that post-date the filing of the complaint. Pursuant to Section 6 of the ESI Order, Responding Party will produce responsive documents in the format described in Appendix 1 to the ESI Order or in another reasonably usable form that will enable the receiving party to have the same ability to access, search, and display the ESI.

Subject to and without waiving its objections, Responding Party will produce the Service Agreement between Namecheap and Withheld for Privacy ehf with an "Attorneys Eyes Only" designation pursuant to the Stipulated Protective Order, along with other public documents reflecting the specifics of the relationship between Namecheap and Withheld for Privacy ehf. Responding Party will produce the documents concurrently with the service of these Responses.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS regarding your research and due diligence in selecting WITHHELD FOR PRIVACY as part of YOUR "having scoured the globe for a domain privacy service that matches" YOUR needs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this Request on the grounds that "DOCUMENTS regarding your research and due diligence in selecting WITHHELD FOR PRIVACY as part of YOUR 'having scoured the globe for a domain privacy service that matches' YOUR needs," is vague and ambiguous, overbroad, and fails to describe with reasonable particularity the documents sought as required by Rule 34(b)(1)(A). Responding Party further objects to this Request on the grounds that the responsive documents are be neither relevant to any party's claim or defense, nor proportional to the needs of the case. Responding Party further objects to this request to the extent it requests documents that contain confidential or otherwise proprietary information of Responding Party and/or third parties. Responding Party further objects to the definitions of "NAMECHEAP/YOU/YOUR" and "WITHHELD FOR PRIVACY" on the grounds that they are overly broad and burdensome and vague and ambiguous as to the various entities

and other parties encompassed within the respective definitions. Responding Party further objects to this Request on the grounds that it calls for information protected by the attorney-client privilege and/or the work product doctrine. Responding Party will not produce privileged information. Responding Party further objects to Propounding Party's demand for a privilege log and demands regarding the form of the production to the extent that they are inconsistent with the ESI Order. Consistent with the terms of the ESI Order, Responding Party will not log privileged communications involving inside or outside counsel that post-date the filing of the complaint.

Subject to and without waiving its objections, Responding Party states that after conducting a good faith, reasonable and diligent search, it has located no non-privileged documents that are responsive to this Request.

Dated: November 1, 2021                **ROME & ASSOCIATES, A.P.C.**

By:     */s/ Brianna Dahlberg*
Eugene Rome
Sridavi Ganesan
Brianna Dahlberg
Attorneys for Defendants and
Counterclaimants Namecheap, Inc. and
WhoisGuard, Inc.

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing document upon Plaintiffs' counsel of record on November 1, 2021 via email, as follows:

David J. Steele, david.steele@tuckerellis.com
Howard A. Kroll, howard.kroll@tuckerellis.com
Steven E. Lauridsen, steven.lauridsen@tuckerellis.com
Helena M. Guye, helena.guye@tuckerellis.com
Jeffrey C. Sindelar, Jeffrey.Sindelar@tuckerellis.com
David Baker, dbarker@swlaw.com
Jacob Jones, jcjones@swlaw.com

                                                  /s/Brianna Dahlberg
                                                    Brianna Dahlberg