**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:   310-282-0690
Facsimile:    310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
rharris@fennemorelaw.com
mvasta@fennemorelaw.com

Attorneys for Defendants and Counterclaimants
Namecheap, Inc. and WhoisGuard, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Meta Platforms, Inc., et al.,<br>　　　　Plaintiffs,<br>　v.<br><br>WhoisGuard, Inc., et al.,<br>　　　　Defendants.<br><br>WhoisGuard, Inc., et al.,<br>　　　　Counterclaimants,<br>　v.<br><br>Meta Platforms, Inc.,<br>　　　　Counterclaim Defendant. | CASE NO. 2:20-cv-00470-GMS<br><br>**DECLARATION OF BRIANNA DAHLBERG IN SUPPORT OF DEFENDANTS' BRIEF RE: PLAINTIFFS' REQUESTS FOR ADDITIONAL DOMAIN NAME DATA AND PAYMENT INFORMATION** |

**DECLARATION OF BRIANNA DAHLBERG**

I, Brianna Dahlberg, hereby declare:

1. I am counsel of record of Defendants and Counterclaimants Namecheap, Inc. ("Namecheap") and WhoisGuard, Inc. ("WhoisGuard") (collectively, "Defendants") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration and if called upon to testify under oath, I could and would testify competently thereto.

2. I made this declaration in support of Defendants' Brief Re: Plaintiffs Meta Platforms, Inc. ("Facebook"), Instagram, LLC, and WhatsApp LLC's (collectively, "Plaintiffs") Requests for Additional Domain Name Data and Payment Information.

3. On September 21, 2021, the parties held a video conference call during which they discussed, among other issues, the scope of the parties' respective ESI searches and productions. During the call, Defendants' counsel agreed to run keyword searches for each of the disputed domain names listed in Plaintiffs' letters sent on August 27, 2021 and September 14, 2021. Together, these lists identify 1,241 disputed domain names. Plaintiffs' counsel also requested Defendants to produce additional information related to all other domain names registered by each customer, including domains that are *not* at issue in the litigation. Defendants' counsel explained that this would vastly dilate the scope of discovery but produce little information of value to the case.

4. On October 4, 2021, Namecheap served its initial production of ESI responsive to the MIDP Order, consisting of 12,725 pages/files.

5. On October 29, 2021, Plaintiffs' counsel David Steele sent a letter to Defendants' counsel asserting that Defendants' ESI production was deficient under the MIDP Order and requesting that certain additional categories of material be produced. A true and correct copy of this letter is attached as **Exhibit A** hereto.

6. On November 8, 2021, the parties held a meet-and-confer conference during which Plaintiffs' requests at issue were discussed, among other discovery issues. On the call, Defendants noted that they had already produced the customer contact information associated with each of the disputed domain names, and reiterated their objections to

producing information associated with domains that are not at issue in the case.

7. Plaintiffs then initiated a telephonic discovery conference in which they asked the Court to compel Defendants to produce the contested discovery, which was held on November 17, 2021.

8. Before Plaintiffs initiated this discovery dispute, both Defendants had already produced spreadsheets of the customers' contact information in response to Plaintiffs' reveal request letters, as well as in their respective MIDP productions. This includes documents produced with the following Bates numbers: WIG004946, WIG004944, WIG004945, WIG004941, WIG004949, WIG004940, WIG004947, WIG004948, WIG005760, WIG005692, WIG005755, WIG005754, NC_005507, NC_009122, NC_009124, NC_009126, NC_009121, NC_009128, NC_009123, NC_009125, NC_009127, and NC_005502.

I declare under the laws of the United States of America that the foregoing is true and correct.

Executed on December 8, 2021 in Los Angeles, California.

/s/ Brianna Dahlberg
Brianna Dahlberg

# Exhibit A

**Tucker Ellis** LLP        515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

Direct Dial 213.430.3360 | david.steele@tuckerellis.com

**Via email to:**
bdahlberg@romeandassociates.com

October 29, 2021

Brianna Dahlberg, Esq.
2029 Century Park East
Suite 450
Los Angeles, CA 90067

Re:   *Facebook v. Namecheap* – Deficiencies in Defendants MIDP Production
      Tucker Ellis Matter No. 015949-008

Dear Brianna:

    We write pursuant to General Order No. 17-08, ECF No. 7 (the "MIDP Order") regarding Defendants' deficient MIDP ESI production. Please let us know when you are available to meet and confer, preferably early next week, concerning the issues raised in this letter. During our September 21, 2021 conference of counsel, we discussed a number of issues, including Plaintiffs' position concerning what particular ESI Defendants needed to search. Notwithstanding this discussion, Namecheap's October 4, 2021 MIDP production and Whoisguard's prior productions remain woefully deficient. Although there are a number of issues we must discuss, this letter is directed only to certain deficiencies that require urgent attention as the information sought will likely result in additional discovery.

    Pursuant to the MIDP Order, Defendants must provide "information as to facts relevant to the claims and defenses in the case, whether favorable or unfavorable, and regardless of whether they intend to use the information in presenting their claims or defenses." MIDP Order ¶ A.4. This duty is ongoing. *Id.* ¶ A.8. This duty encompasses the production of relevant Electronically Stored Information ("ESI"). *Id.* ¶¶ B.3 & C.2.

    As we previously explained, Defendants must produce certain customer data relevant to this lawsuit. For instance, for each customer account associated with any of the domain names at issue in the case, we must insist that Defendants produce a list of all domain names associated with that customer account, together with all information for each of those domain names. Contrary to your assertions, this information is indisputably relevant to the cybersquatting claims in this case. *See* 15 U.S.C. § 1125(d)(1)(B)(VIII) (listing as bad faith factor "registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks or others"). We must therefore request that you confirm that Defendants will withdraw any relevance objections and produce this information.

    In addition to providing a list of all domain names associated with each customer account, we ask that you provide payment information for each account. This will allow the parties to cross-reference the data to determine the identity of each customer and the full list of domain names for each customer account. For the same reason, we must request that Defendants provide

Tucker Ellis LLP

Brianna Dahlberg, Esq.
October 29, 2021
Page 2

all contact and account information provided by each customer, regardless of whether that information is the most recently provided information, as well as the account holder information and payment information.[1] This information is essential given that the data provided by Defendants in response to various reveal requests contain patently false contact information. As a result, the ability to cross-reference the data requested in this letter should yield more accurate customer information.

We must also request that Defendants supplement their MIDP ESI production to include all notices and complaints associated with each customer account identified (see above), or any domain name associated with the customer account (regardless of whether that domain name is at issue in the case), including all notices of infringement or UDRP complaints.

Please confirm that Defendants will produce this data, and please provide a date by which Defendants intend to make that production. Otherwise, please let us know when you are available this coming week to meet and confer regarding a motion to compel.

Sincerely,
TUCKER ELLIS LLP

David J. Steele

cc:   All counsel of record

DJS:sel

---

[1] If Defendants have any confidentiality concerns, those can be addressed with the appropriate designation under the protective order in this action.