SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Meta Platforms, Inc. (fka Facebook, Inc.),
Instagram, LLC, and WhatsApp LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Meta Platforms, Inc., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>Namecheap, Inc., et al.,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV-20-470-PHX-GMS<br><br>**DECLARATION OF NICHOLAS WONG IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE DISCOVERY [161]**<br><br>**(ORAL ARGUMENT REQUESTED)** |

I, Nicholas Wong, declare:

1. I am an eDiscovery and Litigation Case Manager in the Legal Department of Plaintiff Meta Platforms, Inc. (f/k/a Facebook, Inc.). I make this declaration based on my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2. I am the eDiscovery and Litigation Case Manager for Plaintiffs in this case.

3. To date, Plaintiffs have interviewed twenty internal custodians who possess potentially responsive documents and electronically stored information ("ESI"). When Plaintiffs' eDiscovery team and outside counsel interviewed potential custodians for this case, additional custodians that may possess potentially responsive documents and ESI were identified. Plaintiffs scheduled and interviewed each additional custodian that was identified.

4. Custodian interviews are conducted to help identify key custodians who may possess potentially responsive documents and ESI. Identifying key custodians helps to target potentially responsive documents and ESI and reduce overcollection. The final set of key custodians is an iterative process and cannot be finalized until all custodian interviews are substantially complete.

5. By conducting twenty custodian interviews in this case, Plaintiffs have identified twenty-nine key custodians to date, including some former employees. Data for the twenty-nine key custodians identified must be collected, filtered through various keyword searches, de-duplicated, and processed in accordance with the ESI Order in this case.

6. When handling a large number of custodians across numerous departments in a large organization, as is the case here, the process outlined in paragraph five is most efficient when the list of key custodians is finalized and all data from the list of key custodians has been collected in order to avoid performing the process numerous times.

7. Data for the currently known twenty-nine key custodians has been identified and is in the process of being collected. Out of the twenty-nine key custodians, the

Plaintiffs have identified priority custodians whose email data has been identified, collected, filtered through keyword searches, and de-duplicated. Email data for the prioritized key custodians is being uploaded to Plaintiffs' e-discovery vendor for processing in accordance with the ESI Order in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 10, 2021 in San Francisco, CA.

*(signature)*

NICHOLAS WONG