**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:   310-282-0690
Facsimile:    310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Ray K. Harris (No. 007408)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
rharris@fennemorelaw.com
mvasta@fennemorelaw.com

Attorneys for Defendants and Counterclaimants
Namecheap, Inc. and WhoisGuard, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Meta Platforms, Inc., et al.,<br>   Plaintiffs,<br> v.<br>WhoisGuard, Inc. et al.,<br>   Defendants.<br><br>WhoisGuard, Inc., et al.,<br>   Counterclaimants,<br> v.<br>Meta Platforms, Inc.,<br>   Counterclaim Defendant. | CASE NO. 2:20-cv-00470-GMS<br><br>**DECLARATION OF BRIANNA DAHLBERG IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF CONCERNING NAMECHEAP'S ASSERTION OF PRIVILEGE WITH RESPECT TO REQUEST FOR PRODUCTION NOS. 1-2 (DOC. 167)** |

## DECLARATION OF BRIANNA DAHLBERG

1. I, Brianna Dahlberg, am an attorney licensed to practice before this Court. I am counsel with the firm of Rome & Associates, A.P.C. and one of the attorneys for Defendants and Counterclaimants Namecheap, Inc. ("Namecheap") and WhoisGuard, Inc. ("WhoisGuard") (together, "Defendants") in the above-entitled action. I offer this Declaration in support of Defendants' Response to Plaintiffs' Brief Concerning Namecheap's Assertion of Privilege with Respect to Requests for Production Nos. 1-2. I am over the age of 18 and competent to testify in a court of law. I have personal knowledge of the matters set forth herein and if sworn as a witness, I would testify thereto under oath.

2. Attached hereto as **Exhibit 1** is a true and correct copy of a chain of emails with Plaintiffs' counsel, Steven Lauridsen, concerning Namecheap's production of documents related to Withheld for Privacy.

3. On November 23, 2021, the parties' counsel held a follow-up meet and confer video conference call. On the call, Namecheap's counsel agreed to produce further documents responsive to Plaintiffs' new requests within 30 days, with certain items that were simple to obtain, like proof of payments to WFP and corporate formation documents, to be produced sooner. For certain requests, Namecheap's counsel explained that responsive documents may not exist, but we agreed to search. For other requests seeking proprietary technical information unrelated to the issues in the case, such as Plaintiffs' request for production of a certain proprietary algorithm, we explained that they would work with our client to provide general information regarding the workflows of the systems.

4. On the November 23 call, Namecheap's counsel also asked Plaintiffs' counsel whether the need to submit the instant privilege dispute to the Court could be avoided if Namecheap would agree to provide a privilege log, notwithstanding the parties' prior stipulation that communications that post-date the filing of the complaint do not need to be logged. Plaintiffs' counsel stated that they would check with their clients and get back to us, but they never did. Instead, Plaintiffs proceeded to file their brief on December 1, 2021 without any further discussion on the issue.

5. A true and correct copy of Namecheap's privilege log for documents responsive to Plaintiffs' Requests for Production 1 and 2 is attached hereto as **Exhibit 2**. Namecheap served its privilege log on Plaintiffs' counsel in native excel format on December 15, 2021.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 15th day of December 2021 in Los Angeles, California.

s/Brianna Dahlberg<br>Brianna Dahlberg