1  SNELL & WILMER L.L.P.
   David G. Barker (#024657)
2  dbarker@swlaw.com
   Jacob C. Jones (#029971)
3  jcjones@swlaw.com
   One Arizona Center
4  400 E. Van Buren, Suite 1900
   Phoenix, Arizona 85004-2202
5  Telephone: 602.382.6000
   Facsimile: 602.382.6070
6
   TUCKER ELLIS LLP
7  David J. Steele (*pro hac vice*)
   david.steele@tuckerellis.com
8  Howard A. Kroll (*pro hac vice*)
   howard.kroll@tuckerellis.com
9  Steven E. Lauridsen (*pro hac vice*)
   steven.lauridsen@tuckerellis.com
10 515 South Flower Street
   Forty-Second Floor
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
13 Attorneys for Plaintiffs,
   Meta Platforms, Inc. (fka Facebook, Inc.),
14 Instagram, LLC, and WhatsApp LLC
15
16            IN THE UNITED STATES DISTRICT COURT
17            FOR THE DISTRICT OF ARIZONA
18 Meta Platforms, Inc., et al.,          Case No. CV-20-470-PHX-GMS

19              Plaintiffs,               **DECLARATION OF STEVEN E.
                                          LAURIDSEN IN SUPPORT OF
20        v.                              PLAINTIFFS' REPLY BRIEF
                                          CONCERNING NAMECHEAP'S
21 Namecheap, Inc., et al.,               ASSERTION OF PRIVILEGE WITH
                                          RESPECT TO REQUEST FOR
22              Defendants.               PRODUCTION NOS. 1-2 [158]**

23 AND RELATED COUNTERCLAIMS.

24        ,

25

26

27

28

*Sidebar (vertical):* TUCKER ELLIS LLP  Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

I, Steven E. Lauridsen, declare:

1.      I am an attorney at Tucker Ellis LLP, counsel of record for Plaintiffs in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2.      Following the initial telephonic hearing on this matter, my colleagues and I further met and conferred with Defendants' counsel concerning this dispute. Defendants requested that Plaintiffs agree to withdraw this dispute if Defendants agreed to furnish a privilege log at some unspecified time in the future after Plaintiffs' court-ordered briefing deadline had passed.

3.      While Defendants assert they have since produced some responsive documents, this production remains incomplete. To the best of my knowledge, Defendants produced proof of payment from Namecheap to Withheld for Privacy ehf for the last several months, but they have not provided proof of payment since the relationship began, which would be probative as to whether there truly is an arms-length relationship between the companies.

4.      Sufficient supplemental documents have not since been produced.

5.      Defendants assert that Plaintiffs stated they would get back to them and then never provided the courtesy of a response. ECF No. 174 at 1, n.2. This is false. My colleagues and I, as we have done many times over, provided Defendants' counsel with our position but also stated we would get back to them if further conversations with our clients changed our position at all.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on December 22, 2021 in Washoe, Nevada.


                                    /s/Steven E. Lauridsen

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis