SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Meta Platforms, Inc. (fka Facebook, Inc.),
Instagram, LLC, and WhatsApp LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Meta Platforms, Inc., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Namecheap, Inc., et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV-20-470-PHX-GMS<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF BRIEF RE: PLAINTIFFS' REQUESTS FOR ADDITIONAL DOMAIN NAME DATA AND PAYMENT INFORMATION (DOC. 178)** |

Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the concurrently lodged Sur-Reply to Defendants' Reply in Support of Brief re: Plaintiffs' Requests for Additional Domain Name Data and Payment Information (Doc. 178) in order to respond to new arguments, based on factual misrepresentations, improperly raised for the first time in Defendants' Reply.[1]

Most strikingly, Defendants mislead the Court by arguing that Plaintiffs have not made "allegations that Defendants selected or owned any of the disputed domain names" and that the *BelgiumDomains* and *Transamerica* cases are therefore "distinguishable because they involved registrars who were ***themselves*** alleged to have selected and owned the infringing domain names at issue." (Doc. 178 at 2:9–16 (internal citations omitted); *see also id.* at 3:20–21 (referencing "domains not at issue in this litigation that are registered by those customers").)

But—as Defendants are well aware and as this Court has previously recognized—Plaintiffs have alleged that Namecheap and Whoisguard ***did themselves register and own*** Infringing Domain Names. (FAC ¶¶ 13, 15–18, 110–16, Ex. 8 (Doc. 56–2 at 197) (Namecheap website on benefits of WHOIS protection, explaining the "only potential drawback of domain privacy comes down to ownership. Technically the domain name registrant owns the website (in the eyes of ICANN), not you. In most cases, this will never be an issue because it's unlikely that your registrar is going to steal your domain."); Order (Doc. 52) at 1:27–2:1, 5:7–8.) Indeed, Exhibit 8 to the FAC demonstrates that, prior to this lawsuit, Defendants readily admitted that they—not their customers—owned domain names utilizing the WhoisGuard service. (*Id.*) Thus, contrary to Defendants' arguments that these cases are distinguishable and this evidence is irrelevant, domain name registrant and ownership status evidence is directly relevant to Defendants' liability. Defendants' own status as a registrant goes to their own bad faith, and because Defendants have agreed

---

[1] Through counsel, Plaintiffs have asked whether Defendants would object to Plaintiffs' seeking leave to file a sur-reply, and Defendants indicated that they would oppose Plaintiffs' request for leave.

1

to accept liability for the harm caused by the Infringing Domain Names under the terms of the Namecheap Registration Agreement, the bad faith of customers who registered multiple domain names that infringed on others' trademarks (and Defendants' knowledge thereof) is relevant to Defendants' liability under the Anticybersquatting Consumer Protection Act. The requested customer information, therefore, is clearly discoverable and should be produced.

Although the Civil Local Rules of this Court do not expressly contemplate sur-replies, courts have held that a sur-reply can be authorized in circumstances such as those present here:

> The Court has discretion to permit the filing of a sur-reply. In determining whether to allow a sur-reply, a "district court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted."

*Sebert v. Arizona Dep't of Corr.*, No. CV1600354PHXROSESW, 2016 WL 3456909, at *1 (D. Ariz. June 17, 2016) (quoting *Doe v. Exxon Mobil Corporation*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)).

Here, Defendants have raised misleading arguments for the first time in their Reply. Plaintiffs' proposed Sur-Reply aids the Court by pointing to portions of the voluminous record in this case identifying specifically why Defendants' new arguments are misleading. And there is no prejudice to Defendants in permitting Plaintiffs' proposed Sur-Reply because the Sur-Reply narrowly focuses on pointing out where Defendants mislead about the record without interjecting any additional or new arguments.

Accordingly, Plaintiffs respectfully request that the Court grant them leave to file the proposed Sur-Reply. A proposed order granting leave to file the Sur-Reply is attached.

DATED: January 12, 2022

SNELL & WILMER L.L.P.

By: /s/ David G. Barker
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

TUCKER ELLIS LLP
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

Attorneys for Plaintiffs,
Meta Platforms, Inc. (fka Facebook, Inc.),
Instagram, LLC, and WhatsApp LLC