**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (admitted pro hac vice)
Sridavi Ganesan (admitted pro hac vice)
Brianna Dahlberg (admitted pro hac vice)
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:    310-282-0690
Facsimile:     310-282-0691
erome@romeandassociates.com
sganesan@romeandassociates.com
bdahlberg@romeandassociates.com

**FENNEMORE CRAIG, P.C.**
Todd S. Kartchner (No. 021857)
Mario C. Vasta (No. 033254)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
tkartchner@fennemorelaw.com
mvasta@fennemorelaw.com

Attorneys for Defendants and Counterclaimants
Namecheap, Inc. and WhoisGuard, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Meta Platforms, Inc., et al., <br><br>                    Plaintiffs, <br><br>        v. <br><br> Namecheap, Inc., et al., <br><br>                    Defendants. <br><br> AND RELATED COUNTERCLAIMS. | CASE NO. 2:20-cv-00470-GMS <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY RE: PLAINTIFFS' REQUESTS FOR ADDITIONAL DOMAIN NAME DATA AND PAYMENT INFORMATION** |

Defendants and Counterclaimants Namecheap, Inc. ("Namecheap") and WhoisGuard, Inc. ("WhoisGuard") (together, "Defendants") hereby submit their Opposition to Plaintiff and Counterclaim Defendant Meta Platforms, Inc. ("Facebook") and Plaintiffs Instagram, LLC and WhatsApp LLC's (collectively, "Plaintiffs") Motion for Leave to File a Sur-Reply to Defendants' Reply in Support of Brief Re: Plaintiffs' Requests for Additional Domain Name Data and Payment Information (Doc. 179, "Motion for Sur-reply").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs argue that they should be granted leave to file a sur-reply to respond to new arguments "based on factual misrepresentations" raised in Defendants' Reply. Contrary to Plaintiffs' arguments, Defendants did not make any factual misrepresentations or improperly raise any new arguments in their Reply. Their Reply was properly limited to rebuttal of arguments in Plaintiffs' Opposition. Thus, Plaintiffs' Motion for a Sur-reply should be denied.

### II. ARGUMENT

The Local Rules do not allow parties to file sur-replies. *See* LRCiv 7.2. "Sur-replies are highly disfavored and permitted only in extraordinary circumstances." *Fitzhugh v. Miller*, No. CV-19-04632-PHX-DWL, 2020 WL 1640495, at *9 (D. Ariz. April 2, 2020) (internal quotation marks and citation omitted). No such extraordinary circumstances exist here.

*First*, Plaintiffs have not identified any "new" arguments in Defendants' Reply. In their Reply, Defendants argued that the two Southern District of Florida cases cited by Plaintiffs in their Opposition, *Dell Inc. v. BelgiumDomains*, LLC, No. 07-22674-CIV, 2007 WL 6862342, (S.D. Fla. Nov. 21, 2007) and *Transamerica Corp. v. Moniker Online Services, LLC*, 672 F. Supp. 2d 1353, 1366 (S.D. Fla. 2009), are distinguishable from the instant case. Defendants' Reply did not improperly introduce any new issues or arguments, but merely responded to Plaintiffs' arguments in their Opposition by distinguishing the cases cited by Plaintiffs.

*Second*, Defendants did not "mislead" the Court or make any factually inaccurate

1

representations in their Reply, as Plaintiffs contend. Defendants noted that in this case, Plaintiffs do not allege that Defendants themselves selected or owned any of the disputed domain names. All of the disputed domain names were selected and purchased by ***Defendants' customers***, who presented their chosen names to Namecheap for registration. By contrast, in *BelgiumDomains*, the defendants *themselves* identified available domain names they believed would be profitable because they contained third parties' trademarks, and registered the disputed domains for their own use. 2007 WL 6862342, at *2, ¶ 18. In the *Transamerica* case, the court found that the defendant had "at least partial ownership" of the allegedly infringing domains. 672 F. Supp. 2d 1353, 1366 (S.D. Fla. 2009). Accordingly, the facts in those cases are distinguishable from the present case.

In their Motion for a Sur-Reply, Plaintiffs falsely suggest that they *have* alleged that Defendants themselves "selected" or "owned" the disputed domains in this case, but the paragraphs of the First Amended Complaint (Doc. 56, "FAC") they identify do not include any such allegations. Rather, Plaintiffs cite only to paragraphs in their FAC alleging that Defendants "registered" domains. For example, paragraph 13 of the FAC alleges that when the WhoisGuard's proxy service is utilized, WhoisGuard registers the domain name and licenses the domain back to the customer, who uses the domain.[1] Registering a domain name is not the same as "selecting" or "owning" the domain name, especially when a party registering the domain does so on behalf of a customer, acting in its capacity as a domain service provider. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 141 F. Supp. 2d 648, 650-51 (N.D. Tex. 2001) ("The word 'registers,' when considered in context, obviously refers to a person who presents a domain name for registration, not to the registrar.").

The fact that a Defendant's name is "listed as the registrant in the registrant name or

---

[1] Plaintiffs cite also to Exhibit 8 to the FAC, which they represent to be a page from Namecheap's website. Contrary to Plaintiffs' arguments, this Exhibit does not show that Defendants selected or owned the disputed domains, or that Defendants made any false statement in their Reply. Moreover, the statement that Plaintiffs quote from that Exhibit (that the domain name registrant, and not the customer, "technically" owns the website) is not accurate, either.

registrant organization field" (FAC ¶ 111) does not necessarily imply that Defendants selected or own the domain names, either. Again, Defendants' customers selected and owned the disputed domains in this case. Defendants claim no ownership interest in any of the disputed domains. *See* Docs. 133, 135 (Notices of Registrar's Certificates lodging domains with the Court).

Accordingly, there is nothing factually incorrect or improper about Defendants' Reply. Because Plaintiffs have failed to show that additional briefing is necessary or warranted, their Motion for Sur-Reply should be denied.

Dated: January 26, 2022                    **ROME & ASSOCIATES, A.P.C.**

By: *s/ Brianna Dahlberg*
Eugene Rome
Sridavi Ganesan
Brianna Dahlberg

And

**FENNEMORE CRAIG, P.C.**

Todd S. Kartchner
Mario C. Vasta

Attorneys for Defendants and Counterclaimants Namecheap, Inc. and WhoisGuard, Inc.