SNELL & WILMER L.L.P.
David G. Barker (#024657)
dbarker@swlaw.com
Jacob C. Jones (#029971)
jcjones@swlaw.com
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070

TUCKER ELLIS LLP
David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice*)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs,
Meta Platforms, Inc. (fka Facebook, Inc.),
Instagram, LLC and WhatsApp LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Meta Platforms, Inc., et al, <br><br> Plaintiffs, <br><br> v. <br><br> Namecheap, Inc., et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. CV-20-470-PHX-GMS <br><br> **PLAINTIFFS' UNOPPOSED MOTION TO TRANSFER DOMAIN NAMES TO PLAINTIFFS** |

Plaintiffs Meta Platforms, Inc. (fka Facebook, Inc.), Instagram, LLC, and WhatsApp LLC ("Plaintiffs") seek an order from this Court to transfer to Plaintiffs certain domain names at issue in this action and identified in Exhibit 1 to this motion pursuant to 15 U.S.C. § 1125(d), which grants the Court the power to transfer those domain names. *See* 15 U.S.C. § 1125(d)(1)(C) ("In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark."). Defendants Namecheap, Inc. and Whoisguard, Inc. ("Defendants") have stated that they do not oppose this motion, which is based on the following facts.

1. On January 15, 2021, Namecheap filed with this Court its Notice of Lodging of Registrar's Certificate and concurrently lodged a Registrar's Certificate purporting to place certain domain names "under the dominion and control of the Court until such time as Namecheap receives further instruction with regard to the Domain Names." ECF No. 71 ¶ 5 & Ex. A; *see also* 15 U.S.C. § 1125(d)(2)(D)(i)(I) (stating that, upon receipt of file-stamped complaint, the domain name registrar shall "expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court"). The January 15, 2021 Certificate of Lodging purported to place 1,150 domain names under the control and authority of this Court. *See* ECF No. 71-1.

2. On February 22, 2021, Namecheap filed its second Notice of Lodging of Registrar's Certificate and lodged its second Registrar's Certificate, which also purported to place additional domain names "under the dominion and control" of the Court. ECF No. 81 ¶ 5 & Ex. A. This second Registrar's Certificate listed 356 domain names. ECF No. 81-1.

3. Subsequently and pursuant to this Court's order (ECF No. 109 at 9), Namecheap filed on September 7, 2021 its Notice of Filing of Corrected Registrar's Certificate. ECF No. 133. Namecheap listed 996 domain names in its Corrected Registrar's Certificate. ECF No. 133-2.

4. Shortly thereafter on September 21, 2021, Namecheap filed its Notice of Filing of Supplemental Registrar's Certificate, which listed 245 additional domain names. ECF No. 135.

5. Each of the domain names to be transferred under the requested Order were lodged with the Court pursuant to the February 22, 2021 Corrected Registrar's Certificate or the September 7, 2021 Supplemental Registrar's Certificate, and are currently under the Court's dominion and control.

Now, pursuant to 15 U.S.C. § 1125(d)(1)(C), Plaintiffs seek an order from the Court to transfer to Plaintiffs the domain names listed on Exhibit 1 to this motion and which were lodged with the Court pursuant to the February 22, 2021 Corrected Registrar's Certificate and the September 7, 2021 Supplemental Registrar's Certificate. In particular, Plaintiffs request that the Court issue an order (1) directing Namecheap to take all necessary steps to transfer the domain names listed in Exhibit 1 to Plaintiffs, and (2) releasing from its control and authority all domain names at issue in the case, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i)(I).

Given the above facts and given that Defendants do not oppose this motion, Plaintiffs respectfully request that the Court grant this motion and enter the proposed order concurrently lodged with this motion.

| | |
|---|---|
| DATED: April 20, 2022 | SNELL & WILMER L.L.P. |
| | By: /s/David G. Barker |
| | David G. Barker |
| | Jacob C. Jones |
| | One Arizona Center |
| | 400 E. Van Buren, Suite 1900 |
| | Phoenix, Arizona 85004-2202 |
| | |
| | TUCKER ELLIS LLP |
| | David J. Steele |
| | Howard A. Kroll |
| | Steven E. Lauridsen |
| | 515 South Flower Street |
| | Forty-Second Floor |
| | Los Angeles, CA 90071-2223 |
| | |
| | Attorneys for Plaintiffs, |
| | Meta Platforms, Inc. (fka Facebook, Inc.), |
| | Instagram, LLC, and WhatsApp LLC |